## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| WCM INDUSTRIES, INC., a Colorado corporation, <br><br> Plaintiff, <br> v. <br><br> IPS CORPORATION, a Delaware corporation, AMERICAN BRASS & ALUMINUM FOUNDRY COMPANY, a California corporation, and JOHN DOE, an individual, <br><br> Defendants. | Civil Action No. <br><br> Jury Demanded |

## COMPLAINT

Plaintiff WCM Industries, Inc. ("WCM"), by and through its undersigned attorneys, for its Complaint against IPS Corporation ("IPS"), American Brass & Aluminum Foundry Company ("AB&A") and John Doe, sometimes collectively referred to as "Defendants," states as follows:

### PARTIES

1.      WCM is a Colorado corporation with its principal place of business at 2121 Waynoka Road, Colorado Springs, Colorado 80915.

2.      Upon information and belief, IPS is a Delaware corporation with its principal place of business at 455 W. Victoria St., Compton, California 95833. IPS is aware of WCM and competes against WCM in the United States.

3.      Upon information and belief, AB&A is a California corporation with its principal place of business at 500 Distribution Parkway, Collierville, Tennessee 38017.  AB&A, which

was recently acquired by IPS, is aware of WCM and has long competed against WCM in the United States.

4.      One or more John Doe defendants, whose identities are presently unknown, have assisted, induced, contributed or cooperated with IPS and/or AB&A to commit the acts complained of herein.

5.      Upon information and belief, although IPS acquired AB&A in August 2010, AB&A continues to do business as an independent subsidiary of IPS selling products in Tennessee and elsewhere in the United States as AB&A products.  Unless otherwise noted, the remainder of this complaint uses "AB&A" to refer to AB&A in the period preceding the acquisition and both IPS and AB&A in the period following the acquisition.

<u>**JURISDICTION AND VENUE**</u>

6.      This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101, *et seq.*

7.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

<u>**WCM'S LEGACY OF INNOVATION**</u>

9.      WCM incorporates herein by reference each and every allegation in paragraphs 1 through 8.

10.      WCM has long been recognized for manufacturing the finest plumbing products in the country. The company's rich and successful history began in 1929, when Joseph C. Woodford, Sr. opened the first location in Des Moines, Iowa. For three generations, the

Woodford family has built on the foundation that Joseph C. Woodford, Sr. built. Now encompassing both the Woodford and Watco brands, WCM continues to provide innovative and highly sought after fixtures, valves and fittings for use in residential and commercial buildings. Through its long history of innovation and development of best-in-class products, WCM has now become a leading supplier of plumbing fittings in the United States.

11.   After nine decades of improved engineering and manufacturing, as well as significant expenses made in research and development and innovation, WCM has acquired a portfolio of patents that stands apart from any other company in the field of bath drains and related fixtures. WCM has enjoyed a reputation of innovation among those familiar with the marketplace, due in part to the innovative nature and quality of the products WCM manufactures.

12.   WCM advertises its products in part by offering images and descriptions of its products in a print catalog that is distributed to distributors, customers, and potential customers throughout the United States. WCM also offers an electronic version of its catalog via its website, www.watcomfg.com.

13.   WCM has continued to expand and maintain its patent portfolio in part due to its strong belief in and support of the U.S. patent system's ability to spur innovation and progress, and in part to prevent knock-off artists and low-quality suppliers from unfairly enjoying the fruits of WCM's creativity and labor and causing confusion among consumers. Many of these knock-off artists import their products from less expensive and less reliable manufacturers located overseas.

14.   Through its divisions, WCM has applied for and been granted over 100 U.S. Patents on inventions ranging from wall hydrants to faucets to overflow valves. Over the last 20

years in particular, WCM has been granted a number of patents on its novel bath drains and related fixtures that have been commercialized and have resulted in highly successful products.

