IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| WCM INDUSTRIES, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>IPS CORPORATION, et al.,<br><br>    Defendants. | No. 2:13-cv-02019-JPM-tmp |

**ORDER DENYING DEFENDANT'S MOTION TO CONSOLIDATE**

Before the Court is the Motion to Consolidate of IPS Corporation ("Defendant" or "IPS"), which was filed on May 15, 2013. (See ECF No. 27.) In the Motion, IPS requests that the Court consolidate "all proceedings, including trial" and that "the deadlines for the 2012 Action govern deadlines for both cases going forward." (Id. at 3.)

On June 3, 2013, WCM Industries, Inc. ("Plaintiff" or "WCM"), responded in opposition to the Motion to Consolidate. (See ECF No. 34.) On July 2, 2013, the Court Granted IPS's Motion for Leave to File Reply Brief (ECF No. 36) and considered IPS's Reply (ECF No. 36-1). (See ECF No. 44.)

For the reasons stated below, Defendant's Motion to Consolidate (ECF No. 27) is DENIED.

**I.   BACKGROUND**

The instant Motion requests consolidation of two patent-related cases. (See Def.'s Mot., ECF No. 27.) Namely, IPS

seeks to consolidate the above-captioned case (the "2013 Action") with IPS Corp. v. WCM Indus., Inc., No. 2:12-cv-02694-JPM-tmp (W.D. Tenn. Aug. 9, 2012) (the "2012 Action"). (Id. at 3.)

The 2012 Action was filed by IPS and requests a declaration that an IPS product "has not infringed and is not infringing any valid purported patent rights of WCM" in U.S. Patent No. 7,503,083 (the "'083 Patent"). (See Compl. for Declaratory Relief ¶¶ 3, 24(a), IPS Corp. v. WCM Indus., Inc., No. 2:12-cv-02694-JPM-tmp (W.D. Tenn. Aug. 9, 2012), ECF No. 1.) The '083 Patent claims "a waste water insert" with certain features, including technology "wherein said [waste water] insert has a groove that receives the resilient ring." (See '083 Patent at col. 3:17, 4:13-14, IPS Corp. v. WCM Indus., Inc., No. 2:12-cv-02694-JPM-tmp (W.D. Tenn. Aug. 9, 2012), ECF No. 1-3.)

The 2013 Action was filed by WCM and alleges infringement of six of WCM's patents, including U.S. Patent No. 8,321,970 (the "'970 Patent"). (See Compl., ECF No. 1, ¶¶ 40-87.) The '970 Patent includes "a protective drain cover" that, "[a]s disclosed in [the '083 Patent], . . . may also be viewed as a waste water insert." (See '970 Patent, ECF No. 1-6, at col. 8:33, 8:53-54.) Claim 1 of the '970 Patent describes "an overflow assembly that includes . . . a waste water insert for selective engagement with a strainer that is associated with the

2

wastewater drain assembly." (See '970 Patent, ECF No. 1-6, at col. 9:33, 9:50-52.) Claim 5 of the '970 Patent claims "[t]he system of claim 1 wherein said waste water insert has a groove that receives a resilient ring." (Id. at col. 10:10-11.)

## II. ANALYSIS

IPS requests that the Court, "pursuant to Rule 42 of the Federal Rules of Civil Procedure[,] consolidate the [2013 Action] with [the 2012 Action]." (Def.'s Mot., ECF No. 27, at 1.) IPS argues that "the 2012 Action and the 2013 Action involve common questions of law and fact" (id. ¶ 5) and that not consolidating the cases "would be inefficient, waste judicial resources, and would increase the cost of litigation for both parties" (id. ¶ 7).

WCM argues that, "[i]n addition to the substantially different questions of law and fact at issue in the two actions, there are also issues of delay, prejudice and unfair advantage overriding the requested consolidation." (Pl.'s Resp., ECF No. 34, at 2.)

The Court determines what precedent it should apply in this patent-related action, explains the burden on the moving party under Federal Rule of Civil Procedure ("Rule") 42(a), and determines whether IPS has met its burden pursuant to Rule 42(a).

