**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

|  |  |
|---|---|
| ) | |
| ) | |
| WCM INDUSTRIES, INC.,     ) | |
|     Plaintiff,      ) | Civil Action |
|                   ) | No. 2:13-cv-02019-JPM-tmp |
| v.                ) | |
|                   ) | |
| IPS CORPORATION, et al.,  ) | |
|     Defendants.     ) | Jury Demanded |
| ) | |
| ) | |

---

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DAUBERT MOTIONS TO EXCLUDE EXPERT WITNESSES**

---

Before the Court are eight motions:

1. Defendant WCM Industries, Inc.'s ("WCM") Motion for Partial Summary Judgment on Infringement (ECF No. 227), filed July 16, 2015;

2. Plaintiff IPS Corporation's ("IPS") Motion for Partial Summary Judgment of Noninfringement (ECF No. 235), filed July 17, 2015;

3. IPS's Motion for Summary Judgment of No Willfulness (ECF No. 237), filed July 17, 2015;

4. IPS's Motion for Partial Summary Judgment of Invalidity (ECF No. 239), filed July 17, 2015;

5. WCM's Motion for Partial Summary Judgment on Invalidity (ECF No. 241), filed July 17, 2015;

6. IPS's Motion to Exclude Expert Testimony of Clarke B. Nelson (ECF No. 257), filed July 30, 2015;

7. IPS's Motion in Limine to Exclude the Report and Testimony of Michael Thuma (ECF No. 262), filed July 31, 2015; and

8. IPS's Motion in Limine to Exclude the Report and Testimony of Dr. Richard Turley (ECF No. 264), filed July 31, 2015.

The Court held a hearing regarding the eight motions on August 31, 2015. (Min. Entry, ECF No. 330.) For the reasons stated below, IPS's Motion in Limine (Daubert Motion) to Exclude the Report and Testimony of Dr. Richard Turley is GRANTED. The other seven motions are DENIED.

## I. BACKGROUND

### A. Procedural History

On January 9, 2013, WCM filed a Complaint against all Defendants, asserting infringement of three utility patents – 8,302,220 ("the '220 patent"), 8,166,584 (" the '584 patent"), and 8,321,970 (" the '970 patent") – and three design patents – D636,468 (" the '468 design patent"), D627,683 (" the '863 design patent"), and D665,062 (" the '062 design patent"). (ECF No. 1.) On February 19, 2013, IPS filed its Answer and Counterclaim. (ECF No. 12.) On March 12, 2013, WCM filed its Reply to the Answer and Counterclaim. (ECF No. 14.)

On May 15, 2013, IPS filed a Motion to Consolidate Cases. (ECF No. 27.) On June 3, 2013, WCM filed a Response in

Opposition. (ECF No. 34.) On July 2, 2013, the Court entered an Order denying the Motion. (ECF No. 45.)

On May 14, 2013, IPS filed an unopposed Motion to Amend its Answer and Counterclaim. (ECF No. 25.) On May 16, 2013, the Court granted the Motion to Amend (ECF No. 29), and IPS filed its First Amended Answer and Counterclaim the same day (ECF No. 30). On May 30, 2013, WCM filed its Reply to Defendant's First Amended Answer and Counterclaim. (ECF No. 32.)

On July 26, 2013, the Court held a Patent Scheduling Conference, during which the parties presented the technology. (ECF No. 48.)

On August 19, 2013, IPS filed a Motion to Strike Portions of the Rebuttal Report of Michael Higgins. (ECF No. 54.) On September 5, 2013, WCM filed its Response in Opposition to IPS's Motion to Strike. (ECF No. 56.) On September 12, 2013, IPS filed a Motion for Leave to File Reply to IPS's Motion to Strike. (ECF No. 59.) On October 16, 2013, the Court entered an Order denying IPS's Motion to Strike and an Order directing WCM to resubmit the rebuttal report. (ECF No. 66.) In the same order, the Court also denied IPS's Motion for Leave to File a Reply. (Id.)

Also on August 19, 2013, WCM filed a Motion for Leave to File Amended Complaint, to add a count for infringement of U.S. Patent No. 8,505,132, entitled "Overflow assembly for bathtubs

3

and the like," which issued on August 13, 2013. (ECF No. 53.)
On September 3, 2013, IPS filed its Response in Opposition to
the Motion for Leave to File Amended Complaint. (ECF No. 55.)
On September 10, 2013, WCM filed a Motion for Leave to File
Reply in Support of Motion for Leave to Amend Complaint. (ECF
No. 57.) On September 11, 2013, WCM filed an Amended Motion for
Leave to File Reply in Support of its Motion for Leave to Amend
Complaint. (ECF No. 58.) On September 18, 2013, IPS filed its
Response in Opposition to WCM's Motion for Leave to File Reply
in Support of Motion for Leave to Amend Complaint. (ECF No.
60.) On October 7, 2013, the Court entered an Order granting
WCM's Motion for Leave to File an Amended Complaint, and finding
as moot WCM's Motion for Leave to File a Reply and its Amended
Motion for Leave to File a Reply. (ECF No. 64.) On October 8,
2013, WCM filed its First Amended Complaint. (ECF No. 65.) On
October 22, 2013, IPS filed its Second Amended Answer and
Counterclaim. (ECF No. 68.)

