**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| WCM INDUSTRIES, INC.,<br>a Colorado corporation,<br><br>Plaintiff,<br>v.<br><br>IPS CORPORATION,<br>a Delaware Corporation, and<br>AMERICAN BRASS & ALUMINUM<br>FOUNDRY COMPANY,<br>a California corporation,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2:13-cv-02019-JPM-tmp<br><br>Jury Demanded |

---

**JOINT PRETRIAL ORDER**

---

The parties, through undersigned counsel, have conferred pursuant to the Court's Notice of Setting of February 19, 2015 (Doc. No. 117) and the Amended Scheduling Order of February 12, 2015 (Doc. No. 115), and hereby submit this Joint Pretrial Order.

**1. Jurisdictional Questions**

The parties do not believe there are any open jurisdictional questions as to WCM and IPS. However, American Brass & Aluminum Foundry Company ("AB&A") no longer exists as of IPS's August, 2010 acquisition of AB&A's assets, and was not served with the Complaint and has never made an appearance in this case. Therefore, IPS asserts that AB&A should no longer be a party to this case.

Plaintiff WCM Industries, Inc.'s ("WCM") claims arise under federal statute, specifically the patent laws of the United States, 35 U.S.C. § 101, *et seq.*, and accordingly this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

[Doc. No. 75]. The parties agree that 28 U.S.C. § 1331 confers jurisdiction in this Court for civil actions arising under the Constitution, laws or treaties of the United States, and that 28 U.S.C. § 1338(a) confers jurisdiction in this Court for claims arising under any Act of Congress relating to patents. [Doc. No. 76]. Furthermore, IPS Corporation's ("IPS") counterclaims are related to the claims brought by WCM, and this Court has jurisdiction over those counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367(a) and 2202. *Id.* The parties agree to venue in this Court. [*See* Doc. Nos. 75-77].

**2. Pending Motions and Proper Rulings**

The Court has ruled on all pending motions, with the exception of motions *in limine* filed by WCM and IPS on September 22, 2015 and September 25, 2015.

**3. Summary of the Case**

In this lawsuit, WCM Industries, Inc. has brought claims for patent infringement against IPS Corporation. The claims in this lawsuit involve three of WCM's patents – U.S. Patent No. 8,302,220; U.S. Patent No. 8,584,272; U.S. Patent No. 8,321,970. Patents are sometimes referred to by the last three numbers, so these patents may be referred to as the '220 Patent, the '272 Patent and the '970 Patent, respectively. WCM owns the '220 Patent, the '272 Patent and the '970 Patent by assignment from the inventor, Mr. William T. Ball, an employee of WCM.[1] IPS denies that it infringes the patents and it also has asserted claims that WCM's patents are not valid because they claim subject matter that is in the prior art or otherwise do not satisfy the requirements of 35 U.S.C. 102, 103 and/or 112.

The products of IPS Corporation accused of infringement are overflow and drain assemblies for use in a bathtub. Overflow and drain assemblies are a type of plumbing fixture

[1] It is IPS's position that patent ownership is an issue that WCM will need to prove at trial.

that allow water to flow out of a bath tub, such that water in the bath tub may exit through a drain in the bottom of the bath tub, or through an overflow in the side of the bath tub. One purpose of these overflow and drain assemblies is to prevent or reduce a tub from overflowing and damaging the surrounding area.

Both WCM and IPS sell overflow and drain assemblies in the United States. WCM asserts that several of IPS's overflow and drain assemblies infringe upon WCM's patent rights, specifically WCM's rights in the '220 Patent, the '272 Patent and the '970 Patent. IPS denies that its products infringe the '220 Patent, the '272 Patent and the '970 Patent and asserts that the '220 Patent, the '272 Patent and the '970 Patent are invalid as covering subject matter in the prior art and otherwise do not satisfy the requirements of 35 U.S.C. 102, 103 and/or 112.

**4. Contentions of the Parties**

**a. WCM Contentions**

WCM is the owner of U.S. Patent No. 8,302,220, U.S. Patent No. 8,321,970 and U.S. Patent No. 8,584,272 by assignment from William T. Ball, the sole inventor of the '220 Patent, the '272 Patent and the '970 Patent.

WCM contends that IPS's "Classic" overflow and drain assemblies directly and indirectly infringe claims 12 and claim 13 of the '220 Patent, claim 1 of the '970 Patent and claims 11-13 of the '272 Patent.

WCM contends that IPS is liable to WCM for both literal infringement of the asserted claims of the '220 Patent, the '272 Patent and the '970 Patent, and for infringement under the doctrine of equivalents.

After this lawsuit was initiated, IPS made changes to the locknut provided with its "Classic" overflow and drain assemblies. WCM contends that "Classic" overflow and drain

assemblies sold with the new locknut infringe the asserted claims both literally and under the doctrine of equivalents.

In total, WCM contends that over 450 "Classic" model numbers infringe at least one claim of the '220 Patent, the '272 Patent and/or the '970 Patent. WCM has previously provided detailed infringement contentions that illustrate each element of the asserted claims and how each element is infringed literally, or under the doctrine of equivalents.

WCM contends that IPS's predecessor, American Brass & Aluminum Foundry Company ("AB&A") has copied WCM's products, including WCM's "Innovator" product, which is the subject of the '220, '272 and '970 Patents. AB&A's copying of WCM's products has led to at least two previous lawsuits between WCM and AB&A.

WCM contends that AB&A was aware of and actively monitored WCM's patents and published patent applications, including the patent applications that matured into the '220, '272 and '970 Patents. Specifically, WCM contends that AB&A engaged patent counsel to actively monitor the progress of WCM's published and pending patent applications due to the prospect of AB&A's products infringing on WCM's patent rights.

WCM contends that IPS became aware of AB&A's prior litigations with WCM, and AB&A's monitoring of WCM's published and pending patent applications in approximately June, 2010. WCM contends that IPS required a special indemnification provision in the Asset Purchase Agreement, through which IPS acquired AB&A from Messrs. Robert and Anthony Oropallo, Jr., to address concerns IPS had with respect to the prospect of AB&A's products infringing on WCM's patent rights.

AB&A's own employee confirms that AB&A copied WCM's "Innovator" product. Mr. Todd Ricco, a national sales manager at AB&A from February 2000 until 2010 and now

employed in the same capacity by IPS, testified that he was not "aware of Bob or Tony Oropallo being involved in the process of creating a new product." Further, Mr. Ricco testified that he told Bob Oropallo about WCM's Innovator product because it had generated interest by purchasers of overflow and drain assemblies, and because he wanted to compete with the "Innovator" product in the market. Mr. Ricco testified that he provided Mr. Oropallo with a sample of an "Innovator" product before AB&A had introduced the "Classic" overflow and drain assembly. Following Mr. Ricco's conversation with Mr. Oropallo, AB&A introduced a product that could perform similar to and possessed all the capabilities of WCM's "Innovator" product.

WCM further contends that the components of the "Classic" overflow and drain products are interchangeable with the components of WCM's "Innovator" products, and that such interchangeability is not required by any industry standards or codes.

WCM contends that Mr. Michael O. Jaffa, a representative of AB&A (and now IPS), told Mr. James Engard, a former employee of WCM, "we just wait until Watco introduces a new product, we copy it and get it made cheaper and cut the price in the field." WCM contends that Mr. Jaffa made that statement to additional WCM employees.

In addition to its contention that IPS directly infringes WCM's patent rights, WCM contends that IPS is indirectly infringing by actively contributing to the direct infringement of the asserted claims of the '220 Patent, the '272 Patent and the '970 Patent by purchasers, wholesalers, resellers, contractors, installers, end-users, and others who use the "Classic" overflow and drain assemblies. WCM further contends that IPS is actively inducing the direct infringement of the asserted claims of the '220 Patent, the '272 Patent and the '970 Patent by purchasers, wholesalers, resellers, contractors, installers, end-users, and others who use the "Classic" overflow and drain assemblies.

WCM contends that it is entitled to damages adequate to compensate for IPS's infringement. More specifically, WCM contends that IPS is liable for infringement of the '220 Patent, the '272 Patent and the '970 Patent in the amount of a reasonable royalty, in the range of $1.50 to $1.90 per infringing unit. For the time period between December 2012 and March 2015, IPS sold at least 1,033,935 infringing units, which would result in a damages amount of between $1,550,902.50 and $1,964,476.50. This damages amount is subject to change as additional sales data is provided for additional time periods, and WCM reserves the right to move the Court for an award of additional damages based on IPS's continued sale of infringing "Classic" overflow and drain assemblies occurring after March, 2015.

Furthermore, WCM contends that IPS's infringement of the '220 Patent, the '272 Patent and the '970 Patent was willful, and WCM is entitled to enhanced damages. WCM contends that IPS has acted despite an objectively high likelihood that its actions constituted infringement of a valid patent, and that risk of infringement was either known to IPS or so obvious that it should have been known to IPS. WCM contends that IPS is liable for at least treble the amount of actual damages awarded in this action in light of its willful infringement.

WCM contends that IPS's conduct makes this an exceptional case, entitling WCM to an award of its attorneys' fees and costs incurred in this lawsuit.

**b. IPS Contentions**

IPS contends that the accused 467 products in IPS's "Classic" line were independently designed and developed by Robert and Anthony Oropallo ("the Oropallos") who owned American Brass & Aluminum Foundry, Inc. ("AB&A"). IPS contends that the Oropallos designed the "Classic" waste and overflow at least as early as February 2002. IPS contends that AB&A sought and obtained from the U.S. Patent and trademark office several patents that

disclose and claim its own “Classic” bath waste and overflow products.

IPS contends that AB&A (and subsequently IPS) sold the “Classic” waste and overflow for more than 8 years before the patents in suit were issued. IPS contends that before the filing of this lawsuit it did not have any knowledge of the patents in suit, and that WCM provided IPS with no notice of the patents in suit or its allegation of infringement before WCM filed its complaint. IPS contends that it has not infringed, and does not infringe, any of the asserted patent claims because the accused “Classic” bath waste and over flow products do not infringe Claims 12 and 13 of the ’220 Patent, Claim 1 of the ’970 Patent, and/or Claims 11-13 of the ’272 Patent. IPS contends that WCM has failed to provide or identify evidence regarding purported infringement as to all but two (2) models of accused “Classic” bath waste and overflow products.

IPS contends that its sale of the 14 accused “Classic” rough-in kits does not directly infringe any of the asserted patent claims because, in addition to the above claim elements not present, these rough-in products do not include the accused “cap,” which is required by each of the asserted patent claims.

IPS contends that its sale of the 14 accused “Classic” rough-in kits has not contributed, and does not contribute, to infringement of any of the asserted patent claims because such products are capable of use in a non-infringing manner and because in any event, WCM has not identified any direct infringer who has used the accused “Classic” rough-in kits with the accused “Classic” cap. Additionally, WCM has not accused IPS’s “Classic” trim kits or finish kits of infringing any asserted claim.

IPS contends that its sale of the 14 accused “Classic” rough-in kits has not induced, and does not induce, infringement of any of the asserted patent claims because such products are capable of use in a non-infringing manner and because in any event, WCM has not identified any

direct infringer who has used the accused "Classic" rough-in kits with a "Classic" cap. Additionally, WCM has not accused IPS's "Classic" trim kits or finish kits of infringing any asserted claim. Further, and in addition to IPS's contention that the 467 accused products do not infringe any asserted claim, WCM has not identified any intent on behalf of IPS to induce third parties to infringe. IPS contends that it did not and does not have the requisite intent to induce infringement of any asserted claim.

IPS contends that around June 2014, it revised the locknut as used in its "Classic" products in order to place the design even further removed from the asserted patent claims and to resemble (1) prior art references that WCM distinguished from its alleged invention while negotiating for its patents with the PTO, and (2) prior art lock nuts sold by IPS since at least the early 1990s.

IPS contends that it has not willfully infringed any of the asserted patent claims because its selling of the accused products was not objectively reckless, and there was not, and is not, an objectively high likelihood that is sales of the accused products constituted infringement of a valid patent, and because any such risk of infringement was not known or so obvious that it should have been known to IPS.

IPS contends that the asserted claims are invalid under 35 U.S.C. §§ 102, 103, and/or 112. IPS contends that the following references are all prior art to the asserted claims of the patents in suit:

CH 346 187 A, Gebert & Cie
DE 1 163 257 B, Gebert & Cie
DE 36 03 877 C2, Geberit Ag
Declaration of Manfred Wolpert
EP 0 845 559 A1, Röst
FR 744.099 A, Dimpre
JP Hei 2 -144074 U , Higashi
"New WATCO Eliminator Bath Waste," WATCO, as early as Aug. 8, 2001, pp. 1-2

“Tubular Plastic Innovator® 590,” Woodford Manufacturing Company, first sold Aug. 16, 2001, pp. 1-2
Non-Patent Literature, AB&A Catalog; 1996
Non-Patent Literature, Geberit Installation Manual, Dec. 12, 2012
Geberit Drawing, Fitting No. 150.176.ID.1, Apr. 15, 2008,
Geberit Bath Waste & Overflow Systems Catalog, July 1, 2012, which is the commercial embodiment of at least DE 36 03 877 C2, Geberit Test Plug Installation Manual.
Non-Patent Literature, Spears PVC Scheduling 80 Fittings, May 28, 1996
Non-Patent Literature,”Why choose a Geberit Cable Driven Bath Waster Overflow?”
Non-Patent Literature, “Geberit Bath Waste and Overflow Installation Instruction”
US 1,573,820 A, Gade
US 1,645,027 A, Scott
US 1,669,473 A, Kelso
US 2,915,903 A, Digby et al.
US 2,993,655 A, O’Brien
US 2002/0032926 A1, Lewis
US 4,371,991 A, Schrott
US 4,683,597 A, Taylor, Jr. et al.
US 4,706,482 A, Barber
US 4,890,967 A, Rosenbaum
US 5,025,509 A, Holt et al.
US 5,123,123 A, Hart et al.
US 5,265,281 A, McAlpine
US 5,295,760 A, Rowe
US 5,350,266 A, Espey et al.
US 5,369,815 A, Martin
US 5,377,361 A, Piskula
US 5,507,501 A, Palmer
US 5,692,248 A, Ball
US 5,745,931 A, Ball
US 5,890,241 A, Ball
US 6,066,119 A, Ball
US 6,088,843 A, Francisco
US 6,192,531 B1, Fritz et al.
US 6,216,288 B1, Bernau
US 6,272,699 B1, Peterson
US 6,295,664 B2, Fritz et al.
US 6,508,490 A, Hoffman
US 6,618,875 B1, Oropallo et al.
US 6,640,358, Ball
US 6,687,926 B1, Bayley
US 880,939 B2, Virgo
WCM’s sales of its “Innovator” products[2]

[2] As explained in WCM’s Motion in Limine Regarding Untimely Invalidity and Unenforceability Contentions, IPS should not be permitted to rely on alleged prior art not disclosed in IPS’s Final

AB&A's sales of its "Classic" products[3]

IPS contends that at least the following prior art references anticipate each of the asserted patent claims and thus render those claims invalid pursuant to 35 U.S.C. 102.

CH 346187, Gebert
DE 1 163 257 B, Gebert
U.S. Patent No. 6,192,531, Fritz
U.S. App. No. 09/494,265 (Pub. No. U.S. 2002/0032926) to Lewis
DE 3603877 C2 to Geberit
Non-Patent Literature, "Geberit Bath Waste and Overflow Installation Instruction"
Non-Patent Literature, "Why choose a Geberit Cable Driven Bath Waster Overflow?"
US 6,618,875 B1, Oropallo et al.
WCM's sales of its "Innovator" products[4]
"New WATCO Eliminator Bath Waste," WATCO, as early as Aug. 8, 2001, pp. 1-2
"Tubular Plastic Innovator® 590," Woodford Manufacturing Company, first sold Aug. 16, 2001, pp. 1-2
AB&A's sales of its "Classic" products[5]

IPS contends that at least the following prior art references, either alone or in combination with one another, render each of the asserted patent claims obvious to a person of ordinary skill in the art, and thus render those claims invalid pursuant to 35 U.S.C. 103.

CH 346187, Gebert
DE 1 163 257 B, Gebert
U.S. Patent No. 6,192,531, Fritz
U.S. App. No. 09/494,265 (Pub. No. U.S. 2002/0032926) to Lewis
DE 3603877 C2 to Geberit
Non-Patent Literature, "Geberit Bath Waste and Overflow Installation Instruction"
Non-Patent Literature, "Why choose a Geberit Cable Driven Bath Waster Overflow?"
US 6,618,875 B1, Oropallo et al.
WCM's sales of its "Innovator" products[6]
"New WATCO Eliminator Bath Waste," WATCO, as early as Aug. 8, 2001, pp. 1-2
"Tubular Plastic Innovator® 590," Woodford Manufacturing Company, first sold Aug. 16, 2001, pp. 1-2

---

Invalidity and Unenforceability Contentions (*see* LPR 3.5 & 3.8) and not disclosed until less than thirty days before trial (*see* 35 U.S.C. § 282(c)).

[3] *See* n.2.
[4] *See* n.2.
[5] *See* n.2.
[6] *See* n.2.

AB&A's sales of its "Classic" products[7]
AB&A 1996 Catalog
US 1,573,820 A, Gade
US 1,669,473 A, Kelso
US 5,350,266 A, Espey et al.
US 4,890,967 A, Rosenbaum
Non-Patent Literature, Spears PVC Scheduling 80 Fittings, May 28, 1996
U.S. Patent No. 5,692,248 to Ball
U.S. Patent No. 5,745,931 to Ball
U.S. Patent No.5,265,281 to McAlpine
U.S. Patent No. 5,369,815 to Martin

IPS contends that the asserted claims are invalid as indefinite under 35 U.S.C. § 112 in view of at least WCM's interpretation of the claim terms "lugs" and "cap retention elements."

IPS contends that Claims 12 and 13 of the '220 Patent are only entitled to a priority date of December 10, 2003. IPS contends that Claim 1 of the '970 Patent is only entitled to a priority date of September 15, 2011. IPS contends that claims 11-13 of the '272 Patent are only entitled to a priority of Nov. 30, 2012.

IPS contends that WCM is not entitled to any damages for alleged infringement by IPS because IPS has not infringed any asserted patent claims, and also because all of the asserted patent claims are invalid. However, in the event that the jury finds that IPS has infringed, then IPS contends that damages should be limited to a reasonable royalty on IPS's sales which should be no more than the following:

Between $59,855.32 and $228,749.06 if sales are to include all sales of "Classic" bath waste and overflow products from December 2012 to March of 2015;

Between $30,979.07 and $118,163.40 if sales are to include sales of "Classic" bath waste and overflow products from December 2012 to March of 2015, but excluding sales of "Classic" rough-in kits; and

Between $20,521.94 and $78,428.69 if sales are to include all sales of "Classic" bath waste and overflow products from December 2012 to March of 2015, but excluding sales of "Classic" rough-in kits and excluding sales of "Classic" products made after IPS

[7] *See* n.2.

revised the design of the locknut portion of such products.

IPS contends that WCM's conduct makes this an exceptional case, entitling IPS to an award of its attorneys' fees and costs incurred in this lawsuit.

**5. Uncontested Facts**

1. IPS acquired the assets of AB&A in August, 2010.

2. U.S. Pat. No. 8,302,220 (the "'220 Patent") issued on November 6, 2012.

3. U.S. Pat. No. 8,321,970 (the "'970 Patent") issued on December 4, 2012.

4. U.S. Patent No. 8,584,272 (the "'272 patent") issued on November 19, 2013.

5. The application that issued as the '220 Patent had published by 2010.

6. IPS and WCM compete in the overflow and drain assembly market.

7. IPS and WCM compete for sales of overflow and drain assemblies.

8. IPS exports "Classic" overflow and drain assemblies to Canada from one of its two U.S. based distribution centers.

**6. Contested Facts**

1. Whether certain asserted claim elements identified in WCM's Supplemental Final Infringement Contentions are present under the Doctrine of Equivalents in each of the Accused Products with the "revised locknut."

2. Whether each of the following accused products sold with IPS's "original locknut," separately and independently literally satisfies each claim limitation of Claims 12 and 13 of the '220 Patent, Claim 1 of the '970 Patent, and Claims 11-13 of the '272 Patent:

ABA2225
ABA2229AB
AB2229PB
ABA2229SN
ABA2229VB
ABA2229ORB

ABA2229PN
ABA2229SC
ABA2229SP
ABA2229AN
ABA2229W
ABA2229BI
ABA2229WI
ABA2226
ABA2231AB
ABA2231PB
ABA2231SN
ABA2231VB
ABA2231ORB
ABA2231PN
ABA2231SC
ABA2231SP
ABA2231AN
ABA2231W
ABA2231BI
ABA2231WI
ABA2258
ABA2262SN
ABA2262VB
ABA2231ORB
ABA2259
ABA2263SN
ABA2263VB
ABA2263ORB
ABA2242CS
ABA2246PBCS
ABA2246SNCS
ABA2246VBCS
ABA2246RBCS
ABA2246PNCS
ABA2246WCS
ABA2243CS
ABA2247PBCS
ABA2247SNCS
ABA2247VBCS
ABA2247ORBCS
ABA2247PNCS
ABA2247WCS
ABA2210
ABA2211
ABA2214SN
ABA2214VB

ABA2214ORB
ABA2225FLEX
ABA2225FLEXZ
ABA2229FLEXSN
ABA2229FLEXVB
ABA2229FLEXORB
ABA2226FLEX
ABA2226FLEXZ
ABA2231SNFLEX
ABA2231FLEXVB
ABA2231FLEXORB
ABA2258FLEX
ABA2262FLEXSN
ABA2262FLEXVB
ABA2262FLEXORB
ABA2259FLEX
ABA2263FLEXSN
ABA2263FLEXVB
ABA2263FLEXORB
ABA2242FLEXCS
ABA2246FLEXSNCS
ABA2246FLEXVBCS
ABA2246FLEXORBCS
ABA2243FLEXCS
ABA2247FLEXSNCS
ABA2247FLEXVBCS
ABA2247FLEXORBCS
ABA4017
ABA4020AB
ABA4020PB
ABA4020SN
ABA4020VB
ABA4020ORB
ABA4020PN
ABA4020SC
ABA4020SP
ABA4020AN
ABA4020W
ABA4020BI
ABA4020WI
ABA4018
ABA4021AB
ABA4021PB
ABA4021SN
ABA4021VB
ABA4021ORB

ABA4021PN
ABA4021SC
ABA4021SP
ABA4021AN
ABA4021W
ABA4021BI
ABA4021WI
ABA4025
ABA4028AB
ABA4028PB
ABA4028SN
ABA4028VB
ABA4028ORB
ABA4028PN
ABA4028SC
ABA4028SP
ABA4028AN
ABA4028W
ABA4028BI
ABA4028WI
ABA4026
ABA4029AB
ABA4029PB
ABA4029SN
ABA4029VB
ABA4029ORB
ABA4029PN
ABA4029SC
ABA4029SP
ABA4029AN
ABA4029W
ABA4029BI
ABA4029WI
ABA4050
ABA4053SN
ABA4053VB
ABA4053ORB
ABA4051
ABA4054SN
ABA4054VB
ABA4054ORB
ABA4056
ABA4059SN
ABA4059VB
ABA4059ORB
ABA4057

ABA4060SN
ABA4060VB
ABA4060ORB
ABA4033
ABA4036PBCS
ABA4036SNCS
ABA4036VBCS
ABA4036ORBCS
ABA4036PNCS
ABA4036WCS
ABA4034CS
ABA4037PBCS
ABA4037SNCS
ABA4037VBCS
ABA4037ORBCS
ABA4037PNCS
ABA4037WCS
ABA4040
ABA4044PB
ABA4044SN
ABA4044VB
ABA4044ORB
ABA4044PN
ABA4044W
ABA4041
ABA4045PB
ABA4045SN
ABA4045VB
ABA4045ORB
ABA4045PN
ABA4045W
ABA14506
ABA14507AB
ABA14507PB
ABA14507SN
ABA14507VB
ABA14507ORB
ABA14507PN
ABA14507SC
ABA14507SP
ABA14507AN
ABA14507W
ABA14507BI
ABA14507WI
ABA1450617GA
ABA14507AB17GA

ABP14507PB17GA
ABA14507SN17GA
ABA14507VB17GA
ABA14507ORB17GA
ABA14507PN17GA
ABA14507SC17GA
ABA14507SP17GA
ABA14507AN17GA
ABA14507W17GA
ABA14507BI17GA
ABA14507WI17GA
ABA14508
ABA14509AB
ABA14509PB
ABA14509SN
ABA14509VB
ABA14509ORB
ABA14509PN
ABA14509SC
ABA14509SP
ABA14509AN
ABA14509W
ABA14509BI
ABA14509W
ABA1450817GA
ABA14509AB17GA
ABP14509PB17GA
ABA14509SN17GA
ABA14509VB17GA
ABA14509ORB17GA
ABA14509PN17GA
ABA14509SC17GA
ABA14509SP17GA
ABA14509AN17GA
ABA14509W17GA
ABA14509BI17GA
ABA14509WI17GA
ABA14518
ABA14519SN
ABA14519VB
ABA1451ORB
ABA1451817GA
ABA14519SN17GA
ABA14519VB17GA
ABA14519ORB17GA
ABA14521

ABA14522SN
ABA14522VB
ABA14522ORB
ABA1452117GA
ABA14522SN17GA
ABA14522VB1GA
AB14522ORB17GA
ABA14511S
ABA14512PBS
ABA14512SNS
ABA14512VBS
ABA14512ORBS
ABA14512PNS
ABA14512WS
ABA1451117GAS
ABA14512PBS17GAS
ABA14512SNS17GAS
ABA14512VBS17GAS
ABA14512ORBS17GAS
ABA14512PNS17GAS
ABA14512WS17GAS
ABA14515S
ABA14516PSS
ABA14516SNS
ABA14516VBS
ABA14516ORBS
ABA14516PNS
ABA14516WS
ABA1451517GAS
ABA14516PBS17GAS
ABA14516SNS17GAS
ABA14516VBS17GAS
ABA14516ORBS17GAS
ABA14516PNS17GAS
ABA14516WS17GAS
ABA14407CLS
ABA14417CLS
ABA14427CLS
ABA14437SNCLS
ABA14437VBCLS
ABA14437ORBCLS
ABA14437PNCLS
ABA14437SCCLS
ABA14437SPCLS
ABA14437ANCLS
ABA14437BLCLS

ABA14437WICLS
ABA1440717CLS
ABA14417717CLS
ABA1442717CLS
ABA1443717SNCLS
ABA1443717VBCLS
ABA1443717ORBCLS
ABA1443717PNCLS
ABA1443717SCCLS
ABA1443717SPCLS
ABA1443717ANCLS
ABA1443717BLCLS
ABA1443717WICLS
ABA14408CLS
ABA14418CLS
ABA14428CLS
ABA14438SNCLS
ABA14438VBCLS
ABA14438ORBCLS
ABA14438PNCLS
ABA14438SCCLS
ABA14438SPCLS
ABA14438ANCLS
ABA14438BLCLS
ABA14438WICLS
ABA1440817CLS
ABA1441817CLS
ABA1442817CLS
ABA1443817SNCLS
ABA1443817VBCLS
ABA1443817ORBCLS
ABA1443817PNCLS
ABA1443817SCCLS
ABA1443817SPCLS
ABA1443817ANCLS
ABA1443817BLCLS
ABA1443817WICLS
ABA14357CLS
ABA14387SNCLS
ABA14387VBCLS
ABA14387ORBCLS
ABA14218CS17CLS
ABA14238CS1CLS
ABA14248SNCS17CLS
ABA14248VBCS17CLS
ABA14248ORBC17SCLS

ABA14248PNCS17CLS
ABA14248WCS17CLS
ABA14358CLS
ABA14388SNCLS
ABA14388VBCLS
ABA14388ORBCLS
ABA1435817CLS
ABA14388SN17CLS
ABA14388VB17CLS
ABA14388ORB17CLS
ABA14217CSCLS
ABA14237CSCLS
ABA14247SNCSCLS
ABA14247VBCSCLS
ABA14247ORBCSCLS
ABA14247PNCSCLS
ABA14247WCSCLS
ABA14217CS17CLS
ABA14237CS17CLS
ABA14247SNCS17CLS
ABA14247VBCS17CLS
ABA14247ORBC17SCLS
ABA14247PNCS17CLS
ABA14247WCS17CLS
ABA14218CSCLS
ABA 14218CS17CLS
ABA14238CSCLS
ABA14248SNCSCLS
ABA14248VBCSCLS
ABA14248ORBCSCLS
ABA14248PNCSCLS
ABA14248WCSCLS
ABA1435717CLS
ABA1435717GACLS
ABA14387SN17CLS
ABA14387VB17CLS
ABA14387ORB17CLS
ABA281CLC
ABA282CLC
ABA281LCLC
ABA282LCLC
ABA2217RI
ABA2217RIPZ
ABA2221SNRI
ABA2221VBRI
ABA2221ORBRI

ABA2218RI
ABA22181RICOS
ABA22181RICOT
ABA2218RIM
ABA2218RIZ
ABA2251RIZ
ABA2222SNRI
ABA2222VBRI
ABA2222ORBRI
ABA2217
ABA2217Z
ABA2217PZ
ABA2217M
ABA2221AB
ABA2221PB
ABA2221SN
ABA2221VB
ABA2221ORB
ABA2221PN
ABA2221SC
ABA2221SP
ABA2221AN
ABA2221BI
ABA2221W
ABA2221WI
ABA2218
ABA2218Z
ABA2218PZ
ABA2218M
ABA2222AB
ABA2222PB
ABA2222SN
ABA2222VB
ABA2222ORB
ABA2222PN
ABA2222SC
ABA2222SP
ABA2222AN
ABA2222BI
ABA2222W
ABA2222WI
ABA2250
ABA2250Z
ABA2250MT
ABA2254SN
ABA2254VB

ABA2254ORB
ABA2251
ABA2251Z
ABA2251MT
ABA2255SN
ABA2255VB
ABA2255ORB
ABA2234CS
ABA2238SNCS
ABA2238VBCS
ABA2238ORBCS
ABA2238PNCS
ABA2238BCS
ABA2238PBCS
ABA2238WCS
ABA2235CS
ABA2239SNCS
ABA2239VBCS
ABA2239ORBCS
ABA2239PNCS
ABA2239BCS
ABA2239PBCS
ABA2239WCS
ABA2200
ABA2203SN
ABA2203VB
ABA2203ORB
ABA2201
ABA2204SN
ABA2204VB
ABA2204ORB
ABA2282
ABA2290
ABA2283
ABA2291
ABA2298CS
ABA2306CS
ABA2299CS
ABA2307CS
ABA965033
ABA96504SN3
ABA96504VB3
ABA96504ORB3
ABA965073
ABA96508SN3
ABA96508VB3

ABA96508ORB3[8]

3. Whether each of the following accused products sold with IPS's "revised locknut," separately and independently literally satisfies each claim limitation of Claims 12 and 13 of the '220 Patent, Claim 1 of the '970 Patent, and Claims 11-13 of the '272 Patent:

ABA2225
ABA2229AB
AB2229PB
ABA2229SN
ABA2229VB
ABA2229ORB
ABA2229PN
ABA2229SC
ABA2229SP
ABA2229AN
ABA2229W
ABA2229BI
ABA2229WI
ABA2226
ABA2231AB
ABA2231PB
ABA2231SN
ABA2231VB
ABA2231ORB
ABA2231PN
ABA2231SC
ABA2231SP
ABA2231AN
ABA2231W
ABA2231BI
ABA2231WI
ABA2258
ABA2262SN
ABA2262VB
ABA2231ORB
ABA2259
ABA2263SN
ABA2263VB
ABA2263ORB

[8] WCM objects to the listing of "accused products" as incomplete and not encompassing all of the products identified in WCM's Supplemental Final Infringement Contentions.

ABA2242CS
ABA2246PBCS
ABA2246SNCS
ABA2246VBCS
ABA2246RBCS
ABA2246PNCS
ABA2246WCS
ABA2243CS
ABA2247PBCS
ABA2247SNCS
ABA2247VBCS
ABA2247ORBCS
ABA2247PNCS
ABA2247WCS
ABA2210
ABA2211
ABA2214SN
ABA2214VB
ABA2214ORB
ABA2225FLEX
ABA2225FLEXZ
ABA2229FLEXSN
ABA2229FLEXVB
ABA2229FLEXORB
ABA2226FLEX
ABA2226FLEXZ
ABA2231SNFLEX
ABA2231FLEXVB
ABA2231FLEXORB
ABA2258FLEX
ABA2262FLEXSN
ABA2262FLEXVB
ABA2262FLEXORB
ABA2259FLEX
ABA2263FLEXSN
ABA2263FLEXVB
ABA2263FLEXORB
ABA2242FLEXCS
ABA2246FLEXSNCS
ABA2246FLEXVBCS
ABA2246FLEXORBCS
ABA2243FLEXCS
ABA2247FLEXSNCS
ABA2247FLEXVBCS
ABA2247FLEXORBCS
ABA4017

ABA4020AB
ABA4020PB
ABA4020SN
ABA4020VB
ABA4020ORB
ABA4020PN
ABA4020SC
ABA4020SP
ABA4020AN
ABA4020W
ABA4020BI
ABA4020WI
ABA4018
ABA4021AB
ABA4021PB
ABA4021SN
ABA4021VB
ABA4021ORB
ABA4021PN
ABA4021SC
ABA4021SP
ABA4021AN
ABA4021W
ABA4021BI
ABA4021WI
ABA4025
ABA4028AB
ABA4028PB
ABA4028SN
ABA4028VB
ABA4028ORB
ABA4028PN
ABA4028SC
ABA4028SP
ABA4028AN
ABA4028W
ABA4028BI
ABA4028WI
ABA4026
ABA4029AB
ABA4029PB
ABA4029SN
ABA4029VB
ABA4029ORB
ABA4029PN
ABA4029SC

ABA4029SP
ABA4029AN
ABA4029W
ABA4029BI
ABA4029WI
ABA4050
ABA4053SN
ABA4053VB
ABA4053ORB
ABA4051
ABA4054SN
ABA4054VB
ABA4054ORB
ABA4056
ABA4059SN
ABA4059VB
ABA4059ORB
ABA4057
ABA4060SN
ABA4060VB
ABA4060ORB
ABA4033
ABA4036PBCS
ABA4036SNCS
ABA4036VBCS
ABA4036ORBCS
ABA4036PNCS
ABA4036WCS
ABA4034CS
ABA4037PBCS
ABA4037SNCS
ABA4037VBCS
ABA4037ORBCS
ABA4037PNCS
ABA4037WCS
ABA4040
ABA4044PB
ABA4044SN
ABA4044VB
ABA4044ORB
ABA4044PN
ABA4044W
ABA4041
ABA4045PB
ABA4045SN
ABA4045VB

ABA4045ORB
ABA4045PN
ABA4045W
ABA14506
ABA14507AB
ABA14507PB
ABA14507SN
ABA14507VB
ABA14507ORB
ABA14507PN
ABA14507SC
ABA14507SP
ABA14507AN
ABA14507W
ABA14507BI
ABA14507WI
ABA1450617GA
ABA14507AB17GA
ABP14507PB17GA
ABA14507SN17GA
ABA14507VB17GA
ABA14507ORB17GA
ABA14507PN17GA
ABA14507SC17GA
ABA14507SP17GA
ABA14507AN17GA
ABA14507W17GA
ABA14507BI17GA
ABA14507WI17GA
ABA14508
ABA14509AB
ABA14509PB
ABA14509SN
ABA14509VB
ABA14509ORB
ABA14509PN
ABA14509SC
ABA14509SP
ABA14509AN
ABA14509W
ABA14509BI
ABA14509W
ABA1450817GA
ABA14509AB17GA
ABP14509PB17GA
ABA14509SN17GA

ABA14509VB17GA
ABA14509ORB17GA
ABA14509PN17GA
ABA14509SC17GA
ABA14509SP17GA
ABA14509AN17GA
ABA14509W17GA
ABA14509BI17GA
ABA14509WI17GA
ABA14518
ABA14519SN
ABA14519VB
ABA1451ORB
ABA1451817GA
ABA14519SN17GA
ABA14519VB17GA
ABA14519ORB17GA
ABA14521
ABA14522SN
ABA14522VB
ABA14522ORB
ABA1452117GA
ABA14522SN17GA
ABA14522VB1GA
AB14522ORB17GA
ABA14511S
ABA14512PBS
ABA14512SNS
ABA14512VBS
ABA14512ORBS
ABA14512PNS
ABA14512WS
ABA1451117GAS
ABA14512PBS17GAS
ABA14512SNS17GAS
ABA14512VBS17GAS
ABA14512ORBS17GAS
ABA14512PNS17GAS
ABA14512WS17GAS
ABA14515S
ABA14516PSS
ABA14516SNS
ABA14516VBS
ABA14516ORBS
ABA14516PNS
ABA14516WS

ABA1451517GAS
ABA14516PBS17GAS
ABA14516SNS17GAS
ABA14516VBS17GAS
ABA14516ORBS17GAS
ABA14516PNS17GAS
ABA14516WS17GAS
ABA14407CLS
ABA14417CLS
ABA14427CLS
ABA14437SNCLS
ABA14437VBCLS
ABA14437ORBCLS
ABA14437PNCLS
ABA14437SCCLS
ABA14437SPCLS
ABA14437ANCLS
ABA14437BLCLS
ABA14437WICLS
ABA1440717CLS
ABA14417717CLS
ABA1442717CLS
ABA1443717SNCLS
ABA1443717VBCLS
ABA1443717ORBCLS
ABA1443717PNCLS
ABA1443717SCCLS
ABA1443717SPCLS
ABA1443717ANCLS
ABA1443717BLCLS
ABA1443717WICLS
ABA14408CLS
ABA14418CLS
ABA14428CLS
ABA14438SNCLS
ABA14438VBCLS
ABA14438ORBCLS
ABA14438PNCLS
ABA14438SCCLS
ABA14438SPCLS
ABA14438ANCLS
ABA14438BLCLS
ABA14438WICLS
ABA1440817CLS
ABA1441817CLS
ABA1442817CLS

ABA1443817SNCLS
ABA1443817VBCLS
ABA1443817ORBCLS
ABA1443817PNCLS
ABA1443817SCCLS
ABA1443817SPCLS
ABA1443817ANCLS
ABA1443817BLCLS
ABA1443817WICLS
ABA14357CLS
ABA14387SNCLS
ABA14387VBCLS
ABA14387ORBCLS
ABA14218CS17CLS
ABA14238CS1CLS
ABA14248SNCS17CLS
ABA14248VBCS17CLS
ABA14248ORBC17SCLS
ABA14248PNCS17CLS
ABA14248WCS17CLS
ABA14358CLS
ABA14388SNCLS
ABA14388VBCLS
ABA14388ORBCLS
ABA1435817CLS
ABA14388SN17CLS
ABA14388VB17CLS
ABA14388ORB17CLS
ABA14217CSCLS
ABA14237CSCLS
ABA14247SNCSCLS
ABA14247VBCSCLS
ABA14247ORBCSCLS
ABA14247PNCSCLS
ABA14247WCSCLS
ABA14217CS17CLS
ABA14237CS17CLS
ABA14247SNCS17CLS
ABA14247VBCS17CLS
ABA14247ORBC17SCLS
ABA14247PNCS17CLS
ABA14247WCS17CLS
ABA14218CSCLS
ABA 14218CS17CLS
ABA14238CSCLS
ABA14248SNCSCLS

ABA14248VBCSCLS
ABA14248ORBCSCLS
ABA14248PNCSCLS
ABA14248WCSCLS
ABA1435717CLS
ABA1435717GACLS
ABA14387SN17CLS
ABA14387VB17CLS
ABA14387ORB17CLS
ABA281CLC
ABA282CLC
ABA281LCLC
ABA282LCLC
ABA2217RI
ABA2217RIPZ
ABA2221SNRI
ABA2221VBRI
ABA2221ORBRI
ABA2218RI
ABA22181RICOS
ABA22181RICOT
ABA2218RIM
ABA2218RIZ
ABA2251RIZ
ABA2222SNRI
ABA2222VBRI
ABA2222ORBRI
ABA2217
ABA2217Z
ABA2217PZ
ABA2217M
ABA2221AB
ABA2221PB
ABA2221SN
ABA2221VB
ABA2221ORB
ABA2221PN
ABA2221SC
ABA2221SP
ABA2221AN
ABA2221BI
ABA2221W
ABA2221WI
ABA2218
ABA2218Z
ABA2218PZ

ABA2218M
ABA2222AB
ABA2222PB
ABA2222SN
ABA2222VB
ABA2222ORB
ABA2222PN
ABA2222SC
ABA2222SP
ABA2222AN
ABA2222BI
ABA2222W
ABA2222WI
ABA2250
ABA2250Z
ABA2250MT
ABA2254SN
ABA2254VB
ABA2254ORB
ABA2251
ABA2251Z
ABA2251MT
ABA2255SN
ABA2255VB
ABA2255ORB
ABA2234CS
ABA2238SNCS
ABA2238VBCS
ABA2238ORBCS
ABA2238PNCS
ABA2238BCS
ABA2238PBCS
ABA2238WCS
ABA2235CS
ABA2239SNCS
ABA2239VBCS
ABA2239ORBCS
ABA2239PNCS
ABA2239BCS
ABA2239PBCS
ABA2239WCS
ABA2200
ABA2203SN
ABA2203VB
ABA2203ORB
ABA2201

ABA2204SN
ABA2204VB
ABA2204ORB
ABA2282
ABA2290
ABA2283
ABA2291
ABA2298CS
ABA2306CS
ABA2299CS
ABA2307CS
ABA965033
ABA96504SN3
ABA96504VB3
ABA96504ORB3
ABA965073
ABA96508SN3
ABA96508VB3
ABA96508ORB3

4. Whether each of the following accused products sold with IPS's "revised locknut," separately and independently satisfies each claim limitation of Claims 12 and 13 of the '220 Patent, Claim 1 of the '970 Patent, and Claims 11-13 of the '272 Patent under the doctrine of equivalents:

ABA2225
ABA2229AB
AB2229PB
ABA2229SN
ABA2229VB
ABA2229ORB
ABA2229PN
ABA2229SC
ABA2229SP
ABA2229AN
ABA2229W
ABA2229BI
ABA2229WI
ABA2226
ABA2231AB
ABA2231PB
ABA2231SN
ABA2231VB

ABA2231ORB
ABA2231PN
ABA2231SC
ABA2231SP
ABA2231AN
ABA2231W
ABA2231BI
ABA2231WI
ABA2258
ABA2262SN
ABA2262VB
ABA2231ORB
ABA2259
ABA2263SN
ABA2263VB
ABA2263ORB
ABA2242CS
ABA2246PBCS
ABA2246SNCS
ABA2246VBCS
ABA2246RBCS
ABA2246PNCS
ABA2246WCS
ABA2243CS
ABA2247PBCS
ABA2247SNCS
ABA2247VBCS
ABA2247ORBCS
ABA2247PNCS
ABA2247WCS
ABA2210
ABA2211
ABA2214SN
ABA2214VB
ABA2214ORB
ABA2225FLEX
ABA2225FLEXZ
ABA2229FLEXSN
ABA2229FLEXVB
ABA2229FLEXORB
ABA2226FLEX
ABA2226FLEXZ
ABA2231SNFLEX
ABA2231FLEXVB
ABA2231FLEXORB
ABA2258FLEX

ABA2262FLEXSN
ABA2262FLEXVB
ABA2262FLEXORB
ABA2259FLEX
ABA2263FLEXSN
ABA2263FLEXVB
ABA2263FLEXORB
ABA2242FLEXCS
ABA2246FLEXSNCS
ABA2246FLEXVBCS
ABA2246FLEXORBCS
ABA2243FLEXCS
ABA2247FLEXSNCS
ABA2247FLEXVBCS
ABA2247FLEXORBCS
ABA4017
ABA4020AB
ABA4020PB
ABA4020SN
ABA4020VB
ABA4020ORB
ABA4020PN
ABA4020SC
ABA4020SP
ABA4020AN
ABA4020W
ABA4020BI
ABA4020WI
ABA4018
ABA4021AB
ABA4021PB
ABA4021SN
ABA4021VB
ABA4021ORB
ABA4021PN
ABA4021SC
ABA4021SP
ABA4021AN
ABA4021W
ABA4021BI
ABA4021WI
ABA4025
ABA4028AB
ABA4028PB
ABA4028SN
ABA4028VB

ABA4028ORB
ABA4028PN
ABA4028SC
ABA4028SP
ABA4028AN
ABA4028W
ABA4028BI
ABA4028WI
ABA4026
ABA4029AB
ABA4029PB
ABA4029SN
ABA4029VB
ABA4029ORB
ABA4029PN
ABA4029SC
ABA4029SP
ABA4029AN
ABA4029W
ABA4029BI
ABA4029WI
ABA4050
ABA4053SN
ABA4053VB
ABA4053ORB
ABA4051
ABA4054SN
ABA4054VB
ABA4054ORB
ABA4056
ABA4059SN
ABA4059VB
ABA4059ORB
ABA4057
ABA4060SN
ABA4060VB
ABA4060ORB
ABA4033
ABA4036PBCS
ABA4036SNCS
ABA4036VBCS
ABA4036ORBCS
ABA4036PNCS
ABA4036WCS
ABA4034CS
ABA4037PBCS

ABA4037SNCS
ABA4037VBCS
ABA4037ORBCS
ABA4037PNCS
ABA4037WCS
ABA4040
ABA4044PB
ABA4044SN
ABA4044VB
ABA4044ORB
ABA4044PN
ABA4044W
ABA4041
ABA4045PB
ABA4045SN
ABA4045VB
ABA4045ORB
ABA4045PN
ABA4045W
ABA14506
ABA14507AB
ABA14507PB
ABA14507SN
ABA14507VB
ABA14507ORB
ABA14507PN
ABA14507SC
ABA14507SP
ABA14507AN
ABA14507W
ABA14507BI
ABA14507WI
ABA1450617GA
ABA14507AB17GA
ABP14507PB17GA
ABA14507SN17GA
ABA14507VB17GA
ABA14507ORB17GA
ABA14507PN17GA
ABA14507SC17GA
ABA14507SP17GA
ABA14507AN17GA
ABA14507W17GA
ABA14507BI17GA
ABA14507WI17GA
ABA14508

ABA14509AB
ABA14509PB
ABA14509SN
ABA14509VB
ABA14509ORB
ABA14509PN
ABA14509SC
ABA14509SP
ABA14509AN
ABA14509W
ABA14509BI
ABA14509W
ABA1450817GA
ABA14509AB17GA
ABP14509PB17GA
ABA14509SN17GA
ABA14509VB17GA
ABA14509ORB17GA
ABA14509PN17GA
ABA14509SC17GA
ABA14509SP17GA
ABA14509AN17GA
ABA14509W17GA
ABA14509BI17GA
ABA14509WI17GA
ABA14518
ABA14519SN
ABA14519VB
ABA1451ORB
ABA1451817GA
ABA14519SN17GA
ABA14519VB17GA
ABA14519ORB17GA
ABA14521
ABA14522SN
ABA14522VB
ABA14522ORB
ABA1452117GA
ABA14522SN17GA
ABA14522VB1GA
AB14522ORB17GA
ABA14511S
ABA14512PBS
ABA14512SNS
ABA14512VBS
ABA14512ORBS

ABA14512PNS
ABA14512WS
ABA1451117GAS
ABA14512PBS17GAS
ABA14512SNS17GAS
ABA14512VBS17GAS
ABA14512ORBS17GAS
ABA14512PNS17GAS
ABA14512WS17GAS
ABA14515S
ABA14516PSS
ABA14516SNS
ABA14516VBS
ABA14516ORBS
ABA14516PNS
ABA14516WS
ABA1451517GAS
ABA14516PBS17GAS
ABA14516SNS17GAS
ABA14516VBS17GAS
ABA14516ORBS17GAS
ABA14516PNS17GAS
ABA14516WS17GAS
ABA14407CLS
ABA14417CLS
ABA14427CLS
ABA14437SNCLS
ABA14437VBCLS
ABA14437ORBCLS
ABA14437PNCLS
ABA14437SCCLS
ABA14437SPCLS
ABA14437ANCLS
ABA14437BLCLS
ABA14437WICLS
ABA1440717CLS
ABA14417717CLS
ABA1442717CLS
ABA1443717SNCLS
ABA1443717VBCLS
ABA1443717ORBCLS
ABA1443717PNCLS
ABA1443717SCCLS
ABA1443717SPCLS
ABA1443717ANCLS
ABA1443717BLCLS

ABA1443717WICLS
ABA14408CLS
ABA14418CLS
ABA14428CLS
ABA14438SNCLS
ABA14438VBCLS
ABA14438ORBCLS
ABA14438PNCLS
ABA14438SCCLS
ABA14438SPCLS
ABA14438ANCLS
ABA14438BLCLS
ABA14438WICLS
ABA1440817CLS
ABA1441817CLS
ABA1442817CLS
ABA1443817SNCLS
ABA1443817VBCLS
ABA1443817ORBCLS
ABA1443817PNCLS
ABA1443817SCCLS
ABA1443817SPCLS
ABA1443817ANCLS
ABA1443817BLCLS
ABA1443817WICLS
ABA14357CLS
ABA14387SNCLS
ABA14387VBCLS
ABA14387ORBCLS
ABA14218CS17CLS
ABA14238CS1CLS
ABA14248SNCS17CLS
ABA14248VBCS17CLS
ABA14248ORBC17SCLS
ABA14248PNCS17CLS
ABA14248WCS17CLS
ABA14358CLS
ABA14388SNCLS
ABA14388VBCLS
ABA14388ORBCLS
ABA1435817CLS
ABA14388SN17CLS
ABA14388VB17CLS
ABA14388ORB17CLS
ABA14217CSCLS
ABA14237CSCLS

ABA14247SNCSCLS
ABA14247VBCSCLS
ABA14247ORBCSCLS
ABA14247PNCSCLS
ABA14247WCSCLS
ABA14217CS17CLS
ABA14237CS17CLS
ABA14247SNCS17CLS
ABA14247VBCS17CLS
ABA14247ORBC17SCLS
ABA14247PNCS17CLS
ABA14247WCS17CLS
ABA14218CSCLS
ABA 14218CS17CLS
ABA14238CSCLS
ABA14248SNCSCLS
ABA14248VBCSCLS
ABA14248ORBCSCLS
ABA14248PNCSCLS
ABA14248WCSCLS
ABA1435717CLS
ABA1435717GACLS
ABA14387SN17CLS
ABA14387VB17CLS
ABA14387ORB17CLS
ABA281CLC
ABA282CLC
ABA281LCLC
ABA282LCLC
ABA2217RI
ABA2217RIPZ
ABA2221SNRI
ABA2221VBRI
ABA2221ORBRI
ABA2218RI
ABA22181RICOS
ABA22181RICOT
ABA2218RIM
ABA2218RIZ
ABA2251RIZ
ABA2222SNRI
ABA2222VBRI
ABA2222ORBRI
ABA2217
ABA2217Z
ABA2217PZ

ABA2217M
ABA2221AB
ABA2221PB
ABA2221SN
ABA2221VB
ABA2221ORB
ABA2221PN
ABA2221SC
ABA2221SP
ABA2221AN
ABA2221BI
ABA2221W
ABA2221WI
ABA2218
ABA2218Z
ABA2218PZ
ABA2218M
ABA2222AB
ABA2222PB
ABA2222SN
ABA2222VB
ABA2222ORB
ABA2222PN
ABA2222SC
ABA2222SP
ABA2222AN
ABA2222BI
ABA2222W
ABA2222WI
ABA2250
ABA2250Z
ABA2250MT
ABA2254SN
ABA2254VB
ABA2254ORB
ABA2251
ABA2251Z
ABA2251MT
ABA2255SN
ABA2255VB
ABA2255ORB
ABA2234CS
ABA2238SNCS
ABA2238VBCS
ABA2238ORBCS
ABA2238PNCS

ABA2238BCS
ABA2238PBCS
ABA2238WCS
ABA2235CS
ABA2239SNCS
ABA2239VBCS
ABA2239ORBCS
ABA2239PNCS
ABA2239BCS
ABA2239PBCS
ABA2239WCS
ABA2200
ABA2203SN
ABA2203VB
ABA2203ORB
ABA2201
ABA2204SN
ABA2204VB
ABA2204ORB
ABA2282
ABA2290
ABA2283
ABA2291
ABA2298CS
ABA2306CS
ABA2299CS
ABA2307CS
ABA965033
ABA96504SN3
ABA96504VB3
ABA96504ORB3
ABA965073
ABA96508SN3
ABA96508VB3
ABA96508ORB3

5. Whether Claims 12 and 13 of the ’220 Patent, Claim 1 of the ’970 Patent, and/or Claims 11-13 of the ’272 Patent are invalid as anticipated under 35 U.S.C. § 102 in view of:

CH 346187, Gebert
DE 1 163 257 B, Gebert
U.S. Patent No. 6,192,531, Fritz
U.S. App. No. 09/494,265 (Pub. No. U.S. 2002/0032926) to Lewis
DE 3603877 C2 to Geberit
Non-Patent Literature, “Geberit Bath Waste and Overflow Installation Instruction”

Non-Patent Literature, "Why choose a Geberit Cable Driven Bath Waster Overflow?"
US 6,618,875 B1, Oropallo et al.
WCM's sales of its "Innovator" products[9]
"New WATCO Eliminator Bath Waste," WATCO, as early as Aug. 8, 2001, pp. 1-2
"Tubular Plastic Innovator® 590," Woodford Manufacturing Company, first sold Aug. 16, 2001, pp. 1-2
AB&A's sales of its "Classic" products[10]

6. Whether Claims 12 and 13 of the '220 Patent are entitled to a priority date earlier than December 10, 2003.

7. Whether Claim 1 of the '970 Patent is entitled to a priority date earlier than September 15, 2011.

8. Whether Claims 11-13 of the '272 Patent are entitled to a priority date earlier than Nov. 30, 2012.

9. Whether Claims 12 and 13 of the '220 Patent, Claim 1 of the '970 Patent, and/or Claims 11-13 of the '272 Patent were directly infringed by a third party using any of the following "rough-in" products from IPS's "Classic" line of products:

ABA2217RI
ABA2217RIPZ
ABA2221SNRI
ABA2221VBRI
ABA2221ORBRI
ABA2218RI
ABA22181RICOS
ABA22181RICOT
ABA2218RIM
ABA2218RIZ
ABA2251RIZ
ABA2222SNRI
ABA2222VBRI
ABA2222ORBRI

10. Whether IPS has induced a third party to infringe Claims 12 and 13 of the '220

[9] *See* n.2.
[10] *See* n.2.

Patent, Claim 1 of the ’970 Patent, and/or Claims 11-13 of the ’272 Patent through its sale of any of the following accused products with either the “original” or “revised” “locknut:”

ABA2225
ABA2229AB
AB2229PB
ABA2229SN
ABA2229VB
ABA2229ORB
ABA2229PN
ABA2229SC
ABA2229SP
ABA2229AN
ABA2229W
ABA2229BI
ABA2229WI
ABA2226
ABA2231AB
ABA2231PB
ABA2231SN
ABA2231VB
ABA2231ORB
ABA2231PN
ABA2231SC
ABA2231SP
ABA2231AN
ABA2231W
ABA2231BI
ABA2231WI
ABA2258
ABA2262SN
ABA2262VB
ABA2231ORB
ABA2259
ABA2263SN
ABA2263VB
ABA2263ORB
ABA2242CS
ABA2246PBCS
ABA2246SNCS
ABA2246VBCS
ABA2246RBCS
ABA2246PNCS
ABA2246WCS

ABA2243CS
ABA2247PBCS
ABA2247SNCS
ABA2247VBCS
ABA2247ORBCS
ABA2247PNCS
ABA2247WCS
ABA2210
ABA2211
ABA2214SN
ABA2214VB
ABA2214ORB
ABA2225FLEX
ABA2225FLEXZ
ABA2229FLEXSN
ABA2229FLEXVB
ABA2229FLEXORB
ABA2226FLEX
ABA2226FLEXZ
ABA2231SNFLEX
ABA2231FLEXVB
ABA2231FLEXORB
ABA2258FLEX
ABA2262FLEXSN
ABA2262FLEXVB
ABA2262FLEXORB
ABA2259FLEX
ABA2263FLEXSN
ABA2263FLEXVB
ABA2263FLEXORB
ABA2242FLEXCS
ABA2246FLEXSNCS
ABA2246FLEXVBCS
ABA2246FLEXORBCS
ABA2243FLEXCS
ABA2247FLEXSNCS
ABA2247FLEXVBCS
ABA2247FLEXORBCS
ABA4017
ABA4020AB
ABA4020PB
ABA4020SN
ABA4020VB
ABA4020ORB
ABA4020PN
ABA4020SC

ABA4020SP
ABA4020AN
ABA4020W
ABA4020BI
ABA4020WI
ABA4018
ABA4021AB
ABA4021PB
ABA4021SN
ABA4021VB
ABA4021ORB
ABA4021PN
ABA4021SC
ABA4021SP
ABA4021AN
ABA4021W
ABA4021BI
ABA4021WI
ABA4025
ABA4028AB
ABA4028PB
ABA4028SN
ABA4028VB
ABA4028ORB
ABA4028PN
ABA4028SC
ABA4028SP
ABA4028AN
ABA4028W
ABA4028BI
ABA4028WI
ABA4026
ABA4029AB
ABA4029PB
ABA4029SN
ABA4029VB
ABA4029ORB
ABA4029PN
ABA4029SC
ABA4029SP
ABA4029AN
ABA4029W
ABA4029BI
ABA4029WI
ABA4050
ABA4053SN

ABA4053VB
ABA4053ORB
ABA4051
ABA4054SN
ABA4054VB
ABA4054ORB
ABA4056
ABA4059SN
ABA4059VB
ABA4059ORB
ABA4057
ABA4060SN
ABA4060VB
ABA4060ORB
ABA4033
ABA4036PBCS
ABA4036SNCS
ABA4036VBCS
ABA4036ORBCS
ABA4036PNCS
ABA4036WCS
ABA4034CS
ABA4037PBCS
ABA4037SNCS
ABA4037VBCS
ABA4037ORBCS
ABA4037PNCS
ABA4037WCS
ABA4040
ABA4044PB
ABA4044SN
ABA4044VB
ABA4044ORB
ABA4044PN
ABA4044W
ABA4041
ABA4045PB
ABA4045SN
ABA4045VB
ABA4045ORB
ABA4045PN
ABA4045W
ABA14506
ABA14507AB
ABA14507PB
ABA14507SN

ABA14507VB
ABA14507ORB
ABA14507PN
ABA14507SC
ABA14507SP
ABA14507AN
ABA14507W
ABA14507BI
ABA14507WI
ABA1450617GA
ABA14507AB17GA
ABP14507PB17GA
ABA14507SN17GA
ABA14507VB17GA
ABA14507ORB17GA
ABA14507PN17GA
ABA14507SC17GA
ABA14507SP17GA
ABA14507AN17GA
ABA14507W17GA
ABA14507BI17GA
ABA14507WI17GA
ABA14508
ABA14509AB
ABA14509PB
ABA14509SN
ABA14509VB
ABA14509ORB
ABA14509PN
ABA14509SC
ABA14509SP
ABA14509AN
ABA14509W
ABA14509BI
ABA14509W
ABA1450817GA
ABA14509AB17GA
ABP14509PB17GA
ABA14509SN17GA
ABA14509VB17GA
ABA14509ORB17GA
ABA14509PN17GA
ABA14509SC17GA
ABA14509SP17GA
ABA14509AN17GA
ABA14509W17GA

ABA14509BI17GA
ABA14509WI17GA
ABA14518
ABA14519SN
ABA14519VB
ABA1451ORB
ABA1451817GA
ABA14519SN17GA
ABA14519VB17GA
ABA14519ORB17GA
ABA14521
ABA14522SN
ABA14522VB
ABA14522ORB
ABA1452117GA
ABA14522SN17GA
ABA14522VB1GA
AB14522ORB17GA
ABA14511S
ABA14512PBS
ABA14512SNS
ABA14512VBS
ABA14512ORBS
ABA14512PNS
ABA14512WS
ABA1451117GAS
ABA14512PBS17GAS
ABA14512SNS17GAS
ABA14512VBS17GAS
ABA14512ORBS17GAS
ABA14512PNS17GAS
ABA14512WS17GAS
ABA14515S
ABA14516PSS
ABA14516SNS
ABA14516VBS
ABA14516ORBS
ABA14516PNS
ABA14516WS
ABA1451517GAS
ABA14516PBS17GAS
ABA14516SNS17GAS
ABA14516VBS17GAS
ABA14516ORBS17GAS
ABA14516PNS17GAS
ABA14516WS17GAS

ABA14407CLS
ABA14417CLS
ABA14427CLS
ABA14437SNCLS
ABA14437VBCLS
ABA14437ORBCLS
ABA14437PNCLS
ABA14437SCCLS
ABA14437SPCLS
ABA14437ANCLS
ABA14437BLCLS
ABA14437WICLS
ABA1440717CLS
ABA14417717CLS
ABA1442717CLS
ABA1443717SNCLS
ABA1443717VBCLS
ABA1443717ORBCLS
ABA1443717PNCLS
ABA1443717SCCLS
ABA1443717SPCLS
ABA1443717ANCLS
ABA1443717BLCLS
ABA1443717WICLS
ABA14408CLS
ABA14418CLS
ABA14428CLS
ABA14438SNCLS
ABA14438VBCLS
ABA14438ORBCLS
ABA14438PNCLS
ABA14438SCCLS
ABA14438SPCLS
ABA14438ANCLS
ABA14438BLCLS
ABA14438WICLS
ABA1440817CLS
ABA1441817CLS
ABA1442817CLS
ABA1443817SNCLS
ABA1443817VBCLS
ABA1443817ORBCLS
ABA1443817PNCLS
ABA1443817SCCLS
ABA1443817SPCLS
ABA1443817ANCLS

ABA1443817BLCLS
ABA1443817WICLS
ABA14357CLS
ABA14387SNCLS
ABA14387VBCLS
ABA14387ORBCLS
ABA14218CS17CLS
ABA14238CS1CLS
ABA14248SNCS17CLS
ABA14248VBCS17CLS
ABA14248ORBC17SCLS
ABA14248PNCS17CLS
ABA14248WCS17CLS
ABA14358CLS
ABA14388SNCLS
ABA14388VBCLS
ABA14388ORBCLS
ABA1435817CLS
ABA14388SN17CLS
ABA14388VB17CLS
ABA14388ORB17CLS
ABA14217CSCLS
ABA14237CSCLS
ABA14247SNCSCLS
ABA14247VBCSCLS
ABA14247ORBCSCLS
ABA14247PNCSCLS
ABA14247WCSCLS
ABA14217CS17CLS
ABA14237CS17CLS
ABA14247SNCS17CLS
ABA14247VBCS17CLS
ABA14247ORBC17SCLS
ABA14247PNCS17CLS
ABA14247WCS17CLS
ABA14218CSCLS
ABA 14218CS17CLS
ABA14238CSCLS
ABA14248SNCSCLS
ABA14248VBCSCLS
ABA14248ORBCSCLS
ABA14248PNCSCLS
ABA14248WCSCLS
ABA1435717CLS
ABA1435717GACLS
ABA14387SN17CLS

ABA14387VB17CLS
ABA14387ORB17CLS
ABA281CLC
ABA282CLC
ABA281LCLC
ABA282LCLC
ABA2217RI
ABA2217RIPZ
ABA2221SNRI
ABA2221VBRI
ABA2221ORBRI
ABA2218RI
ABA22181RICOS
ABA22181RICOT
ABA2218RIM
ABA2218RIZ
ABA2251RIZ
ABA2222SNRI
ABA2222VBRI
ABA2222ORBRI
ABA2217
ABA2217Z
ABA2217PZ
ABA2217M
ABA2221AB
ABA2221PB
ABA2221SN
ABA2221VB
ABA2221ORB
ABA2221PN
ABA2221SC
ABA2221SP
ABA2221AN
ABA2221BI
ABA2221W
ABA2221WI
ABA2218
ABA2218Z
ABA2218PZ
ABA2218M
ABA2222AB
ABA2222PB
ABA2222SN
ABA2222VB
ABA2222ORB
ABA2222PN

ABA2222SC
ABA2222SP
ABA2222AN
ABA2222BI
ABA2222W
ABA2222WI
ABA2250
ABA2250Z
ABA2250MT
ABA2254SN
ABA2254VB
ABA2254ORB
ABA2251
ABA2251Z
ABA2251MT
ABA2255SN
ABA2255VB
ABA2255ORB
ABA2234CS
ABA2238SNCS
ABA2238VBCS
ABA2238ORBCS
ABA2238PNCS
ABA2238BCS
ABA2238PBCS
ABA2238WCS
ABA2235CS
ABA2239SNCS
ABA2239VBCS
ABA2239ORBCS
ABA2239PNCS
ABA2239BCS
ABA2239PBCS
ABA2239WCS
ABA2200
ABA2203SN
ABA2203VB
ABA2203ORB
ABA2201
ABA2204SN
ABA2204VB
ABA2204ORB
ABA2282
ABA2290
ABA2283
ABA2291

ABA2298CS
ABA2306CS
ABA2299CS
ABA2307CS
ABA965033
ABA96504SN3
ABA96504VB3
ABA96504ORB3
ABA965073
ABA96508SN3
ABA96508VB3
ABA96508ORB3

11. Whether IPS is liable for contributory infringement of Claims 12 and 13 of the ‘220 Patent, Claim 1 of the ‘970 Patent, and/or Claims 11-13 of the ‘272 Patent through its sale of any of the following accused products with either the “original” or “revised” “locknut:”

ABA2225
ABA2229AB
AB2229PB
ABA2229SN
ABA2229VB
ABA2229ORB
ABA2229PN
ABA2229SC
ABA2229SP
ABA2229AN
ABA2229W
ABA2229BI
ABA2229WI
ABA2226
ABA2231AB
ABA2231PB
ABA2231SN
ABA2231VB
ABA2231ORB
ABA2231PN
ABA2231SC
ABA2231SP
ABA2231AN
ABA2231W
ABA2231BI
ABA2231WI
ABA2258

ABA2262SN
ABA2262VB
ABA2231ORB
ABA2259
ABA2263SN
ABA2263VB
ABA2263ORB
ABA2242CS
ABA2246PBCS
ABA2246SNCS
ABA2246VBCS
ABA2246RBCS
ABA2246PNCS
ABA2246WCS
ABA2243CS
ABA2247PBCS
ABA2247SNCS
ABA2247VBCS
ABA2247ORBCS
ABA2247PNCS
ABA2247WCS
ABA2210
ABA2211
ABA2214SN
ABA2214VB
ABA2214ORB
ABA2225FLEX
ABA2225FLEXZ
ABA2229FLEXSN
ABA2229FLEXVB
ABA2229FLEXORB
ABA2226FLEX
ABA2226FLEXZ
ABA2231SNFLEX
ABA2231FLEXVB
ABA2231FLEXORB
ABA2258FLEX
ABA2262FLEXSN
ABA2262FLEXVB
ABA2262FLEXORB
ABA2259FLEX
ABA2263FLEXSN
ABA2263FLEXVB
ABA2263FLEXORB
ABA2242FLEXCS
ABA2246FLEXSNCS

ABA2246FLEXVBCS
ABA2246FLEXORBCS
ABA2243FLEXCS
ABA2247FLEXSNCS
ABA2247FLEXVBCS
ABA2247FLEXORBCS
ABA4017
ABA4020AB
ABA4020PB
ABA4020SN
ABA4020VB
ABA4020ORB
ABA4020PN
ABA4020SC
ABA4020SP
ABA4020AN
ABA4020W
ABA4020BI
ABA4020WI
ABA4018
ABA4021AB
ABA4021PB
ABA4021SN
ABA4021VB
ABA4021ORB
ABA4021PN
ABA4021SC
ABA4021SP
ABA4021AN
ABA4021W
ABA4021BI
ABA4021WI
ABA4025
ABA4028AB
ABA4028PB
ABA4028SN
ABA4028VB
ABA4028ORB
ABA4028PN
ABA4028SC
ABA4028SP
ABA4028AN
ABA4028W
ABA4028BI
ABA4028WI
ABA4026

ABA4029AB
ABA4029PB
ABA4029SN
ABA4029VB
ABA4029ORB
ABA4029PN
ABA4029SC
ABA4029SP
ABA4029AN
ABA4029W
ABA4029BI
ABA4029WI
ABA4050
ABA4053SN
ABA4053VB
ABA4053ORB
ABA4051
ABA4054SN
ABA4054VB
ABA4054ORB
ABA4056
ABA4059SN
ABA4059VB
ABA4059ORB
ABA4057
ABA4060SN
ABA4060VB
ABA4060ORB
ABA4033
ABA4036PBCS
ABA4036SNCS
ABA4036VBCS
ABA4036ORBCS
ABA4036PNCS
ABA4036WCS
ABA4034CS
ABA4037PBCS
ABA4037SNCS
ABA4037VBCS
ABA4037ORBCS
ABA4037PNCS
ABA4037WCS
ABA4040
ABA4044PB
ABA4044SN
ABA4044VB

ABA4044ORB
ABA4044PN
ABA4044W
ABA4041
ABA4045PB
ABA4045SN
ABA4045VB
ABA4045ORB
ABA4045PN
ABA4045W
ABA14506
ABA14507AB
ABA14507PB
ABA14507SN
ABA14507VB
ABA14507ORB
ABA14507PN
ABA14507SC
ABA14507SP
ABA14507AN
ABA14507W
ABA14507BI
ABA14507WI
ABA1450617GA
ABA14507AB17GA
ABP14507PB17GA
ABA14507SN17GA
ABA14507VB17GA
ABA14507ORB17GA
ABA14507PN17GA
ABA14507SC17GA
ABA14507SP17GA
ABA14507AN17GA
ABA14507W17GA
ABA14507BI17GA
ABA14507WI17GA
ABA14508
ABA14509AB
ABA14509PB
ABA14509SN
ABA14509VB
ABA14509ORB
ABA14509PN
ABA14509SC
ABA14509SP
ABA14509AN

ABA14509W
ABA14509BI
ABA14509W
ABA1450817GA
ABA14509AB17GA
ABP14509PB17GA
ABA14509SN17GA
ABA14509VB17GA
ABA14509ORB17GA
ABA14509PN17GA
ABA14509SC17GA
ABA14509SP17GA
ABA14509AN17GA
ABA14509W17GA
ABA14509BI17GA
ABA14509WI17GA
ABA14518
ABA14519SN
ABA14519VB
ABA1451ORB
ABA1451817GA
ABA14519SN17GA
ABA14519VB17GA
ABA14519ORB17GA
ABA14521
ABA14522SN
ABA14522VB
ABA14522ORB
ABA1452117GA
ABA14522SN17GA
ABA14522VB1GA
AB14522ORB17GA
ABA14511S
ABA14512PBS
ABA14512SNS
ABA14512VBS
ABA14512ORBS
ABA14512PNS
ABA14512WS
ABA1451117GAS
ABA14512PBS17GAS
ABA14512SNS17GAS
ABA14512VBS17GAS
ABA14512ORBS17GAS
ABA14512PNS17GAS
ABA14512WS17GAS

ABA14515S
ABA14516PSS
ABA14516SNS
ABA14516VBS
ABA14516ORBS
ABA14516PNS
ABA14516WS
ABA1451517GAS
ABA14516PBS17GAS
ABA14516SNS17GAS
ABA14516VBS17GAS
ABA14516ORBS17GAS
ABA14516PNS17GAS
ABA14516WS17GAS
ABA14407CLS
ABA14417CLS
ABA14427CLS
ABA14437SNCLS
ABA14437VBCLS
ABA14437ORBCLS
ABA14437PNCLS
ABA14437SCCLS
ABA14437SPCLS
ABA14437ANCLS
ABA14437BLCLS
ABA14437WICLS
ABA1440717CLS
ABA14417717CLS
ABA1442717CLS
ABA1443717SNCLS
ABA1443717VBCLS
ABA1443717ORBCLS
ABA1443717PNCLS
ABA1443717SCCLS
ABA1443717SPCLS
ABA1443717ANCLS
ABA1443717BLCLS
ABA1443717WICLS
ABA14408CLS
ABA14418CLS
ABA14428CLS
ABA14438SNCLS
ABA14438VBCLS
ABA14438ORBCLS
ABA14438PNCLS
ABA14438SCCLS

ABA14438SPCLS
ABA14438ANCLS
ABA14438BLCLS
ABA14438WICLS
ABA1440817CLS
ABA1441817CLS
ABA1442817CLS
ABA1443817SNCLS
ABA1443817VBCLS
ABA1443817ORBCLS
ABA1443817PNCLS
ABA1443817SCCLS
ABA1443817SPCLS
ABA1443817ANCLS
ABA1443817BLCLS
ABA1443817WICLS
ABA14357CLS
ABA14387SNCLS
ABA14387VBCLS
ABA14387ORBCLS
ABA14218CS17CLS
ABA14238CS1CLS
ABA14248SNCS17CLS
ABA14248VBCS17CLS
ABA14248ORBC17SCLS
ABA14248PNCS17CLS
ABA14248WCS17CLS
ABA14358CLS
ABA14388SNCLS
ABA14388VBCLS
ABA14388ORBCLS
ABA1435817CLS
ABA14388SN17CLS
ABA14388VB17CLS
ABA14388ORB17CLS
ABA14217CSCLS
ABA14237CSCLS
ABA14247SNCSCLS
ABA14247VBCSCLS
ABA14247ORBCSCLS
ABA14247PNCSCLS
ABA14247WCSCLS
ABA14217CS17CLS
ABA14237CS17CLS
ABA14247SNCS17CLS
ABA14247VBCS17CLS

ABA14247ORBC17SCLS
ABA14247PNCS17CLS
ABA14247WCS17CLS
ABA14218CSCLS
ABA 14218CS17CLS
ABA14238CSCLS
ABA14248SNCSCLS
ABA14248VBCSCLS
ABA14248ORBCSCLS
ABA14248PNCSCLS
ABA14248WCSCLS
ABA1435717CLS
ABA1435717GACLS
ABA14387SN17CLS
ABA14387VB17CLS
ABA14387ORB17CLS
ABA281CLC
ABA282CLC
ABA281LCLC
ABA282LCLC
ABA2217RI
ABA2217RIPZ
ABA2221SNRI
ABA2221VBRI
ABA2221ORBRI
ABA2218RI
ABA22181RICOS
ABA22181RICOT
ABA2218RIM
ABA2218RIZ
ABA2251RIZ
ABA2222SNRI
ABA2222VBRI
ABA2222ORBRI
ABA2217
ABA2217Z
ABA2217PZ
ABA2217M
ABA2221AB
ABA2221PB
ABA2221SN
ABA2221VB
ABA2221ORB
ABA2221PN
ABA2221SC
ABA2221SP

ABA2221AN
ABA2221BI
ABA2221W
ABA2221WI
ABA2218
ABA2218Z
ABA2218PZ
ABA2218M
ABA2222AB
ABA2222PB
ABA2222SN
ABA2222VB
ABA2222ORB
ABA2222PN
ABA2222SC
ABA2222SP
ABA2222AN
ABA2222BI
ABA2222W
ABA2222WI
ABA2250
ABA2250Z
ABA2250MT
ABA2254SN
ABA2254VB
ABA2254ORB
ABA2251
ABA2251Z
ABA2251MT
ABA2255SN
ABA2255VB
ABA2255ORB
ABA2234CS
ABA2238SNCS
ABA2238VBCS
ABA2238ORBCS
ABA2238PNCS
ABA2238BCS
ABA2238PBCS
ABA2238WCS
ABA2235CS
ABA2239SNCS
ABA2239VBCS
ABA2239ORBCS
ABA2239PNCS
ABA2239BCS

ABA2239PBCS
ABA2239WCS
ABA2200
ABA2203SN
ABA2203VB
ABA2203ORB
ABA2201
ABA2204SN
ABA2204VB
ABA2204ORB
ABA2282
ABA2290
ABA2283
ABA2291
ABA2298CS
ABA2306CS
ABA2299CS
ABA2307CS
ABA965033
ABA96504SN3
ABA96504VB3
ABA96504ORB3
ABA965073
ABA96508SN3
ABA96508VB3
ABA96508ORB3

## 7. Contested Issues of Law

The parties contest the following issues of law:

a. Whether IPS's alleged infringement of at least one of Claims 12 and 13 of the '220 Patent was willful.

b. Whether IPS's alleged infringement of at least one of Claims 12 and 13 of the '220 Patent constitutes an exceptional case.

c. Whether IPS's alleged infringement of at least one of Claims 11-13 of the '272 Patent was willful.

d. Whether IPS's alleged infringement of at least one of Claims 11-13

of the ’272 Patent constitutes an exceptional case.

e. Whether IPS’s alleged infringement of Claim 1 of the ’970 Patent was willful.

f. Whether IPS’s alleged infringement of Claim 1 of the ’970 Patent constitutes an exceptional case.

g. Whether WCM is entitled to an accounting of additional sales of IPS products after March 2015.

h. Whether WCM is entitled to pre- and post-judgment interest for IPS’s alleged infringement of the ’220 Patent, the ’272 Patent and the ’970 Patent.

i. Whether IPS should be permanently enjoined from further activities that constitute infringement of the '220 Patent, the '272 Patent, and the '970 Patent.

j. Whether WCM’s conduct makes this case exceptional under 35 U.S.C. § 285.

k. Whether Claims 12 and 13 of the ’220 Patent, Claim 1 of the ’970 Patent, and/or Claims 11-13 of the ’272 Patent are invalid as obvious under 35 U.S.C. § 103 in view of one or more of the following references:

CH 346187, Gebert
DE 1 163 257 B, Gebert
U.S. Patent No. 6,192,531, Fritz
U.S. App. No. 09/494,265 (Pub. No. U.S. 2002/0032926) to Lewis
DE 3603877 C2 to Geberit
Non-Patent Literature, “Geberit Bath Waste and Overflow Installation Instruction”
Non-Patent Literature, “Why choose a Geberit Cable Driven Bath

Waster Overflow?"
US 6,618,875 B1, Oropallo et al.
WCM's sales of its "Innovator" products[11]
"New WATCO Eliminator Bath Waste," WATCO, as early as Aug. 8, 2001, pp. 1-2
"Tubular Plastic Innovator® 590," Woodford Manufacturing Company, first sold Aug. 16, 2001, pp. 1-2
AB&A's sales of its "Classic" products[12]
AB&A 1996 Catalog
US 1,573,820 A, Gade
US 1,669,473 A, Kelso
US 5,350,266 A, Espey et al.
US 4,890,967 A, Rosenbaum
Non-Patent Literature, Spears PVC Scheduling 80 Fittings, May 28, 1996
U.S. Patent No. 5,692,248 to Ball
U.S. Patent No. 5,745,931 to Ball
U.S. Patent No.5,265,281 to McAlpine
U.S. Patent No. 5,369,815 to Martin

l. Whether Claims 12 and 13 of the '220 Patent, Claim 1 of the '970 Patent, and/or Claims 11-13 of the '272 Patent are indefinite under 35 U.S.C. § 112 in view of WCM's interpretation of at least the claim terms "lugs" and "cap retention elements."

m. Whether WCM's allegations of infringement under the doctrine of equivalents as to Claims 12 and 13 of the '220 Patent, Claim 1 of the '970 Patent, and Claims 11-13 of the '272 Patent are barred by prosecution history estoppel.

## 8. Exhibit Lists

WCM's Exhibit List is attached as Exhibit 1. IPS's Exhibit List is attached as Exhibit 2. Although final objections to trial exhibits are due on September 28, 2015, pursuant to Fed. R. Civ. P. 26(a)(3)(B) and the Court's February 19, 2015 Notice of Setting, preliminary objections

[11] *See* n.2.
[12] *See* n.2.

to WCM's Exhibit List are included in Exhibit 1, and preliminary objections to IPS's Exhibit List are included in Exhibit 2.

**9. Witnesses**

WCM Witnesses

i. Will Call:

William Ball;
Kevin Fink;
Scott Simms;
James Engard;
Joseph Kovarik;

IPS Objection: IPS Objects to this witness as he was not disclosed in WCM's 26(a)(1) disclosures and is an attorney at Sheridan Ross, Plaintiff's trial counsel. IPS does not believe that these objections can be addressed with a "deposition or informal interview."

WCM Response: WCM disclosed Mr. Kovarik as a Fed. R. Civ. P. 30(b)(6) witness in 2014, and Mr. Kovarik was subsequently deposed by IPS in April, 2015. In the event Mr. Kovarik is excluded from testifying at trial, WCM reserves the right to designate testimony from Mr. Kovarik's April, 2015 deposition. Furthermore, any objection to this witness may be adequately addressed by making the witness available for a short deposition or informal interview regarding anticipated testimony, as instructed by the Court at the pre-trial conference.

Jeffrey Humber (live and by video designation);
Nicholas Cassella (live and by video designation);
Anthony Oropollo (by video designation);
Robert Oropollo (by video designation);

Todd Ricco (by video designation);
Michael Jaffa (by video designation);
Sam Villyard (by video designation);
Gary Clarke (by video designation);
Steve Kirk (by video designation);
Jim Whitehead (by video designation);
James Paschal (by video designation);

IPS Objection: James Paschal is not identified in WCM's Rule 26(a)(3) disclosures. WCM has identified Mr. Paschal as a witness for the first time on October 6, 2015, seven days before trial. WCM has similarly not provided any deposition designations of James Paschal and therefore such identification is untimely. Additionally, WCM represented at the Court's Pretrial Conference on October 6, 2015, that it would not be offering any opinion testimony on the issues of infringement and priority analysis. Finally, designation of Mr. Paschal's deposition testimony does not fall under any of the permitted uses under Fed. R. Civ. P. 32.

WCM Response: Mr. Paschal's deposition testimony is permitted under Fed. R. Civ. P. 32(a)(4)(B) and (D), and WCM expressly "reserve[d] the right to call any person on IPS Corporation's witness list" when it served WCM's 26(a)(3) disclosures on September 14, 2015. Furthermore, Mr. Paschal was identified on IPS's Rule 26(a)(3) disclosures, and IPS has been aware of Mr. Paschal's identity as a potential witness in this action since at least July, 2013. WCM identifies the deposition testimony of Mr. Paschal in light of the Court's October 5, 2015 Order excluding the testimony of Dr. Turley.

Dr. Richard Turley;

Dr. Turley has been excluded from testifying by Order dated October 5, 2015 (*see* Doc. No. 390);

Clarke Nelson

Mr. Nelson will provide testimony pursuant to Rule 702 regarding damages caused by IPS's infringement.

ii. May Call:

Steve Woodford;
Kurt Raedle;

IPS Objection: IPS objects to this witness as he was not disclosed in WCM's 26(a)(1) disclosures. As such, IPS was not provided any opportunity to take discovery regarding this person, does not know who this person is or his purported relevance to the present lawsuit, and would be prejudiced if WCM is permitted to enter direct testimony from a witness without first abiding by its discovery obligations. There is a pending motion to exclude this witness because WCM failed to timely disclose this witness in WCM's 26(a) disclosures. The Court suggested at the pre-trial conference that this issue may be resolved by permitting a deposition of this witness in advance of the witness's testimony. IPS does not believe that will resolve the issue, as there is not sufficient time to conduct such discovery.

WCM Response: The identity and role of Mr. Raedle at WCM was disclosed to IPS at least as early as the February 21, 2014 deposition

of Mr. William Ball. Mr. Raedle was further identified during the depositions of Messrs. Fink, Simms, and Engard. Any objection to this witness, if the witness is called to testify, may be adequately addressed by making the witness available for a short deposition or informal interview regarding anticipated testimony, as instructed by the Court at the pre-trial conference.

Bill Carlson;
Michael Higgins;
Michael Thuma;

Mr. Thuma will provide testimony pursuant to Rule 702 regarding issues of validity and rebuttal to the invalidity opinions of Mr. Paschal;

Tracy Bilbrough;
Dwight Mena;
Bobbie Watson;
Craig Cumberledge;

IPS Objection: IPS Objects to this witness as he was not disclosed in WCM's 26(a)(1) disclosures. As such, IPS was not provided any opportunity to take discovery regarding this person, does not know who this person is or his purported relevance to the present lawsuit, and would be prejudiced if WCM is permitted to enter direct testimony from a witness without first abiding by its discovery obligations. There is a pending motion to exclude this witness because WCM failed to timely disclose this witness in WCM's 26(a) disclosures. In WCM's response to IPS's motion, WCM represented that it would only be offering this

witness for purposes of impeachment. IPS reserves the right to challenge testimony from this witness on the basis that the witness is being offered for some purpose other than impeachment. The Court suggested at the pre-trial conference that this issue may be resolved by permitting a deposition of this witness in advance of the witness's testimony. IPS does not believe that will resolve the issue, as there is not sufficient time to conduct such discovery.

WCM Response: WCM's 26(a)(1) disclosures have consistently listed distributors and sales representatives of IPS or WCM. IPS lists "[c]urrent and/or past representatives of Plaintiffs" in its own 26(a)(1) disclosures. Any objection to this witness, if the witness is called to testify, may be adequately addressed by making the witness available for a short deposition or informal interview regarding anticipated testimony, as instructed by the Court at the pre-trial conference.

John Bennerotte;

IPS Objection: IPS Objects to this witness as he was not disclosed in WCM's 26(a)(1) disclosures. As such, IPS was not provided any opportunity to take discovery regarding this person, does not know who this person is or his purported relevance to the present lawsuit, and would be prejudiced if WCM is permitted to enter direct testimony from a witness without first abiding by its discovery obligations. There is a

pending motion to exclude this witness because WCM failed to timely disclose this witness in WCM's 26(a) disclosures. In WCM's response to IPS's motion, WCM represented that it would only be offering this witness for purposes of impeachment. IPS reserves the right to challenge testimony from this witness on the basis that the witness is being offered for some purpose other than impeachment. The Court suggested at the pre-trial conference that this issue may be resolved by permitting a deposition of this witness in advance of the witness's testimony. IPS does not believe that will resolve the issue, as there is not sufficient time to conduct such discovery.

WCM Response: WCM's 26(a)(1) disclosures have consistently listed distributors and sales representatives of IPS or WCM. IPS lists "[c]urrent and/or past representatives of Plaintiffs" in its own 26(a)(1) disclosures. Any objection to this witness, if the witness is called to testify, may be adequately addressed by making the witness available for a short deposition or informal interview regarding anticipated testimony, as instructed by the Court at the pre-trial conference.

Chad Hollabaugh;

IPS Objection: IPS Objects to this witness as he was not disclosed in WCM's 26(a)(1) disclosures. As such, IPS was not provided any opportunity to take discovery regarding this person, does not know who

this person is or his purported relevance to the present lawsuit, and would be prejudiced if WCM is permitted to enter direct testimony from a witness without first abiding by its discovery obligations. There is a pending motion to exclude this witness because WCM failed to timely disclose this witness in WCM's 26(a) disclosures. In WCM's response to IPS's motion, WCM represented that it would only be offering this witness for purposes of impeachment. IPS reserves the right to challenge testimony from this witness on the basis that the witness is being offered for some purpose other than impeachment. The Court suggested at the pre-trial conference that this issue may be resolved by permitting a deposition of this witness in advance of the witness's testimony. IPS does not believe that will resolve the issue, as there is not sufficient time to conduct such discovery.

WCM Response: WCM's 26(a)(1) disclosures have consistently listed distributors and sales representatives of IPS or WCM. IPS lists "[c]urrent and/or past representatives of Plaintiffs" in its own 26(a)(1) disclosures. Any objection to this witness, if the witness is called to testify, may be adequately addressed by making the witness available for a short deposition or informal interview regarding anticipated testimony, as instructed by the Court at the pre-trial conference.

Jeff McBride;

IPS Objection: IPS Objects to this witness as he was not disclosed in WCM's 26(a)(1) disclosures. As such, IPS was not provided any opportunity to take discovery regarding this person, does not know who this person is or his purported relevance to the present lawsuit, and would be prejudiced if WCM is permitted to enter direct testimony from a witness without first abiding by its discovery obligations. There is a pending motion to exclude this witness because WCM failed to timely disclose this witness in WCM's 26(a) disclosures. In WCM's response to IPS's motion, WCM represented that it would only be offering this witness for purposes of impeachment. IPS reserves the right to challenge testimony from this witness on the basis that the witness is being offered for some purpose other than impeachment. The Court suggested at the pre-trial conference that this issue may be resolved by permitting a deposition of this witness in advance of the witness's testimony. IPS does not believe that will resolve the issue, as there is not sufficient time to conduct such discovery.

WCM Response: WCM's 26(a)(1) disclosures have consistently listed distributors and sales representatives of IPS or WCM. IPS lists "[c]urrent and/or past representatives of Plaintiffs" in its own 26(a)(1) disclosures. Any objection to this witness, if the witness is called to testify, may be adequately addressed by making the witness available for a short deposition or informal interview regarding anticipated testimony, as instructed by the Court at the pre-trial conference.

Matt Willard.

IPS Witnesses

iii. Will Call:

Nick Cassella;
Jeffrey Humber;
James Paschal;

Mr. Paschal will provide testimony pursuant to Rule 702 regarding non-infringement of the accused products, including rebutting any testimony of Dr. Turley and invalidity of the asserted claims.

Peter Smith;

Mr. Smith will provide testimony pursuant to Rule 702 regarding WCM's claim for damages, including rebutting any testimony by Mr. Nelson.

iv. May Call:

William Ball;
Tracy Bilbrough;
William Carlson;
Gary Clarke;
James Engard;
Kevin Fink;
Michael Higgins;
Michael Jaffa;
Scott Simms;
Todd Ricco;
Sam Villyard;
Manfred Wolpert;
Steve Woodford;

**10. Deposition Testimony**

Deposition testimony designated by WCM is attached as Exhibit 3 and contains objections of IPS. Deposition testimony designated by IPS is attached as Exhibit 4 and contains objections of WCM.

**11. Estimated Length of Trial**

WCM estimates that the trial will take two and a half to three weeks. IPS estimates that trial can be completed in one and a half to two weeks.

**12. Statement regarding jury trial**

This case is a jury trial. The parties submitted proposed jury instructions and verdict forms on October 8, 2015.

**13. Ascertainable Damages**

WCM asserts that the ascertainable damages are between $1.50 to $1.90 per infringing unit, which would result in damages in the range of at least $1,550,902.50 to $1,964,476.50. This amount is based on sales data provided by IPS for the time period from December 2012 through March 2015, where IPS reports to have sold 1,033,935 infringing units. This damages amount is subject to change as additional sales data is provided for additional time periods, and WCM reserves the right to move the Court for an award of additional damages based on IPS's continued sale of infringing units after March, 2015.

IPS asserts that WCM is entitled to no damages. To the extent that a jury believes that WCM is entitled to damages, IPS believes that a reasonable royalty is between $.06 and $.22 per infringing unit. IPS further asserts that it is entitled to an award of its attorneys' fees and costs incurred in this lawsuit in an amount yet to be determined.

**14. Attorneys Interested in The Case**

a. Attorneys for WCM

Glen Reid, Jr.
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120-4367
Tel: 901.537.1000
Fax: 901.537.1010

Stanley M. Gibson
JEFFER, MANGELS, BUTLER & MITCHELL LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067
Telephone: 310.203.8080
Facsimile: 310.712.8548

Ian R. Walsworth
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
Tel: 720.376.6902
Fax: 303.863.0223

John C. Heuton
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
Tel: 720.376.6911
Fax: 303.863.0223

b. Attorneys for IPS

Bruce S. Kramer, Esq.
APPERSON CRUMP, PLC
6070 Poplar Avenue, 6th Floor
Memphis, Tennessee 38119
Telephone: 901.756.6300
Facsimile: 901.757.1296
bkramer@appersoncrump.com

Bruce J. Rose
ALSTON & BIRD LLP
101 South Tryon Street, Suite 4000

Charlotte, North Carolina 28280-4000
(704) 444-1036 (telephone)
(704) 444-1111 (facsimile)

Scott Benjamin Pleune
ALSTON & BIRD LLP
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280-4000
(704) 444-10 (telephone)
(704) 444-1111 (facsimile)

Stephen R. Lareau
ALSTON & BIRD LLP
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280-4000
(704) 444-1083 (telephone)
(704) 444-1111 (facsimile)

Tasneem Amin Dharamsi
ALSTON & BIRD LLP
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280-4000
(704) 444-1199 (telephone)
(704) 444-1111 (facsimile)

**2. Special Equipment**

The parties request that technical equipment be made available for the duration of the trial, including: document camera, digital projector, speakers, monitors for the judge, jury, witnesses and attorneys, overhead projector, and a video distribution system. The parties request permission of the Court for the attorneys and support staff to use laptop computers with the Court's technical equipment. The parties request permission to use an easel and a laser pointer throughout the duration of the trial, which the parties will supply for their own use.

Dated: October 7, 2015, 2015

Respectfully submitted,

s/ Ian R. Walsworth
Todd P. Blakely
tblakely@sheridanross.com
Ian R. Walsworth
iwalsworth@sheridanross.com
David B. Kellis
dkellis@sheridanross.com
Hiwot M. Covell
hcovell@sheridanross.com
Kendria E. Pearson
kpearson@sheridanross.com
John C. Heuton
jheuton@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
303.863.9700
litigation@sheridanross.com

Stanley M. Gibson
smg@jmbm.com
JEFFER, MANGELS, BUTLER & MITCHELL LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067
Telephone: (310) 203-8080
Facsimile: (310) 712-8548

Glen Reid, Jr.
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120-4367
Telephone: 901.537.1000
Facsimile: 901.537.1010
greid@wyattfirm.com

*ATTORNEYS FOR WCM INDUSTRIES, INC.*

s/ Bruce J. Rose
Bruce J. Rose, N.C. Bar No. 20105
Scott Benjamin Pleune
Stephen R. Lareau
ALSTON & BIRD LLP
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280-4000
(704) 444-1000 (telephone)
(704) 444-1111 (facsimile)
Bruce.Rose@alston.com
Ben.Pleune@alston.com
Stephen.Lareau@alston.com

Bruce S. Kramer, Esq., TN Bar No. 7472
APPERSON CRUMP, PLC
6070 Poplar Avenue, 6th Floor
Memphis, Tennessee 38119
Telephone: 901.756.6300
Facsimile: 901.757.1296
bkramer@appersoncrump.com

*Attorneys for Defendant IPS Corporation*

**IT IS SO ORDERED,** this 9th day of October, 2015.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE