FILED IN OPEN COURT

DATE: _10/22/15_

TIME: _2:55_

INITIALS: _BTG_

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | |
|---|---|
| WCM INDUSTRIES, INC.,     ) | |
|     ) | |
|     Plaintiff,     ) | |
|     ) | |
| v.     ) | No. 2:13-cv-2019-JPM-tmp |
|     ) | |
| IPS CORPORATION,     ) | |
|     ) | |
|     Defendant.     ) | |

### JURY VERDICT FORM

We, the jury in the above-entitled action, find the following special verdict on the following questions submitted to us.

## PATENT INFRINGEMENT CLAIMS

**THE '220 PATENT**

Question No. 1 – Direct Infringement (Literal):

Has Plaintiff WCM Industries, Inc., ("WCM") proven by a preponderance of the evidence that Defendant IPS Corporation ("IPS") has **literally infringed** any of the following asserted claims of U.S. Patent No. 8,302,220 (sometimes referred to as the '220 Patent)?

[A "Yes" answer below is in favor of WCM; a "No" answer is in favor of IPS.]

As to the original "Classic" Products:

Claim 12 of '220 Patent:          Yes **X**     No _____

Claim 13 of '220 Patent:          Yes **X**     No _____

As to the revised "Classic" Products:

      Claim 12 of '220 Patent:          Yes _____ No __X__

      Claim 13 of '220 Patent:          Yes _____ No __X__


As to the original "Classic" Rough-In Products:

      Claim 12 of '220 Patent:          Yes __X__ No _____

      Claim 13 of '220 Patent:          Yes __X__ No _____


As to the revised "Classic" Rough-In Products:

      Claim 12 of '220 Patent:          Yes _____ No __X__

      Claim 13 of '220 Patent:          Yes _____ No __X__

Question No. 2 – Direct Infringement (Doctrine of Equivalents):

Has Plaintiff WCM Industries, Inc., ("WCM") proven by a preponderance of the evidence that Defendant IPS Corporation ("IPS") has **infringed, under the doctrine of equivalents**, any of the following asserted claims of U.S. Patent No. 8,302,220 (sometimes referred to as the '220 Patent)?

[A "Yes" answer below is in favor of WCM; a "No" answer is in favor of IPS.]

As to the revised "Classic" Products:

Claim 12 of '220 Patent:      Yes  X      No _____

Claim 13 of '220 Patent:      Yes  X      No _____

As to the revised "Classic" Rough-In Products:

Claim 12 of '220 Patent:      Yes  X      No _____

Claim 13 of '220 Patent:      Yes  X      No _____

<u>Question No. 3 – Contributory Infringement:</u>

Has Plaintiff WCM Industries, Inc., ("WCM") proven by a preponderance of the evidence that IPS has **contributorily infringed** any of the following asserted claims of U.S. Patent No. 8,302,220 (sometimes referred to as the '220 Patent)?

[A "Yes" answer below is in favor of WCM; a "No" answer is in favor of IPS.]

As to the original "Classic" Rough-In Products:

    Claim 12 of '220 Patent:      Yes **X**  No _____

    Claim 13 of '220 Patent:      Yes **X**  No _____

As to the revised "Classic" Rough-In Products:

    Claim 12 of '220 Patent:      Yes **X**  No _____

    Claim 13 of '220 Patent:      Yes **X**  No _____

Question No. 4 - Inducing Infringement:

    Has Plaintiff WCM Industries, Inc., ("WCM") proven by a
preponderance of the evidence that IPS has **induced infringement** of any
of the following asserted claims of U.S. Patent No. 8,302,220 (sometimes
referred to as the '220 Patent)?


    [A "Yes" answer below is in favor of WCM; a "No" answer is in favor
    of IPS.]


As to the original "Classic" Rough-In Products:

        Claim 12 of '220 Patent:          Yes  X    No _____

        Claim 13 of '220 Patent:          Yes  X    No _____


As to the revised "Classic" Rough-In Products:

        Claim 12 of '220 Patent:          Yes  X    No _____

        Claim 13 of '220 Patent:          Yes  X    No _____


6

**THE '970 PATENT**

<u>Question No. 5 – Direct Infringement (Literal):</u>

Has WCM proven by a preponderance of the evidence that IPS has **literally infringed** the following asserted claim of U.S. Patent No. 8,231,970 (sometimes referred to as the '970 Patent)?

    ["Yes" answer below is in favor of WCM; a "No" answer is in favor of IPS.]

As to the original "Classic" Products:

    Claim 1 of '970 Patent:    Yes  X  No \_\_\_\_\_

As to the revised "Classic" Products:

    Claim 1 of '970 Patent:    Yes \_\_\_\_\_ No  X 

As to the original "Classic" Rough-In Products:

    Claim 1 of '970 Patent:    Yes  X  No \_\_\_\_\_

7

As to the revised "Classic" Rough-In Products:

     Claim 1 of '970 Patent:        Yes _____ No ✗\_\_\_\_

As to IPS's "Press-in" Trim Kit:

     Claim 1 of '970 Patent:        Yes ✗\_\_\_\_ No _____

Question No. 6 - Direct Infringement (Doctrine of Equivalents):

Has Plaintiff WCM Industries, Inc., ("WCM") proven by a preponderance of the evidence that Defendant IPS Corporation ("IPS") has **infringed, under the doctrine of equivalents,** the following asserted claim of U.S. Patent No. 8,231,970 (sometimes referred to as the '970 Patent)?

[A "Yes" answer below is in favor of WCM; a "No" answer is in favor of IPS.]

As to the revised "Classic" Products:

    Claim 1 of '970 Patent:       Yes  X    No _____

As to the revised "Classic" Rough-In Products:

    Claim 1 of '970 Patent:       Yes  X    No _____

As to IPS's "Press-in" Trim Kit:

    Claim 1 of '970 Patent:       Yes  X    No _____

<u>Question No. 7 – Contributory Infringement:</u>

Has Plaintiff WCM Industries, Inc., ("WCM") proven by a preponderance of the evidence that IPS has **contributorily infringed** any of the following asserted claims of U.S. Patent No. 8,321,970 (sometimes referred to as the '970 Patent)?

[A "Yes" answer below is in favor of WCM; a "No" answer is in favor of IPS.]

As to the original "Classic" Products:

    Claim 1 of '970 Patent:        Yes  X    No  _____

As to the revised "Classic" Products:

    Claim 1 of '970 Patent:        Yes  X    No  _____

As to the original "Classic" Rough-In Products:

    Claim 1 of '970 Patent:        Yes  X    No  _____

10

As to the revised "Classic" Rough-In Products:

    Claim 1 of '970 Patent:           Yes <u> X  </u>  No <u>     </u>


As to IPS's "Press-in" Trim Kit:

    Claim 1 of '970 Patent:           Yes <u> X  </u>  No <u>     </u>

Question No. 8 – Inducing Infringement:

Has Plaintiff WCM Industries, Inc., ("WCM") proven by a preponderance of the evidence that IPS has **induced infringement** of any of the following asserted claims of U.S. Patent No. 8,321,970 (sometimes referred to as the '970 Patent)?

[A "Yes" answer below is in favor of WCM; a "No" answer is in favor of IPS.]

As to the original "Classic" Products:

Claim 1 of '970 Patent:          Yes ☒     No _____

As to the revised "Classic" Products:

Claim 1 of '970 Patent:          Yes ☒     No _____

As to the original "Classic" Rough-In Products:

Claim 1 of '970 Patent:          Yes ☒     No _____

As to the revised "Classic" Rough-In Products:

    Claim 1 of '970 Patent:        Yes **X**   No \_\_\_\_\_

As to IPS's "Press-in" Trim Kit:

    Claim 1 of '970 Patent:        Yes **X**   No \_\_\_\_\_

THE '272 PATENT

Question No. 9 - Direct Infringement (Literal):

Has WCM proven by a preponderance of the evidence that IPS has **literally infringed** any of the following asserted claims of U.S. Patent No. 8,584,272 (sometimes referred to as the '272 Patent)?

[A "Yes" answer below is in favor of WCM; a "No" answer is in favor of IPS.]

As to the original "Classic" Products:

Claim 11 of '272 Patent:          Yes  X      No _____

Claim 12 of '272 Patent:          Yes  X      No _____

Claim 13 of '272 Patent:          Yes  X      No _____


As to the revised "Classic" Products:

Claim 11 of '272 Patent:          Yes _____  No  X

Claim 12 of '272 Patent:          Yes _____  No  X

Claim 13 of '272 Patent:          Yes _____  No  X

14

As to the original "Classic" Rough-In Products:

    Claim 11 of '272 Patent:           Yes  X    No _____

    Claim 12 of '272 Patent:           Yes  X    No _____

    Claim 13 of '272 Patent:           Yes  X    No _____


As to the revised "Classic" Rough-In Products:

    Claim 11 of '272 Patent:           Yes _____ No  X 

    Claim 12 of '272 Patent:           Yes _____ No  X 

    Claim 13 of '272 Patent:           Yes _____ No  X 


As to IPS's "Press-in" Trim Kit:

    Claim 13 of '272 Patent:           Yes  X    No _____

15

Question No. 10 – Direct Infringement (Doctrine of Equivalents):

Has Plaintiff WCM Industries, Inc., ("WCM") proven that by a preponderance of the evidence that Defendant IPS Corporation ("IPS") has **infringed, under the doctrine of equivalents,** any of the following asserted claims of U.S. Patent No. 8,584,272 (sometimes referred to as the '272 Patent)?

[A "Yes" answer below is in favor of WCM; a "No" answer is in favor of IPS.]

As to the revised "Classic" Products:

Claim 11 of '272 Patent:          Yes  X    No _____

Claim 12 of '272 Patent:          Yes  X    No _____

Claim 13 of '272 Patent:          Yes  X    No _____

As to the revised "Classic" Rough-In Products:

Claim 11 of '272 Patent:          Yes  X    No _____

Claim 12 of '272 Patent:          Yes  X    No _____

Claim 13 of '272 Patent:          Yes  X    No _____

16

As to IPS's "Press-in" Trim Kit:

    Claim 13 of '272 Patent:       Yes  <u>**X**</u>   No  <u>      </u>

Question No. 11 - Contributory Infringement:

     Has Plaintiff WCM Industries, Inc., ("WCM") proven by a preponderance of the evidence that IPS has **contributorily infringed** any of the following asserted claims of U.S. Patent No. 8,584,272 (sometimes referred to as the '272 Patent)?


     [A "Yes" answer below is in favor of WCM; a "No" answer is in favor of IPS.]


As to the original "Classic" Products:

        Claim 13 of '272 Patent:          Yes  X   No _____


As to the revised "Classic" Products:

        Claim 13 of '272 Patent:          Yes  X   No _____


As to the original "Classic" Rough-In Products:

        Claim 11 of '272 Patent:          Yes  X   No _____

        Claim 12 of '272 Patent:          Yes  X   No _____

        Claim 13 of '272 Patent:          Yes  X   No _____

As to the revised "Classic" Rough-In Products:

    Claim 11 of '272 Patent:            Yes  X   No _____

    Claim 12 of '272 Patent:            Yes  X   No _____

    Claim 13 of '272 Patent:            Yes  X   No _____


As to IPS's "Press-in" Trim Kit:

    Claim 13 of '272 Patent:            Yes  X   No _____

Question No. 12 - Inducing Infringement:

    Has Plaintiff WCM Industries, Inc., ("WCM") proven by a preponderance of the evidence that IPS has **induced infringement** of any of the following asserted claims of U.S. Patent No. 8,584,272 (sometimes referred to as the '272 Patent)?

    [A "Yes" answer below is in favor of WCM; a "No" answer is in favor of IPS.]

As to the original "Classic" Products:

    Claim 13 of '272 Patent:        Yes  X   No      

As to the revised "Classic" Products:

    Claim 13 of '272 Patent:        Yes  X   No      

As to the original "Classic" Rough-In Products:

    Claim 11 of '272 Patent:             Yes  X     No _____

    Claim 12 of '272 Patent:             Yes  X     No _____

    Claim 13 of '272 Patent:             Yes  X     No _____


As to the revised "Classic" Rough-In Products:

    Claim 11 of '272 Patent:             Yes  X     No _____

    Claim 12 of '272 Patent:             Yes  X     No _____

    Claim 13 of '272 Patent:             Yes  X     No _____


As to IPS's "Press-in" Trim Kit:

    Claim 13 of '272 Patent:             Yes  X     No _____

**INVALIDITY CLAIMS**

Answer Questions 13-15 below only if you have found at least one asserted claim to be infringed.   Answer those questions only as to those claims you found to be infringed.


Question No. 13 – Invalidity:

Has Defendant IPS proven by clear and convincing evidence that any of the following claims of U.S. Patent No. 8,302,220 (sometimes referred to as the '220 Patent), U.S. Patent No. 8,231,970 (sometimes referred to as the '970 Patent), or U.S. Patent No. 8,584,272 (sometimes referred to as the '272 Patent) are "anticipated," or in other words, not new?


[A "Yes" answer below is in favor of IPS; a "No" answer is in favor of WCM.]


Claim 12 of '220 Patent:          Yes _____   No X

Claim 13 of '220 Patent:          Yes _____   No X


Claim 1 of '970 Patent:           Yes _____   No X

Claim 11 of '272 Patent:          Yes _____ No __X__

Claim 12 of '272 Patent:          Yes _____ No __X__

Claim 13 of '272 Patent:          Yes _____ No __X__

Question No. 14 – Statutory Bar

14(a). Before you decide whether IPS has proven by clear and convincing evidence that any of the asserted patent claims are invalid under a statutory bar, you must first determine the date of the claimed inventions.  WCM contends that the asserted patent claims are entitled to the date those inventions were conceived or reduced to practice.  IPS contends that the asserted patent claims are entitled to a date of invention corresponding to the filing dates of the Asserted Patents.

Do you find that the following patent claims are entitled to the date of conception/reduction to practice, or instead are entitled to the date the applications for the Asserted Patents were filed (only check one for each of the following asserted claims):

Claim 12 of the '220 Patent:

December 7, 1999 ✗          December 10, 2003 ____

Claim 13 of the '220 Patent:

December 7, 1999 ✗          December 10, 2003 ____

Claim 1 of the '970 Patent:

August 23, 2005 ✗          September 15, 2011____

24

Claim 11 of the '272 Patent:

December 7, 1999 ✕___          November 30, 2012 ___

Claim 12 of the '272 Patent:

December 7, 1999 ✕___          November 30, 2012 ___

Claim 13 of the '272 Patent:

August 23, 2005 ✕___          November 30, 2012 ___


14(b). Has IPS proven by clear and convincing evidence that any of the
following patent claims are invalid because of a prior patent, a prior
publication, or prior use at least one year before the dates of
application for the Asserted Patents in the United States?


    Claim 12 of '220 Patent:          Yes _____   No ✕___

    Claim 13 of '220 Patent:          Yes _____   No ✕___


    Claim 1 of '970 Patent:           Yes _____   No ✕___


25

Claim 11 of '272 Patent:          Yes _____   No _X_

Claim 12 of '272 Patent:          Yes _____   No _X_

Claim 13 of '272 Patent:          Yes _____   No _X_


If any answer is "yes," check any reason below that is applicable:


_N/A_   The claimed invention was already patented or described in
a printed publication somewhere in the world at least one year
before the filing date of the patent application.


_N/A_   The claimed invention was already being openly used in the
United States at least one year before the filing date of the patent
application and that use was not primarily an experimental use to
test whether the invention worked for its intended purpose which
was controlled by the inventor.

Question No. 15 - Obviousness:

The ultimate legal conclusion on the obviousness question will be made by the court.   To aid the court, however, you are asked to deliver an advisory opinion as to obviousness.   However, before you do so, you must answer the following preliminary factual questions:

15(a). Does the scope and content of the prior art at the time of the claimed invention include the following? (check all that apply)

**None Apply**

____ U.S. Patent 1,669,473 to Kelso

____ Swiss Patent CH 346,187 to Gebert

____ German Patent DE 3,603,877 to Geberit

____ U.S. Patent Application Publication 2002/0032926 to Lewis

____ U.S. Patent No. 6,192,531 to Fritz

____ U.S. Patent No. 5,350,266 to Espey

____ U.S. Patent No. 4,890,967 to Rosenbaum

____ U.S. Patent No. 5,692,248 to Ball

____ U.S. Patent No. 5,745,931 to Ball

27

(i) What difference, if any, existed between the claimed invention and the prior art at the time of the claimed invention?

- Easy Installation
- Elimanitates time on installations
- Elimanitates 1 and 2 hole

(ii) Which of the following factors has been established by the evidence with respect to the claimed invention? (check those that apply)

X Commercial success of a product due to the merits of the claimed invention;

X A long-felt need for the solution provided by the claimed invention;

X Unexpectedly superior results over the closest prior art;

X Acceptance by others of the claimed invention as shown by praise from others in the field or from the licensing of the claimed invention;

X Other evidence tending to show non-obviousness

15(b). In this case, it is undisputed that the level of ordinary skill in the field that someone would have had at the time the claimed invention was made is: (1) at least a Bachelor's degree in a technical field or engineering discipline with at least three years of experience in the

28

plumbing field, or (2) at least equivalent experience (such as at least eight years of experience) in the plumbing industry.

15(c). After consideration of the answers to the preliminary questions above and the qualifications of a person of ordinary skill in the art, do you find that IPS has proven by clear and convincing evidence that any asserted claim of WCM's patent(s) would have been obvious to a person of ordinary skill in the art at the time the invention you are considering was made?

Yes _____        No ___X___

If the answer is "yes," which claim(s) would have been obvious to a person of ordinary skill in the art?

Claim 12 of '220 Patent:            Yes _____  No __X__
Claim 13 of '220 Patent:            Yes _____  No __X__

Claim 1 of '970 Patent:             Yes _____  No __X__

Claim 11 of '272 Patent:            Yes _____  No __X__
Claim 12 of '272 Patent:            Yes _____  No _X__
Claim 13 of '272 Patent:            Yes _____  No __X__

29

## DAMAGES CLAIM FOR PATENT INFRINGEMENT

Question No. 16:

If you found for WCM on any of WCM's claims for patent infringement [that is, if you answered "Yes" to any part of Question Nos. 1-12], and for the same claim(s), you found for WCM for the questions of validity [that is, if you answered "No" for the same claim(s) to Question Nos. 13, 14(b), and 15(c)], then answer the following questions:

16(a). What do you find is the reasonable royalty rate per unit due WCM to compensate for the damage caused by IPS's infringement?


$1.00

16(b). What do you find is the total number of infringing units sold by IPS?

1,241,524

**WILLFULNESS**

Question No. 17:

If you found that IPS infringed any claims of the patents identified in Question Nos. 1-12 above, has WCM proven by clear and convincing evidence that IPS's infringement was willful and/or that IPS acted with willful blindness?

[A "Yes" answer is in favor of WCM; a "No" answer is in favor of IPS.]

Claim 12 of '220 Patent:          Yes   X     No _____

Claim 13 of '220 Patent:          Yes   X     No _____


Claim 1 of '970 Patent:           Yes   X     No _____


Claim 11 of '272 Patent:          Yes   X     No _____

Claim 12 of '272 Patent:          Yes   X     No _____

Claim 13 of '272 Patent:          Yes   X     No _____

31

Presiding Juror:

_Danielle Pinager_

Date:

_10/27/2015_

After the presiding juror signs, then each juror should also sign, indicating agreement to <u>each verdict</u> (i.e., each answer) in this Verdict Form.