15.     One of WCM's inventions is covered by U.S. Patent No. 8,302,220 ("the '220 Patent"), entitled "Method and Apparatus for Assembling and Sealing Bathtub Overflow and Waste Water Ports," names inventor William T. Ball and was duly and legally issued on November 6, 2012.  A true and correct copy of the '220 Patent is attached hereto as Exhibit A.

16.     The application that became the '220 Patent was filed with the United States Patent and Trademark Office ("USPTO") on December 10, 2003 and published with the USPTO as U.S. Patent Application Publication 2004/0117907 on June 24, 2004. Upon information and belief, AB&A became aware of the '220 Patent upon its June 24, 2004 publication with the USPTO.

17.     Another of WCM's inventions is covered by U.S. Patent No. 8,166,584 ("the '584 Patent"), entitled "Overflow Assembly for Bathtubs and the Like," naming inventor William T. Ball.  The '584 Patent was duly and legally issued on May 1, 2012.  A true and correct copy of the '584 Patent is attached hereto as Exhibit B.

18.     The application that became the '584 Patent was filed with the USPTO on March 28, 2008 and was published by the USPTO as U.S. Patent Application Publication 2008/0235866 on October 2, 2008.  Upon information and belief, AB&A and IPS became aware of the '584 Patent as early as October 2, 2008.  AB&A had actual notice of the '584 Patent in August, 2010, and IPS had actual notice of the '584 Patent in October, 2010.

19.     U.S. Patent No. D636,468 ("the '468 Patent"), entitled "Flexible Bathtub Waste Pipe Assembly," naming inventor William T. Ball, was duly and legally issued on April 19, 2011.  A true and correct copy of the '468 Patent is attached hereto as Exhibit C.

20.     The application that became the '468 Patent was filed with the USPTO on April 27, 2010 and assigned Application No. 29/360,523 ("the '523 Application").  Upon information and belief, AB&A became aware of the '523 Patent upon its issuance.

21.     U.S. Patent No. D627,863 ("the '863 Patent"), entitled "Bathtub Overflow Pipe," naming inventor William T. Ball, was duly and legally issued on November 23, 2012.  A true and correct copy of the '863 Patent is attached hereto as Exhibit D.

22.     The application that became the '863 Patent was filed with the USPTO on May 22, 2010 and assigned Application No. 29/362,288 ("the '288 Application").  Upon information and belief, AB&A became aware of the '288 Patent upon its issuance.

23.     U.S. Patent No. D665,062 ("the '062 Patent"), entitled "Bathtub Overflow Pipe," naming inventor William T. Ball, was duly and legally issued on August 7, 2012.  A true and correct copy of the '062 Patent is attached hereto as Exhibit E.

24.     The application that became the '062 Patent was filed with the USPTO on November 5, 2010 and assigned Application No. 29/378,602 ("the '602 Application").  Upon information and belief, AB&A became aware of the '062 Patent upon its issuance.

25.     U.S. Patent No. 8,321,970 ("the '970 Patent"), entitled "Method and Associated Apparatus for Assembling and Testing a Plumbing System," naming inventor William T. Ball, was duly and legally issued on December 4, 2012.  A true and correct copy of the '970 Patent is attached hereto as Exhibit F.

26.     The application that became the '970 Patent was filed with the USPTO on September 15, 2011 and published with the USPTO as U.S. Patent Application Publication 2012/0005824 on January 12, 2012.  Upon information and belief, AB&A became aware of the '970 Patent upon its January 12, 2012 publication.

27.     By assignment, WCM owns all right, title and interest to the '220, '584, '468, '863, '062, and '970 Patents.

## AB&A CONSPIRES TO COPY WCM'S PRODUCTS

28.     IPS and AB&A are knock-off competitors who have copied WCM's products and imported such copies from overseas manufacturers to undercut WCM's prices and steal WCM's customers. For many years, WCM has lived with the added expense of having to compete with AB&A and its blatant copying, including by incurring the expense of litigation to enforce its patent rights. When IPS acquired AB&A, and just a few months after AB&A agreed to a Consent Judgment regarding one of its past acts of infringement, WCM naively believed that these expenses and hardships were over. As demonstrated in the following paragraphs, WCM was wrong to believe that there would be any less copying under IPS' watch.

29.     Upon information and belief, AB&A has imported into the United States one or more fittings that interface with "overflow assemblies."  Manufacturers and plumbers use the term "overflow assemblies" to refer to the fittings and pipes used in overflow outlets commonly found in bathtubs, such as the fittings and pipes shown in Exhibits G and H.  Overflow assemblies are an essential plumbing fixture in residential and many commercial buildings, as they interconnect to a waste water drain system and divert water that reaches the overflow outlet from the bathtub to the waste water drain system, thereby reducing or eliminating overflows and

the damage resulting therefrom. Various aspects of WCM's novel overflow assembly are covered by multiple WCM patents.

30.     AB&A has been offering to sell and selling, in the United States, one or more overflow assemblies as part of its "CLASSIC" bath waste and overflow product line.  The CLASSIC overflow assembly comprises an overflow fitting interconnected to pipes that connect a drain port of the bathtub with the waste water drain system, and includes all of the elements of the overflow assemblies covered by various WCM patents.  True and correct copies from the AB&A website showing examples of the infringing overflow products being manufactured, offered for sale, and/or sold by AB&A are also included in Exhibits G and H.

31.     AB&A did not stop at copying WCM's overflow assembly.  Instead, after WCM introduced its WatcoFlex product—a novel overflow assembly interconnected with flexible rather than rigid pipes for ease of installation—AB&A began selling a knock-off of the WatcoFlex. The WatcoFlex product is covered by multiple WCM Patents.

32.     Specifically, AB&A has been offering to sell and selling, in the United States, one or more overflow assemblies that are interconnected to flexible pipes as part of their "CLASSIC with a Twist" bath waste and overflow product line. Images showing examples of the "Classic with a Twist" product are included in Exhibits G and H.

33.     Upon information and belief, AB&A is currently importing the WCM knock-off products identified in Exhibits G and H.

34.     Upon information and belief, AB&A has offered to sell and has sold at least one each of its "CLASSIC" and "CLASSIC with a Twist" overflow assemblies, and individual fittings therefrom, in the State of Tennessee.

## WCM ENFORCES PATENT RIGHTS AGAINST AB&A

35.     This is not the first time WCM has been forced to protect its patent rights against AB&A.  Dating back more than two decades, AB&A's repeated infringement of WCM's patent rights has left WCM with no choice but to enforce its patent rights.  Most recently, in 2010, after AB&A introduced a knock-off to WCM's patented Quick Trim bathtub drain trim kit, WCM filed a complaint for patent infringement in United States District Court for the District of Colorado (the "Prior Litigation").  The patent that was asserted in the Prior Litigation was U.S. Patent No. 7,503,083 ("the '083 Patent"), assigned to WCM.  A copy of the '083 Patent is attached hereto as Exhibit I.

36.     During the Prior Litigation, AB&A consented to a judgment that was entered by the District Court for the District of Colorado, acknowledging its past acts of infringement and agreeing to liquidated damages for any future infringement of the '083 Patent.  A copy of the Consent Judgment, signed by AB&A, is attached hereto as Exhibit J. WCM considered the matter closed and voluntarily dismissed its action in October, 2010.

37.     Less than a year after agreeing to the Consent Judgment, AB&A introduced another product *nearly identical* to WCM's Quick Trim kit and began selling that product through its website and various distributors located throughout the United States, all in violation of the Consent Judgment. After WCM contacted AB&A regarding this violation, AB&A agreed to remove its product from its catalog and vowed not to infringe the '083 Patent again.

38.     However, in June 2012, AB&A submitted a proposed design for another copy of the Quick Trim kit.  Two months later, having twice failed to comply with the Consent Judgment, AB&A decided to again disobey the Consent Judgment and brought a declaratory

judgment action against WCM in the Western District of Tennessee, despite the Consent Judgment's explicit acknowledgement of the District of Colorado's continued jurisdiction.

39.     Given this past conduct and multiple acts of copying by AB&A complained of herein, WCM is left with no choice but to bring claims in federal court to address AB&A's ongoing infringement of the six patents discussed above.

**FIRST CLAIM FOR RELIEF**
**(Infringement of the '468 Patent)**

40.     WCM incorporates herein by reference each and every allegation in paragraphs 1 through 39.

41.     AB&A's activities in making, using, selling and/or offering to sell in the United States, and/or importing into the United States, the product depicted below and the products depicted in Exhibit G constitute direct infringement of the '468 Patent, in violation of 35 U.S.C. § 271(a).




AB&A Product                                      Fig. 1 of the '468 Patent

42.     Upon information and belief, AB&A is inducing direct infringement of the '468 Patent by others by actively instructing, assisting, and/or encouraging others to practice one or more of the inventions claimed in the '468 Patent, in violation of 35 U.S.C. § 271(b).

43.     Upon information and belief, AB&A is contributing to direct infringement of the '468 Patent by others by directing others to manufacture one or more components which constitute a material part of the invention defined by the claims of the '468 Patent, knowing the same to be especially made or especially adapted for use in an infringement of the '468 Patent, and which components are not staple articles or commodities of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

44.     Upon information and belief, AB&A has acted in concert with and has induced or contributed to the infringement of the '468 Patent by instructing individual plumbers and tradesmen to commit acts that result in infringement of the '468 Patent.

45.     AB&A's actions in infringing the '468 Patent have been, and are, willful, deliberate and/or in conscious disregard of WCM's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling WCM to enhanced damages and an award of its attorneys' fees.

46.     AB&A's infringement of the '468 Patent has caused damage to WCM in an amount to be ascertained at trial.

47.     AB&A's infringement of the '468 Patent has caused and will continue to cause irreparable injury to WCM, to which there exists no adequate remedy at law.   AB&A's infringement of the '468 Patent will continue unless enjoined by this Court.

### SECOND CLAIM FOR RELIEF
### (Infringement of the '970 Patent)

48.     WCM incorporates herein by reference each and every allegation in paragraphs 1 through 47.

49.     AB&A's activities in making, using, selling and/or offering to sell in the United States, and/or importing into the United States, the product depicted below and the products depicted in Exhibit G constitute direct infringement of the '970 Patent, in violation of 35 U.S.C. § 271(a).



AB&A Product



Fig. 15 of the '970 Patent

50.     Upon information and belief, AB&A is inducing direct infringement of the '970 Patent by others by actively instructing, assisting, and/or encouraging others to practice one or more of the inventions claimed in the '970 Patent, in violation of 35 U.S.C. § 271(b).

11

51.     Upon information and belief, AB&A is contributing to direct infringement of the '970 Patent by others by directing others to manufacture one or more components which constitute a material part of the invention defined by the claims of the '970 Patent, knowing the same to be especially made or especially adapted for use in an infringement of the '970 Patent, and which components are not staple articles or commodities of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

52.     Upon information and belief, AB&A has acted in concert with and has induced or contributed to the infringement of the '970 Patent by instructing individual plumbers and tradesmen to commit acts that result in infringement of the '970 Patent.

53.     AB&A's actions in infringing the '970 Patent have been, and are, willful, deliberate and/or in conscious disregard of WCM's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling WCM to enhanced damages and an award of its attorneys' fees.

54.     AB&A's infringement of the '970 Patent has caused damage to WCM in an amount to be ascertained at trial.

55.     AB&A's infringement of the '970 Patent has caused and will continue to cause irreparable injury to WCM, to which there exists no adequate remedy at law.   AB&A's infringement of the '970 Patent will continue unless enjoined by this Court.

## THIRD CLAIM FOR RELIEF
### (Infringement of the '584 Patent)

56.     WCM incorporates herein by reference each and every allegation in paragraphs 1 through 55.

57.    AB&A's activities in making, using, selling and/or offering to sell in the United

States, and/or importing into the United States, the product depicted below and the products

depicted in Exhibit H constitute direct infringement of the '584 Patent, in violation of 35 U.S.C.

§ 271(a).





AB&A Product                    Fig. 4 of the '584 Patent

58.    Upon information and belief, AB&A is inducing direct infringement of the '584

Patent by others by actively instructing, assisting, and/or encouraging others to practice one or

more of the inventions claimed in the '584 Patent, in violation of 35 U.S.C. § 271(b).

59.    Upon information and belief, AB&A is contributing to direct infringement of the

'584 Patent by others by directing others to manufacture one or more components which

constitute a material part of the invention defined by the claims of the '584 Patent, knowing the

same to be especially made or especially adapted for use in an infringement of the '584 Patent,

and which components are not staple articles or commodities of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

60.     Upon information and belief, AB&A has acted in concert with and has induced or contributed to the infringement of the '584 Patent by instructing individual plumbers and tradesmen to commit acts that result in infringement of the '584 Patent.

61.     AB&A's actions in infringing the '584 Patent have been, and are, willful, deliberate and/or in conscious disregard of WCM's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling WCM to enhanced damages and an award of its attorneys' fees.

62.     AB&A's infringement of the '584 Patent has caused damage to WCM in an amount to be ascertained at trial.

63.     AB&A's infringement of the '584 Patent has caused and will continue to cause irreparable injury to WCM, to which there exists no adequate remedy at law.   AB&A's infringement of the '584 Patent will continue unless enjoined by this Court.

## FOURTH CLAIM FOR RELIEF
### (Infringement of the '220 Patent)

64.     WCM incorporates herein by reference each and every allegation in paragraphs 1 through 63.

65.     AB&A's activities in making, using, selling and/or offering to sell in the United States, and/or importing into the United States, the product depicted below and the products depicted in Exhibit H constitute direct infringement of the '220 Patent, in violation of 35 U.S.C. § 271(a).




AB&A Product                    Fig. 4 of the '220 Patent

66.     Upon information and belief, AB&A is inducing direct infringement of the '220 Patent by others by actively instructing, assisting, and/or encouraging others to practice one or more of the inventions claimed in the '220 Patent, in violation of 35 U.S.C. § 271(b).

67.     Upon information and belief, AB&A is contributing to direct infringement of the '220 Patent by others by directing others to manufacture one or more components which constitute a material part of the invention defined by the claims of the '220 Patent, knowing the same to be especially made or especially adapted for use in an infringement of the '220 Patent, and which components are not staple articles or commodities of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

68.     Upon information and belief, AB&A has acted in concert with and has induced or contributed to the infringement of the '220 Patent by instructing individual plumbers and tradesmen to commit acts that result in infringement of the '220 Patent.

69.     AB&A's actions in infringing the '220 Patent have been, and are, willful, deliberate and/or in conscious disregard of WCM's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling WCM to enhanced damages and an award of its attorneys' fees.

70.     AB&A's infringement of the '220 Patent has caused damage to WCM in an amount to be ascertained at trial.

71.     AB&A's infringement of the '220 Patent has caused and will continue to cause irreparable injury to WCM, to which there exists no adequate remedy at law.   AB&A's infringement of the '220 Patent will continue unless enjoined by this Court.

## FIFTH CLAIM FOR RELIEF
### (Infringement of the '863 Patent)

72.     WCM incorporates herein by reference each and every allegation in paragraphs 1 through 71.

73.     AB&A's activities in making, using, selling and/or offering to sell in the United States, and/or importing into the United States, the product depicted below and the products depicted in Exhibit H constitute direct infringement of the '863 Patent, in violation of 35 U.S.C. § 271(a).

          

AB&A Product                    Fig. 3 of the '863 Patent

74.     Upon information and belief, AB&A is inducing direct infringement of the '863 Patent by others by actively instructing, assisting, and/or encouraging others to practice one or more of the inventions claimed in the '863 Patent, in violation of 35 U.S.C. § 271(b).

75.     Upon information and belief, AB&A is contributing to direct infringement of the '863 Patent by others by directing others to manufacture one or more components which constitute a material part of the invention defined by the claims of the '863 Patent, knowing the same to be especially made or especially adapted for use in an infringement of the '863 Patent, and which components are not staple articles or commodities of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

76.     Upon information and belief, AB&A has acted in concert with and has induced or contributed to the infringement of the '863 Patent by instructing individual plumbers and tradesmen to commit acts that result in infringement of the '863 Patent.

77.     AB&A's actions in infringing the '863 Patent have been, and are, willful, deliberate and/or in conscious disregard of WCM's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling WCM to enhanced damages and an award of its attorneys' fees.

78.     AB&A's infringement of the '863 Patent has caused damage to WCM in an amount to be ascertained at trial.

79.     AB&A's infringement of the '863 Patent has caused and will continue to cause irreparable injury to WCM, to which there exists no adequate remedy at law.   AB&A's infringement of the '863 Patent will continue unless enjoined by this Court.

## SIXTH CLAIM FOR RELIEF
### (Infringement of the '062 Patent)

80.     WCM incorporates herein by reference each and every allegation in paragraphs 1 through 79.

81.     AB&A's activities in making, using, selling and/or offering to sell in the United States, and/or importing into the United States, the product depicted below and the products depicted in Exhibit H constitute direct infringement of the '062 Patent, in violation of 35 U.S.C. § 271(a).





IPS and AB&A Product                    Fig. 3 of the '062 Patent

82.     Upon information and belief, AB&A is inducing direct infringement of the '062 Patent by others by actively instructing, assisting, and/or encouraging others to practice one or more of the inventions claimed in the '062 Patent, in violation of 35 U.S.C. § 271(b).

83.     Upon information and belief, AB&A is contributing to direct infringement of the '062 Patent by others by directing others to manufacture one or more components which constitute a material part of the invention defined by the claims of the '062 Patent, knowing the same to be especially made or especially adapted for use in an infringement of the '062 Patent, and which components are not staple articles or commodities of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

84.     Upon information and belief, AB&A has acted in concert with and has induced or contributed to the infringement of the '062 Patent by instructing individual plumbers and tradesmen to commit acts that result in infringement of the '062 Patent.

85.    AB&A's actions in infringing the '062 Patent have been, and are, willful, deliberate and/or in conscious disregard of WCM's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling WCM to enhanced damages and an award of its attorneys' fees.

86.    AB&A's infringement of the '062 Patent has caused damage to WCM in an amount to be ascertained at trial.

87.    AB&A's infringement of the '062 Patent has caused and will continue to cause irreparable injury to WCM, to which there exists no adequate remedy at law.   AB&A's infringement of the '062 Patent will continue unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, WCM requests that judgment be entered in its favor and against AB&A (i.e. IPS and AB&A) as follows:

A.    Declaring that AB&A has infringed United States Patent No. 8,166,584, and that AB&A's infringement of the '584 Patent was and continues to be willful;

B.    Issuing temporary, preliminary, and permanent injunctions enjoining AB&A, its officers, agents, subsidiaries, and employees, and those in privity with or that act in concert with any of the foregoing, from further activities that constitute infringement of United States Patent No. 8,166,584, pursuant to 35 U.S.C. § 283;

C.    Awarding WCM damages arising out of AB&A's infringement of United States Patent No. 8,166,584 for each act of infringement, and trebling those damages pursuant to 35 U.S.C. § 284, together with costs and pre- and post-judgment interest;

D.      Declaring that AB&A has infringed United States Patent No. 8,302,220, and that AB&A's infringement of the '220 Patent was and continues to be willful;

E.      Issuing temporary, preliminary, and permanent injunctions enjoining AB&A, its officers, agents, subsidiaries, and employees, and those in privity with or that act in concert with any of the foregoing, from further activities that constitute infringement of United States Patent No. 8,302,220, pursuant to 35 U.S.C. § 283;

F.      Awarding WCM damages arising out of AB&A's infringement of United States Patent No. 8,302,220 for each act of infringement, and trebling those damages pursuant to 35 U.S.C. § 284, together with costs and pre- and post-judgment interest;

G.      Declaring that AB&A has infringed United States Patent No. D627,863, and that AB&A's infringement of the '863 Patent was and continues to be willful;

H.      Issuing temporary, preliminary, and permanent injunctions enjoining AB&A, its officers, agents, subsidiaries, and employees, and those in privity with or that act in concert with any of the foregoing, from further activities that constitute infringement of United States Patent No. D627,863, pursuant to 35 U.S.C. § 283;

I.      Awarding WCM damages arising out of AB&A's infringement of United States Patent No. D627,863 in an amount not less than AB&A's profits pursuant to 35 U.S.C. § 289 and/or a reasonable royalty and trebling thereof pursuant to 35 U.S.C. § 284, together with costs and pre- and post-judgment interest;

J.      Declaring that AB&A has infringed United States Patent No. D636,468, and that AB&A's infringement of the '468 Patent was and continues to be willful;

K.      Issuing temporary, preliminary, and permanent injunctions enjoining AB&A, its officers, agents, subsidiaries, and employees, and those in privity with or that act in concert with any of the foregoing, from further activities that constitute infringement of United States Patent No. D636,468, pursuant to 35 U.S.C. § 283;

L.      Awarding WCM damages arising out of AB&A's infringement of United States Patent No. D636,468 in an amount not less than AB&A's profits pursuant to 35 U.S.C. § 289 and/or a reasonable royalty and trebling thereof pursuant to 35 U.S.C. § 284, together with costs and pre- and post-judgment interest;

M.      Declaring that AB&A has infringed United States Patent No. D665,062, and that AB&A's infringement of the '062 Patent was and continues to be willful;

N.      Issuing temporary, preliminary, and permanent injunctions enjoining AB&A, its officers, agents, subsidiaries, and employees, and those in privity with or that act in concert with any of the foregoing, from further activities that constitute infringement of United States Patent No. D665,062, pursuant to 35 U.S.C. § 283;

O.      Awarding WCM damages arising out of AB&A's infringement of United States Patent No. D665,062 in an amount not less than AB&A's profits pursuant to 35 U.S.C. § 289 and/or a reasonable royalty and trebling thereof pursuant to 35 U.S.C. § 284, together with costs and pre- and post-judgment interest;

P.      Finding that this is an "exceptional case" within the meaning of 35 U.S.C. § 285 and awarding reasonable attorneys' fees to WCM; and

Q.      Awarding WCM such further legal and equitable relief as the Court deems just and proper.

22

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, WCM demands a trial by jury on all issues so triable.

This _____ day of January, 2013.

Respectfully submitted,

/s Glen Reid, Jr.
Glen Reid, Jr. (TN #8184)
Matthew F. Jones (TN #25825)
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120-4367
Telephone:  901.537.1000
Facsimile:  901.537.1010
greid@wyattfirm.com
mjones@wyattfirm.com

*APPLICATIONS FOR ADMISSION PRO HAC VICE TO BE SUBMITTED*:

Todd P. Blakely
tblakely@sheridanross.com
Joseph E. Kovarik
jkovarik@sheridanross.com
Ian R. Walsworth
iwalsworth@sheridanross.com
David B. Kellis
dkellis@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO  80202
303.863.9700

*ATTORNEYS FOR WCM INDUSTRIES, INC.*

60309062.1