### A. Precedent

The United States Court of Appeals for the Federal Circuit (the "Federal Circuit") has appellate jurisdiction over a final decision in the instant case because jurisdiction in the instant case is based on a violation of the federal patent laws (see Compl., ECF No. 1, ¶¶ 6-7). See Landmark Screens, LLC v. Morgan, Lewis, & Bockius, LLP, 676 F.3d 1354, 1360 (Fed. Cir. 2012) (explaining that the Federal Circuit has exclusive jurisdiction over an appeal from a district-court case that arose under federal patent laws).

The Federal Circuit has stated that "Federal Circuit law applies to issues of substantive patent law and certain procedural issues pertaining to patent law." Pregis Corp. v. Kappos, 700 F.3d 1348, 1353 (Fed. Cir. 2012) (internal quotation marks omitted). If the "case presents a procedural question not unique to patent law, [the Federal Circuit] follows the law of the regional circuit from which the case is appealed." Koninklijke Philips Elecs. N.V. v. Cardiac Sci. Operating Co., 590 F.3d 1326, 1332 (Fed. Cir. 2010) (internal quotation marks omitted).

Accordingly, when interpreting Rule 42(a), the Court will apply precedent from the United States Court of Appeals for the Sixth Circuit and district courts within the Sixth Circuit.

When interpreting issues of substantive patent law, the Court will apply precedent from the Federal Circuit.

> **B.   Rule 42(a) Requires the Moving Party to Show a Common Question of Law or Fact.**

Rule 42(a) states that, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."  Fed. R. Civ. P. 42(a).

Pursuant to Rule 42(a), a court has the discretion to consolidate actions only if it first determines that there is a common question of law or fact:  "once a common question [of law or fact] has been established, the decision to consolidate rests in the sound discretion of the district court."  Banacki v. OneWest Bank, FSB, 276 F.R.D. 567, 571 (E.D. Mich. 2011); see also Stemler v. Burke, 344 F.2d 393, 396 (6th Cir. 1965) ("Whether cases involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial judge.").

"The party moving for consolidation bears the burden of demonstrating the commonality of law, facts or both in cases sought to be combined, and the court must examine the special underlying facts with close attention before ordering a consolidation."  Banacki, 276 F.R.D. at 571 (citation omitted) (internal quotation marks omitted).

5

**C.   IPS Does Not Carry Its Burden of Demonstrating that There Is a Common Question of Law or Fact.**

IPS asserts that "the 2012 Action and the 2013 Action involve common questions of law and fact." (Def.'s Mot., ECF No. 27, ¶ 5.)

IPS, however, does not demonstrate that there is a common question of law or fact. The Court first addresses IPS's assertions and arguments related to common questions of fact. The Court then addresses IPS's assertions and arguments related to common questions of law.

**1.   IPS Does Not Demonstrate that There Is a Common Question of Fact.**

In its "Statement of Facts," IPS asserts that there are similarities in the products, witnesses, and documents relevant to both actions. (Def.'s Mem. in Supp., ECF No. 27-1, at 3-4.) Regarding the similarity in products, IPS asserts that the IPS products that are at issue in the 2012 Action and 2013 Action are both "plumbing product[s] designed for use in a bathtub." (See id. at 3.) The fact that the relevant IPS products are plumbing products, and the fact that those products are designed for use in a bathtub, do not appear to be contested in either action and thus do not establish a common question of fact. Regarding the similarity in witnesses, IPS asserts that "personnel who have knowledge of" the IPS products that are at issue in the actions work in the "Plumbing Division of IPS,"

6

that "the same individuals are likely to have knowledge" of the IPS products that are at issue in the actions, and that "[a]ll of the patents asserted against IPS have the same named inventor." (Id. at 4.)  IPS, however, does not demonstrate, or even assert, that these potential witnesses will testify regarding a question of fact that is common to both actions. Regarding the similarity in documents, IPS asserts that the documents related to the IPS products that are at issue in the actions "are located in Collierville, Tennessee" and "are in substantially similar locations." (Id.)  The location of the documents, however, does not establish that the documents will be used to address a question of fact common to both actions.

In addition, IPS argues that, "[f]rom a factual perspective, there are numerous similarities between the two actions." (See id. at 6.)  In supporting this argument, IPS states that "the documents relating to the design, engineering, and sales of these products . . . are stored in the same location,"[1] that "the same individuals at IPS are likely to be deposed on the same issues for both actions," and that "IPS anticipates that the expert witnesses for both actions are

---

[1] IPS states that these documents "either are the same or, at the very least, are stored in the same location." (Def.'s Mem. in Supp., ECF No. 27-1, at 6 (citing Humber Decl., ECF No. 27-3, ¶¶ 3-7).)  The Declaration cited in support of this assertion, however, does not indicate that the documents are the same.  The Declaration states only that, after IPS acquired the company that developed the allegedly infringing products, the documents related to those products were shipped to "IPS's facility in Collierville, Tennessee." (See Humber Decl., ECF No. 27-3, ¶¶ 3-7.)

7

likely to be the same inasmuch as the technology is in the same field, [sic] and the products overlap." (Id.) These statements, however, do not establish that there is a question of fact that is common to both actions. IPS has merely provided the Court with an irrelevant statement about the location of documents, a conclusory statement about what may happen in some depositions if there is a common question of fact, and a speculative statement about potential witnesses that is based on some undefined "overlap" in the products.

In summary, IPS does not carry its burden of demonstrating a common question of fact between the 2012 Action and the 2013 Action. See Banacki, 276 F.R.D. at 571.

> **2. IPS Does Not Demonstrate that There Is a Common Question of Law.**

The Court addresses IPS's assertions related to similarities in the patents and then IPS's identification of a common term, "waste water insert," in the '083 Patent and the '970 Patent.

> **a. IPS's Asserted Similarities in the Origin and Subject Matter of the Patents Do Not Demonstrate a Common Question of Law in the Actions.**

In its "Statement of Facts," IPS asserts that the patents at issue in the actions are similar. (Def.'s Mem. in Supp., ECF No. 27-1, at 4.) IPS asserts that "[a]ll seven of the patents involved in these two actions share the same inventor." (Id.)

8

IPS also asserts that "[t]he technologies of the patents specifically relate to waste and overflow plumbing products." (Id.)  These assertions do not establish that there is a common question of law in the actions because there is no indication of a common feature of the patents that must be interpreted in both actions.

In addition, IPS states that "the '970 Patent issued from a patent application that was a continuation-in-part of the application that led to the '083 Patent of the 2012 Action." (Def.'s Reply, ECF No. 36-1, at 3; accord Def.'s Mem. in Supp., ECF No. 27-1, at 4, 6.)  Without further elaboration, which IPS does not provide, this assertion does not establish a common question of law.  "[S]ome subject matter of a [continuation-in-part] application is necessarily different from the original subject matter." Univ. of W. Va., Bd. of Trs. v. VanVoorhies, 278 F.3d 1288, 1297 (Fed. Cir. 2002); accord Pfizer, Inc. v. Teva Pharm. USA, Inc., 518 F.3d 1353, 1359 (Fed. Cir. 2008).  Accordingly, the fact that the '970 Patent issued from a patent application that was a continuation-in-part of the '083 Patent's patent application is insufficient by itself to establish a common question of law.

### b. IPS Does Not Demonstrate that There Is a Common Question of Law Related to the Common Term It Identifies in the '083 Patent and the '970 Patent.

IPS asserts that "there is at least one overlapping claim term identified for construction, 'waste water insert.'"[2] (See Def.'s Reply, ECF No. 36-1, at 3-4.)

The term "waste water insert" appears in both the '083 Patent and the '970 Patent. The '083 Patent claims technology for a "waste water insert." (See '083 Patent at col. 3:17-4:20, IPS Corp. v. WCM Indus., Inc., No. 2:12-cv-02694-JPM-tmp (W.D. Tenn. Aug. 9, 2012), ECF No. 1-3.) The technology for that "waste water insert" is also part of the '970 Patent and serves to protect part of a drain assembly during installation and construction. (See '970 Patent, ECF No. 1-6, at col. 8:33, 8:53-54 (stating in the "Detailed Description" section that the "protective drain cover," "[a]s disclosed in [the '083 Patent], . . . may also be viewed as a waste water insert").)

IPS, however, has merely identified the possibility of a common issue of law related to the term "waste water insert." IPS asserts that

> [t]he construction of [the term "waste water insert"] will directly implicate the specification and prosecution history of the '083 Patent, leading to the bizarre result that certain aspects of the patent asserted in the 2012 Action will first be analyzed in

---

[2] To the extent that this statement is intended to imply that there are "overlapping" claim terms identified for construction other than "waste water insert," the implication is too vague to help IPS carry its burden of showing a common question of law.

10

> the 2013 Action, and then, of course, analyzed again in the 2012 Action.

(Def.'s Reply, ECF No. 36-1, at 4.) IPS, however, merely asserts that "certain aspects" of the '083 Patent will be examined in both actions without specifying those "certain aspects" of the '083 Patent. As a result, the Court is unable to perform the required "examin[ation of] the special underlying facts with close attention before ordering a consolidation." Banacki, 276 F.R.D. at 571 (internal quotation marks omitted).

Furthermore, the parties indicate that the elements of the '083 Patent are not at issue in the 2013 Action. WCM states that the "term ['waste water insert'] is used in a single claim of the '970 Patent asserted in the 2013 Action (in independent claim 1)" (Pl.'s Resp., ECF No. 34, at 5 (emphasis added)), and IPS does not contradict WCM's statement (see Def.'s Reply, ECF No. 36-1, at 3-4).

As WCM correctly indicates, therefore, the only contention in the 2013 Action related to the '083 Patent is in reference to "[]independent claim 1[], which does not recite any of the elements required by the '083 Patent." (See Pl.'s Resp., ECF No. 34, at 5-6.) As relevant to the term "waste water insert," Claim 1 of the '970 Patent describes "an overflow assembly that includes . . . a waste water insert for selective engagement with a strainer that is associated with the wastewater drain

11

assembly." (See '970 Patent, ECF No. 1-6, at col. 9:33, 9:50-52.) As a result, it appears that the elements in the '083 Patent are not at issue in the 2013 Action; rather, it appears that IPS contends that the allegedly infringing product does not include a waste water insert. (See id.; see also Compl., ECF No. 1, ¶¶ 48-55 (providing a picture of the product that allegedly infringes the '970 Patent that does not appear to include a waste water insert); Initial Non-Infringement Contentions, ECF No. 15, at 2 (stating that "[t]he accused products lack a 'waste water insert for selective engagement with a strainer that is associated with the wastewater drain assembly' as disclosed by the '970 Patent") (emphasis added).)

Finally, it appears that the only claim in the '970 Patent referring to an element of the '083 Patent is not at issue in the 2013 Action. Claim 5 of the '970 Patent is the only claim that refers to an element of the '083 Patent: "The system of claim 1 wherein said waste water insert has a groove that receives a resilient ring." (Compare, '970 Patent, ECF No. 1-6, at col. 10:10-11, with, '083 Patent at col. 4:13-14, IPS Corp. v. WCM Indus., Inc., No. 2:12-cv-02694-JPM-tmp (W.D. Tenn. Aug. 9, 2012), ECF No. 1-3.) IPS, however, does not argue that Claim 5 of the '970 Patent is at issue in the 2013 Action. (See Def.'s Reply, ECF No. 36-1, at 3-4; Pl.'s Resp., ECF No. 34, at 5; see also Initial Non-Infringement Contentions, ECF No. 15, at

12

2-3 (referring to Claim 1, but not making any reference to Claim 5, of the '970 Patent).)³

In summary, the Court finds that IPS does not carry its burden of demonstrating that there is a common question of law or fact between the 2012 Action and the 2013 Action.  See Banacki, 276 F.R.D. at 571.  IPS's Motion to Consolidate, therefore, is DENIED.

**III. CONCLUSION**

For the reasons stated above, Defendant's Motion to Consolidate (ECF No. 27) is DENIED.

**IT IS SO ORDERED,** this 2nd day of July, 2013.

/s/ Jon P. McCalla
JON P. McCALLA
CHIEF U.S. DISTRICT JUDGE

---

³ IPS's Initial Non-Infringement Contentions state that "[t]he accused products lack a 'waste water insert for selective engagement with a strainer that is associated with the wastewater drain assembly' as disclosed by the '970 Patent." (See Initial Non-Infringement Contentions, ECF No. 15, at 2 (emphasis added).)  It could be argued that the language emphasized by the Court in the preceding quote refers to Claim 5 of the '970 Patent and that Claim 5 recites an element of the '083 Patent.  IPS, however, does not make such an argument.  Furthermore, there is no reference to Claim 5 in IPS's briefing or IPS's Initial Non-Infringement Contentions.  Accordingly, the Court will not read the language emphasized by the Court in the preceding quote to refer to Claim 5.