On October 21, 2013, WCM filed an unopposed Motion for
Leave to File a Second Amended Complaint (ECF No. 67) to add the
patent issuing from U.S. Patent Application No. 13/691,405,
which the Court granted on October 22, 2013 (ECF No. 70). On
October 22, 2013, IPS filed its unopposed Motion for Leave to
Amend Its Answer and Counterclaim (ECF No. 69), which the Court
denied as moot on October 28, 2013 (ECF No. 74). On December 3,

2013, WCM filed its Second Amended Complaint. (ECF No. 75.) On December 17, 2013, IPS filed its Third Amended Answer and Counterclaim. (ECF No. 76.) On December 30, 2013, WCM filed its Reply to Defendant's Third Amended Answer and Counterclaim. (ECF No. 77.)

On October 4, 2013, the parties filed their respective Opening Claim Construction Briefs. (ECF Nos. 62, 63.) On January 31, 2014, the parties filed their respective Supplemental Claim Construction Briefs. (ECF Nos. 78, 79.) On February 21, 2014, the parties filed their respective Responsive Claim Construction Briefs. (ECF Nos. 80, 81.) On February 28, 2014, the parties filed their Joint Claim Construction and Prehearing Statement. (ECF No. 83.) The Court held a claim construction hearing on March 10, 2014. (ECF No. 85.)

On July 11, 2014, WCM filed its Notice of Supplemental Authority Regarding Claim Construction, citing a recent decision by the United States Court of Appeals for the Federal Circuit in Hill-Rom Services, Inc. v. Stryker Corp., 755 F.3d 1367 (Fed. Cir. 2014). (ECF No. 87.) On July 14, 2014, IPS filed its Response to Plaintiff's Notice of Supplemental Authority Regarding Claim Construction, arguing "that the Hill-Rom opinion does not introduce any new standard or otherwise change any previous ruling of the" Court of Appeals. (ECF No. 88 at 1.)

The Court entered an Order Following Claim Construction Hearing on November 10, 2014, in which the Court construed the disputed terms in the asserted patents. (ECF No. 94.) In addition to terms in the asserted utility patents, the parties disputed the scope of the Design Patents' claims. Accordingly, the Court also construed the claim scope of each of the Design Patents. (Id. at 117-21.) In construing each Design Patent's claim scope, the Court could discern no "aspects of the designs [that] are dictated by ornamental considerations." (Id. at 120.) Consequently, the Court found "that the designs for the overflow pipe and bathtub waste pipe are dictated by functional considerations." (Id. at 121.) The Court concluded that "those designs are not protected by the asserted design patents." (Id.)

On December 2, 2014, WCM filed a Motion for Revision of the Court's Order Following Claim Construction Hearing. (ECF No. 98.) The Court denied the Motion on January 7, 2015. (ECF No. 105.)

On June 29, 2015, IPS filed a Motion for Leave to File a Fourth Amended Answer and Counterclaim. (ECF No. 201.) On July 15, 2015, WCM filed a Response in Opposition. (ECF No. 222.) On July 22, 2015, IPS filed a Motion for Leave to Reply to WCM's Response in Opposition. (ECF No. 249.) The Court granted the Motion for Leave to Reply on August 11, 2015. (ECF No. 277.)

IPS filed its Reply to WCM's Response in Opposition on August 12, 2015. (ECF No. 278.) The Court denied the Motion for Leave to File a Fourth Amended Answer and Counterclaim on August 28, 2015. (ECF No. 329.)

On July 13, 2015, WCM filed a Motion to Exclude the Expert Testimony of Peter Smith. (ECF No. 213.) On July 14, 2015, WCM filed a Motion to Exclude the Expert Testimony of James Paschal. (ECF No. 218.) IPS filed a Response in Opposition to Motion to Exclude the Expert Testimony of Peter Smith on July 30, 2015 (ECF Nos. 255-56), and a Response in Opposition to the Motion to Exclude the Expert Testimony of James Paschal on July 31, 2015 (ECF Nos. 265-66). The Court held a <u>Daubert</u> hearing on these motions on August 7, 2015. (ECF No. 275.) These motions remain pending.

On July 16, 2015, WCM filed a Motion for Partial Summary Judgment on Infringement. (ECF No. 227.) On July 17, 2015, IPS filed a Motion for Partial Summary Judgment of Noninfringement. (ECF Nos. 234-35.) IPS filed a Motion for Summary Judgment of No Willfulness on July 17, 2015. (ECF Nos. 236-37.) IPS filed a Motion for Partial Summary Judgment of Invalidity on July 17, 2015. (ECF Nos. 238-39.) WCM filed a Motion for Partial Summary Judgment on Invalidity on July 17, 2015. (ECF No. 241.) On July 30, 2015, IPS filed a motion to exclude expert testimony of Clarke B. Nelson. (ECF No. 257.) On July 31, 2015, IPS

filed a motion to exclude the report and testimony of Michael Thuma. (ECF Nos. 261-62.) IPS filed a motion to exclude the report and testimony of Dr. Richard Turley on July 31, 2015. (ECF Nos. 263-64.) The Court held a hearing on these eight motions on August 31, 2015. (ECF No. 330.)

On August 19, 2015, WCM filed a Stipulation Regarding Non-Asserted Claims and Patents in WCM's Motion for Partial Summary Judgment on Invalidity (ECF No. 241). (ECF No. 310.) WCM withdrew its Motion for Partial Summary Judgment on Invalidity with respect only to the non-asserted claims and non-asserted patents. (Id. at 2.)

**B.  Factual History**

Plaintiff WCM Industries, Inc. ("WCM") is a Colorado corporation with its principal place of business in Colorado. (Second Am. Compl. ¶ 1, ECF No. 75.) Defendant IPS Corporation ("IPS") is a Delaware corporation with its principal place of business in California. (Id. ¶ 2.) Defendant American Brass & Aluminum Foundry Company ("AB&A") is a California corporation with its principal place of business in Tennessee. (Id. ¶ 3.) AB&A was acquired by IPS in August 2010. (Id. ¶ 5.) WCM alleges that one or more John Doe defendants, whose identities are presently unknown, have assisted, induced, contributed, or cooperated with IPS, AB&A, or both to commit the acts complained of in the Complaint. (Id. ¶ 4.)

8

This case involves alleged infringement of the following utility patents on "overflow assemblies" (collectively, the "Utility Patents"):

| U.S. Patent No. | Title of Invention | Issued |
|---|---|---|
| 8,302,220 ('220 patent) | Method and Apparatus for Assembling and Sealing Bathtub Overflow and Waste Water Ports | Nov. 6, 2012 |
| 8,321,970 ('970 patent) | Method and Associated Apparatus for Assembling and Testing a Plumbing System | Dec. 4, 2012 |
| 8,584,272 ('272 patent) | Method and Associated Apparatus for Assembling and Testing a Plumbing System | Nov. 19, 2013 |

(See ECF Nos. 75-1, 75-4, 75-8.)

In the Court's Order Following Claim Construction, the Court found "that the designs for the overflow pipe and bathtub waste pipe are dictated by functional considerations." (ECF No. 94 at 121.)

## II. LEGAL STANDARD

### A. Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Chapman v. UAW Local 1005, 670 F.3d 677, 680 (6th Cir. 2012). "A fact is 'material' for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense." Bruederle v. Louisville Metro Gov't, 687 F.3d 771, 776 (6th Cir.

2012) (citing Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir. 1984)). "A dispute over material facts is 'genuine' 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "When the non-moving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper." Chapman, 670 F.3d at 680 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)); see also Kalich v. AT & T Mobility, LLC, 679 F.3d 464, 469 (6th Cir. 2012).

"The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact." Mosholder v. Barnhardt, 679 F.3d 443, 448 (6th Cir. 2012) (citing Celotex, 477 U.S. at 323). "Once the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact." Id. at 448-49 (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); see also Fed. R. Civ. P. 56(e)).

"To show that a fact is, or is not, genuinely disputed, both parties are required to either 'cite[] to particular parts of materials in the record' or 'show[] that the materials cited do not establish the absence or presence of a genuine dispute,

or that an adverse party cannot produce admissible evidence to support the fact.'" Bruederle, 687 F.3d at 776 (alterations in original) (quoting Fed. R. Civ. P. 56(c)(1)); see also Mosholder, 679 F.3d at 448 ("To support its motion, the moving party may show 'that there is an absence of evidence to support the nonmoving party's case.'" (quoting Celotex, 477 U.S. at 325)).

"The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3); see also Emerson v. Novartis Pharm. Corp., 446 F. App'x 733, 736 (6th Cir. 2011) ("'[J]udges are not like pigs, hunting for truffles' that might be buried in the record." (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991))); Chi. Title Ins. Corp. v. Magnuson, 487 F.3d 985, 995 (6th Cir. 2007) ("A district court is not required to 'search the entire record to establish that it is bereft of a genuine issue of material fact.'" (quoting Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479-80 (6th Cir. 1989))).

"In considering a motion for summary judgment, [a court] must draw all reasonable inferences in favor of the nonmoving party." Phelps v. State Farm Mut. Auto. Ins. Co., 736 F.3d 697, 703-04 (6th Cir. 2012) (citing Matsushita, 475 U.S. at 587). "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or

whether it is so one-sided that one party must prevail as a matter of law.'" Id. (quoting Anderson, 477 U.S. at 251-52). "[A] mere 'scintilla' of evidence in support of the non-moving party's position is insufficient to defeat summary judgment; rather, the non-moving party must present evidence upon which a reasonable jury could find in her favor." Tingle v. Arbors at Hilliard, 692 F.3d 523, 529 (6th Cir. 2012) (quoting Anderson, 477 U.S. at 252).

**B.    Daubert**

Rule 702 of the Federal Rules of Evidence provides that

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>     (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>     (b) the testimony is based on sufficient facts or data;
>     (c) the testimony is the product of reliable principles and methods; and
>     (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. "District courts, as gatekeepers, must nevertheless ensure that all expert testimony is rooted in firm scientific or technical ground." Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc., 711 F.3d 1348, 1373 (Fed. Cir. 2013) (citing Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589-90 (1993), cert. denied, 134 S. Ct. 900 (2014); see

also <u>Kumho Tire Co., Ltd. v. Carmichael</u>, 526 U.S. 137, 148 (1999)).  The Court of Appeals for the Federal Circuit applies regional circuit law in reviewing a district court's decision to admit expert testimony.  <u>Micro Chem., Inc. v. Lextron, Inc.</u>, 317 F.3d 1387, 1390-91 (Fed. Cir. 2003).

According to the Sixth Circuit, under Rule 702, "a proposed expert's opinion is admissible, at the discretion of the trial court, if the opinion satisfies three requirements," <u>In re Scrap Metal Antitrust Litig.</u>, 527 F.3d 517, 528-29 (6th Cir. 2008):

> First, the witness must be qualified by "knowledge, skill, experience, training, or education." Fed. R. Evid. 702.  Second, the testimony must be relevant, meaning that it "will assist the trier of fact to understand the evidence or to determine a fact in issue." <u>Id.</u>  Third, the testimony must be reliable. <u>Id.</u>

<u>Id.</u> at 529.  The Sixth Circuit further instructed:

> Rule 702 guides the trial court by providing general standards to assess reliability: whether the testimony is based upon "sufficient facts or data," whether the testimony is the "product of reliable principles and methods," and whether the expert "has applied the principles and methods reliably to the facts of the case." [Fed. R. Evid. 702.]  In addition, <u>Daubert</u> provided a non-exclusive checklist for trial courts to consult in evaluating the reliability of expert testimony.  These factors include: "testing, peer review, publication, error rates, the existence and maintenance of standards controlling the technique's operation, and general acceptance in the relevant scientific community." <u>United States v. Langan</u>, 263 F.3d 613, 621 (6th Cir. 2001) (citing <u>Daubert</u>, 509 U.S. at 593-94).

<u>Id.</u>

Although "[t]he party offering the expert's testimony has the obligation to prove the expert's qualifications by a preponderance of the evidence," <u>Burgett v. Troy-Bilt LLC</u>, 579 F. App'x 372, 376 (6th Cir. 2014), "rejection of expert testimony is the exception, rather than the rule . . . ." <u>In re Scrap Metal</u>, 527 F.3d at 530 (internal quotation marks omitted).

## III. ANALYSIS

### A. WCM's Motion for Partial Summary Judgment on Infringement

WCM's Motion for Partial Summary Judgment on Infringement (ECF No. 227) is denied because WCM has failed to present evidence in support of infringement, and there exists a genuine issue of material fact as to the term "detachably engage."

First, WCM argues for summary judgment based on IPS's final infringement contentions, which did not challenge WCM's final infringement contentions as to Claim 12 of the '220 Patent, Claim 1 of the '970 Patent, and Claims 11-13 of the '272 Patent. (<u>See</u> ECF No. 229 at 4-7, 9.) WCM does not present affirmative evidence of infringement, which is necessary for the Court to find in favor of WCM, the patentee, on this motion.

The patentee has the burden of proof "to show the presence of every element or its equivalent in the accused device." <u>Uniloc USA, Inc. v. Microsoft Corp.</u>, 632 F.3d 1292, 1301 (Fed.

Cir. 2011); see also L & W, Inc. v. Shertech, Inc., 471 F.3d
1311, 1317-18 (Fed. Cir. 2006).

> If, for example, the movant bears the burden and its
> motion fails to satisfy that burden, the non-movant is
> "not required to come forward" with opposing evidence.
> Adickes v. S.H. Kress & Co., 398 U.S. 144, 160, 90 S.
> Ct. 1598, 26 L.Ed.2d 142 (1970) (citing the advisory
> committee's note to Fed. R. Civ. P. 56(e)). As the
> leading commentator on federal procedure puts it,
> "[i]f the motion is brought by a party with the
> ultimate burden of proof, the movant must still
> satisfy its burden by showing that it is entitled to
> judgment as a matter of law even in the absence of an
> adequate response by the nonmovant." 11 James Wm.
> Moore et al., Moore's Federal Practice ¶ 56.13[1] (3d
> ed.2005).

> Saab Cars USA, Inc. v. United States, 434 F.3d 1359, 1368

(Fed. Cir. 2006) (alteration in original); see also Fed. R. Civ.

P. 56(c)(1)(A). Even though IPS does not contend that the

accused products lack elements of the above Claims, the absence

of a challenge from IPS, the non-moving party, is not grounds to

grant summary judgment to WCM, the moving party. Although WCM

may have established IPS's waiver of a defense against the

elements cited, WCM's failure to present any evidence in support

of its motion precludes a grant of summary judgment in its

favor.

Second, WCM argues for summary judgment because there are

no genuine issues of material fact as to the terms "detachably

interconnected," "detachably associated," and "detachably

engage." (See ECF No. 229 at 10-18.) The question of whether

the Court's claim construction of "detachably engage" necessarily includes a "snap-fit connection," however, is a genuine issue of material fact for the jury to determine. In its Order Following Claim Construction, the Court did not exclude snap-fit connections from the scope of the term "detachably engage." (See ECF No. 94.) Rather, the Court found that the scope of that term was broader than that of a snap-fit connection. (Id. at 90-92, 133-134.) This finding suggests that "detachably engage" may include a snap-fit connection so long as the snap-fit connection satisfies the other requirements of the Court's construction. Whether each individual snap-fit connection satisfies those requirements is a question of fact appropriate for a jury determination.

Accordingly, IPS may argue that factually, the individual snap-fit connections do not fall within the Court's construction; however, IPS should be precluded from arguing that snap-fit connections generally are excluded from the Court's construction. See Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1322 (Fed. Cir. 2009).

WCM also asserts that IPS should be precluded from arguing new positions for the term "detachably engage," and related terms "detachably interconnected," and "detachably associated." (ECF No. 229 at 15.) WCM, however, fails to cite to any case law prohibiting a party from advocating new legal theories based

on a court's claim construction rulings. IPS's change of positions is reasonable and required based on the Court's rejection of IPS's proposed claim constructions.

Thus, because WCM has not presented facts of its own in support of infringement, and because there remains a genuine issue of material fact as to the term "detachably engage" with respect to snap-fit connections, WCM's Motion for Partial Summary Judgment on Infringement (ECF No. 227) is denied.

**B.  IPS's Motion for Partial Summary Judgment of Noninfringement**

IPS's Motion for Partial Summary Judgment of Noninfringement (ECF No. 235) is denied because there exist genuine issues of material fact for the jury to decide. IPS argues that summary judgment of noninfringement is appropriate as to the "revised locknut" on IPS's "Classic" products because the locknut has no "lugs" or "cap retention elements" and because the cap and locknut attach to each other by a snap-fit connection. (Id. at 3-16.) IPS also asserts that there is no issue of material fact as to noninfringement under the doctrine of equivalents. (Id. at 16-20.)

IPS asserts that the revised locknut practices the prior art; specifically, IPS states that "the 'revised locknut' has the same shape and features as AB&A's 'shower locknut,' which was on sale as early as 1996." (Id. at 8.) The Federal

Circuit, however, has not accepted "practicing the prior art" as a defense to infringement. <u>Tate Access Floors, Inc. v. Interface Architectural Res.</u>, 279 F.3d 1357, 1365 (Fed. Cir. 2002). Whether IPS's revised locknut is an express <u>adoption</u> of the prior art, AB&A's shower locknut in particular, is a question of fact for the jury.

Further, whether the revised locknut infringes under the doctrine of equivalents or literally infringes the asserted patents is an issue for the jury to determine. There are questions of fact as to whether lugs or cap retention elements exist on the revised locknut, in light of IPS's own instructions for its Classic products which refer to "high points" on the locknut. (<u>See</u> ECF No. 235-2 at 14.) The Court, as a matter of law, finds that the entire circular periphery cannot be considered lugs or cap retention elements, but the jury must resolve whether the high points constitute the lugs or cap retention elements recited in the claims. IPS also misconstrues the Court's construction of "detachably engage" to refer only to connections that rely solely on friction. (<u>See</u> ECF No. 235 at 9.) While a frictional connection is necessary, the Court's construction does not require the caps to be held on by friction alone, as IPS asserts. (ECF No. 94 at 95 ("the Court finds that that connection between the lugs and cap are limited to a frictional connection").) The Court's construction does not

exclude snap-fit connections (see ECF No. 94 at 90-92), and WCM
did not disclaim all snap-fit connections during prosecution.
(See ECF No. 302 at 7, 13.)  There is a question of fact as to
whether the interconnection between the cap and revised locknut
is a snap-fit connection that is excluded by the Court's
construction of "detachably engaged."

IPS argues that summary judgment as to the doctrine of
equivalents is appropriate because WCM's expert, Dr. Turley,
failed to perform an element-by-element analysis of IPS's
products and the asserted claims.  (ECF No. 235 at 18.)  This
failure, however, is not dispositive because the jury can be
instructed to perform an element-by-element analysis under the
doctrine of equivalents.[1]  Since there are still issues of fact
for the jury to resolve on the issue of noninfringement, IPS's
Motion for Partial Summary Judgment of Noninfringement (ECF No.
235) is denied.

### C.  IPS's Motion for Summary Judgment of No Willfulness

IPS's Motion for Summary Judgment of No Willfulness (ECF
No. 237) is denied because there is a genuine issue of material
fact as to whether IPS's pre- or post-litigation conduct was
objectively reckless.  "[P]roof of willful infringement
permitting enhanced damages requires at least a showing of

---

[1] IPS's Motion in Limine to Exclude the Report and Testimony of Dr. Richard
Turley is granted in this Order, see infra Part III.H.  Although Dr. Turley's
testimony is excluded, IPS cannot prevail on its motion for partial summary
judgment because the jury must resolve the doctrine of equivalents issue.

objective recklessness." In re Seagate Tech., LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc). "Willfulness . . . consists of two elements: (1) an objective element that is often, but not always, a question of law, and (2) a subjective element that is inherently a question of fact, to be decided by the jury." Stryker Corp. v. Zimmer Inc., No. 1:10-CV-1223, 2013 WL 6231533, at *11 (W.D. Mich. Aug. 7, 2013) (citing Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc., 682 F.3d 1003, 1007 (Fed. Cir. 2012)), rev'd in part on other grounds, 782 F.3d 649 (Fed. Cir. 2014).

WCM argues that IPS engaged in unreasonable conduct by failing to secure an outside legal opinion as to infringement or invalidity of WCM's patents. (ECF No. 294 at 3-4.) The Federal Circuit has held, however, that "[a]n adverse inference that a legal opinion was or would have been unfavorable shall not be drawn . . . from failure to consult with counsel." Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp., 383 F.3d 1337, 1347 (Fed. Cir. 2004) (en banc). A "requirement . . . for early and full study by counsel of every potentially adverse patent of which the defendant had knowledge" in order to avoid liability for willful infringement would be burdensome and costly and could "occasion[] extensive satellite litigation." Id. at 1345. Thus, willfulness cannot be inferred from IPS's failure to seek outside counsel.

While the issue of securing a legal opinion does not establish an issue of material fact as to willfulness, WCM's allegations of copying by IPS do establish an issue of material fact. WCM asserts that IPS, through its predecessor AB&A, copied WCM's Innovator product. (ECF No. 294 at 8.) WCM provides evidence of substantial similarity between IPS's Classic products and WCM's Innovator products and presents deposition testimony from a former WCM employee, stating that an AB&A representative told him in 2005, "We just wait until Watco [a division of WCM] introduces a new product, we copy it and get it made cheaper and cut the price in the field." (ECF No. 250-1 at 200:4-24; see ECF No. 294 at 8-9.)

The Court does not find a genuine issue of material fact as to willfulness in IPS's post-litigation conduct. IPS asserts that it revised its locknut design in an attempt to avoid infringing the asserted claims, which contradicts a finding of willfulness. (See ECF No. 237 at 11.) IPS also asserts that WCM should have moved for a preliminary injunction to challenge post-litigation conduct and that WCM's failure to do so prevents WCM from seeking enhanced damages based on post-litigation willfulness. (Id. at 1-2.) WCM's failure to move for a preliminary injunction is substantial evidence against a claim of post-litigation willfulness. See Seagate, 497 F.3d at 1374 ("[W]hen an accused infringer's post-filing conduct is reckless,

a patentee can move for a preliminary injunction, which generally provides an adequate remedy . . . . A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct.")  Although the evidence does not create a genuine issue of material fact as to post-litigation willfulness, it does create a genuine issue of material fact as to willfulness in IPS's pre-litigation conduct.  Thus, IPS's Motion for Summary Judgment of No Willfulness (ECF No. 237) is denied.

## D.  IPS's Motion for Partial Summary Judgment of Invalidity

IPS's Motion for Partial Summary Judgment of Invalidity (ECF No. 239) is denied because IPS's assertion of invalidity is procedurally barred.  Local Patent Rule 3.5(d) requires disclosure of invalidity contentions based on § 102 to be served on the opposing party.  LPR 3.5(d).  IPS's sole basis for its assertion of invalidity pursuant to 35 U.S.C. § 102(b), the on-sale bar, is a citation to exhibit A of its final invalidity contentions (ECF No. 238-20).  (ECF No. 239-1 ¶ 34.)  Exhibit A is a list of prior art.  Entry 27 states, "'New WATCO Eliminator Bath Waste,' WATCO, as early as Aug. 8, 2001, pp. 1-2."  Entry 28 states, "Tubular Plastic Innovator® 590,' Woodford Manufacturing Company, first sold Aug. 16, 2001, pp. 1-2."  (ECF

No. 238-20 at 2.)  This reference, by itself, does not comply with the requirements of Local Patent Rule 3.5(a) that "[p]rior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known."  LPR 3.5(a).

IPS's noncompliance with local patent rules justifies the denial of IPS's assertion of invalidity.  IPS's procedural violations are sufficiently analogous to Genentech's violation in Genentech, Inc. v. Amgen, Inc., in which the Federal Circuit upheld a district court's decision to preclude Genentech from asserting an infringement theory when Genentech did not include the theory in a claim chart, as required by a local rule.  289 F.3d 761, 773-74 (2002).  Further, IPS did not seek to amend its final invalidity contentions (ECF No. 224-11) to include the § 102(b) defense when it could have done so in its Motion for Leave to File a Fourth Amended Answer and Counterclaim (ECF No. 329.).  Local Patent Rule 3.8(d) allows amendment to final contentions "only by order of the Court upon a showing of good cause and absence of unfair prejudice, made in timely fashion, following discovery of the basis for such amendment."  LPR

23

3.8(d).  Thus, WCM would be substantially prejudiced if the
Court were to allow IPS to raise this defense at this stage of
proceedings because WCM was not put on sufficient notice of the
§ 102(b) defense.  IPS also has not shown good cause to delay
trial in order to assert this defense.  Therefore, IPS's Motion
for Partial Summary Judgment of Invalidity (ECF No. 239) is
denied.

### E. WCM's Motion for Partial Summary Judgment on Invalidity

WCM's Motion for Partial Summary Judgment on Invalidity
(ECF No. 241) is denied.  Since WCM withdrew the parts of this
motion that concerned non-asserted claims and non-asserted
patents (ECF No. 310), the Court will consider only the
remaining issues asserted in the motion.  There is a genuine
issue of material fact as to whether IPS can prove by clear and
convincing evidence that WCM disavowed a snap-fit attachment
during patent prosecution.  WCM alleges that IPS's expert, Mr.
Paschal, has impermissibly relied on a construction of terms
that disavow a snap-fit attachment.  (ECF No. 243 at 6.)  There
is no obvious indication, however, that Mr. Paschal has argued
that WCM has disavowed a snap-fit attachment.  (See ECF No.
286-2.)  WCM has cited only the Court's Claim Construction Order
(ECF No. 94) and its own memorandum for summary judgment on
infringement (ECF No. 229) to further its argument, and has

failed to cite to a document in the record relevant to invalidity to support its claim.

Also, as to the issue of whether Mr. Paschal improperly failed to consider and give weight to the presumption of validity, the Court finds that the failure does not preclude Mr. Paschal from testifying.  See <u>Iplearn, LLC v. Blackboard Inc.</u>, C.A. No. 11-876 (RGA), 2014 WL 4967122, at *2 (D. Del. Oct. 2, 2014) ("Clear and convincing evidence and the presumption of validity are not standards required of expert opinion on invalidity, but standards used by a factfinder.  These are legal concepts that are for jury determinations, not for expert witnesses.")  Thus, because Mr. Paschal's testimony is admissible, it would be inappropriate to grant summary judgment in favor of WCM on the issue of validity.  Accordingly, WCM's Motion for Partial Summary Judgment on Invalidity (ECF No. 241) is denied.

## F.    IPS's Motion to Exclude Expert Testimony of Clarke B. Nelson

IPS's Motion to Exclude Expert Testimony of Clarke B. Nelson (ECF No. 257) is denied because Nelson's expert testimony is based on sufficient facts and data and is the product of reliable principles and methods that have been reliably applied to the facts of the case.  Mr. Nelson's expert testimony as to a reasonable royalty of $1.50 to $1.90 per infringing unit is

based on numerous quantitative data points and apportionment calculations. (See ECF No. 257-1.)

Under Federal Circuit precedent, there is no rigid requirement for formulaic calculations and a "starting point." See Ericsson, Inc. v. D-Link Sys., Inc., 773 F.3d 1201, 1232 (Fed. Cir. 2014) ("Although we recognize the desire for bright line rules and the need for district courts to start somewhere, courts must consider the facts of record when instructing the jury and should avoid rote reference to any particular damages formula."). The fifteen factors listed in Georgia-Pacific Corp. v. U.S. Plywood Corp. are commonly used to determine a reasonable royalty for a patent license, but these factors are not necessary for a royalty calculation. 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). "We do not require that witnesses use any or all of the Georgia-Pacific factors when testifying about damages in patent cases. . . . Expert witnesses should concentrate on fully analyzing the applicable factors, not cursorily reciting all fifteen. And, while mathematical precision is not required, some explanation of both why and generally to what extent the particular factor impacts the royalty calculation is needed." Whitserve, LLC v. Computer Packages, Inc., 694 F.3d 10, 31 (Fed. Cir. 2012).

Mr. Nelson's consideration of qualitative factors is consistent with the Georgia-Pacific factors. For example, the

fourth factor requires the court to consider "[t]he licensor's established policy and marketing program to maintain his patent monopoly . . . ." Georgia-Pacific, 318 F. Supp. at 1120. This factor requires a qualitative analysis of the relevant policy. Moreover, Mr. Nelson's analysis of the Georgia-Pacific factors is well-reasoned and not merely conclusory. (See ECF No. 257-1 at 8-29.) Accordingly, Mr. Nelson's testimony is admissible. IPS's Motion to Exclude Expert Testimony of Clarke B. Nelson (ECF No. 257) is denied.

### G. IPS's Motion in Limine to Exclude the Report and Testimony of Michael Thuma

IPS's Motion to Exclude the Report and Testimony of Michael Thuma (ECF No. 262) is denied because Mr. Thuma, a rebuttal expert, qualifies as a person of ordinary skill in the art. IPS argues that Mr. Thuma is not qualified to testify because a person of ordinary skill in the art, by IPS's definition and WCM's initial definition, would have "years of experience in the plumbing industry," while Mr. Thuma has never worked in the plumbing industry. (See id. at 9.) WCM argues that the remaining asserted claims are not plumbing-specific and do not require "working knowledge of residential and commercial plumbing testing procedures." (ECF No. 308 at 8-9.) Mr. Thuma has extensive experience in design and development across multiple industries. (See ECF No. 262-2 at 2-3.) His degrees

in industrial design and product development and his technical work experience qualify him as an expert on the "simple mechanical relationships invoked by the claims asserted in the present case." (ECF No. 308 at 7; see also ECF No. 262-2 at 3, ECF No. 308-2.)

IPS also argues that Mr. Thuma "did not actually consider Dr. Turley's infringement expert report or WCM's Final Infringement Contentions in forming the opinions found in his rebuttal report on validity." (ECF No. 262 at 14-16.) Mr. Thuma's consideration of Dr. Turley's infringement report is irrelevant, since Dr. Turley's report and testimony are inadmissible, see infra Part III.H. Moreover, Mr. Thuma stated in his deposition that he believed he had reviewed sections of WCM's Final Infringement Contentions and "recall[ed] elements of [it] with the claim charts." (ECF No. 262-4 at 170:14-23.) The Court agrees with WCM that IPS's argument as to Mr. Thuma's review of WCM's Final Infringement Contentions goes only to the weight, not the reliability, of Mr. Thuma's testimony.

IPS further argues that Mr. Thuma did not engage in a priority analysis in his report and that he should be precluded from testifying about priority dates. (ECF No. 262 at 16-18.)

> Rule 26 requires an expert witness to disclose an expert report that contains "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). The purpose of the expert disclosure

rule is to "provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses."

Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc., 725 F.3d 1377, 1381 (Fed. Cir. 2013). WCM argues that Mr. Thuma did not need to engage in a priority analysis because Mr. Thuma's testimony as a rebuttal expert was limited to addressing positions advanced by IPS's expert. (ECF No. 308 at 10.) Whether or not Mr. Thuma was required to analyze priority dates in his report, he will not be able to present testimony about priority dates or any other opinions not disclosed in his expert report.

Mr. Thuma's testimony as it comports with opinions in his expert report is admissible. Thus, IPS's Motion to Exclude the Report and Testimony of Michael Thuma (ECF No. 262) is denied.

## H. IPS's Motion in Limine to Exclude the Report and Testimony of Dr. Richard Turley

IPS's Motion to Exclude the Report and Testimony of Dr. Richard Turley (ECF No. 264) is granted because Dr. Turley's testimony is not based on sufficient facts and data and is not reliable. Dr. Turley's analysis is based on only three samples of the hundreds of accused products. (See ECF No. 264-2 at 9-12.) More importantly, in his measurement of high points on the revised locknut, he only used one sample per product and did not perform an error analysis. (Id. at 43.) The Court is

persuaded by IPS's contention that, when variations in the measurements are in the thousandths of an inch, it is inappropriate to draw conclusions from single samples and not to account for differences in the molds that create the locknuts. (ECF No. 264 at 18.)  Dr. Turley's testimony is based on insufficient data and is likely unreliable.  Thus, IPS's Motion to Exclude the Report and Testimony of Dr. Richard Turley (ECF No. 264) is granted.

## IV. CONCLUSION

For the reasons stated above, IPS's Motion in Limine to Exclude the Report and Testimony of Dr. Richard Turley (ECF No. 264) is GRANTED.  WCM's Motion for Partial Summary Judgment on Infringement (ECF No. 227); IPS's Motion for Partial Summary Judgment of Noninfringement (ECF No. 235); IPS's Motion for Summary Judgment of No Willfulness (ECF No. 237); IPS's Motion for Partial Summary Judgment of Invalidity (ECF No. 239); WCM's Motion for Partial Summary Judgment on Invalidity (ECF No. 241); IPS's Motion to Exclude Expert Testimony of Clarke B. Nelson (ECF No. 257); and IPS's Motion in Limine to Exclude the Report and Testimony of Michael Thuma (ECF No. 262) are DENIED.

**IT IS SO ORDERED,** this 5th day of October, 2015.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE