```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

| | |
|---|---|
| WCM INDUSTRIES, INC.,   ) | |
| ) | |
| Plaintiff,   ) | CIVIL ACTION NO.: 2:13-cv-02019-JPM-dkv |
| ) | |
| v.   ) | |
| ) | Jury Trial Demanded |
| IPS CORPORATION,   ) | |
| ) | |
| Defendant.   ) | |
| ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
IPS'S MOTIONS FOR JUDGMENT AS A MATTER OF LAW
OF NONINFRINGEMENT AND OF NO WILLFULNESS**

Before the Court are Defendant IPS Corporation's ("IPS") Motion for Judgment as a Matter of Law of Noninfringement (ECF No. 435) and Motion for Judgment as a Matter of Law of No Willfulness (ECF No. 436), both filed on October 19, 2015.  The Court, having considered IPS's Motions, hereby GRANTS IN PART and DENIES IN PART IPS's Motion for Judgment as a Matter of Law of Noninfringement and GRANTS IN PART and DENIES IN PART IPS's Motion for Judgment as a Matter of Law of No Willfulness.

**I.   BACKGROUND**

Plaintiff WCM Industries, Inc. ("WCM") brought claims for patent infringement against Defendant IPS, alleging that IPS infringed claims in three of WCM's patents.[1]  (Joint Pretrial

---
[1] The three patents at issue are U.S. Patent No. 8,302,220 ("the '220

Order at 2, ECF No. 424.)  IPS denied that it infringed the patents and also asserted claims that WCM's patents were invalid.  (Id.)

For ten days between October 13, 2015, and October 27, 2015, a jury trial was held.  (ECF Nos. 430, 432-434, 439, 441, 444, 447, 451, 453.)  At the close of WCM's case-in-chief on October 19, 2015, IPS moved for judgment as a matter of law of noninfringement and no willfulness.  (ECF Nos. 435, 436, 439.)  On October 27, 2015, the jury returned a verdict for WCM, finding that IPS had literally infringed, infringed under the doctrine of equivalents, contributorily infringed, or induced infringement of each asserted claim, and that the asserted claims were not invalid.  (Verdict Form at 2-26, ECF No. 454.)  The jury also found that IPS infringed willfully.  (Id. at 31.)

**II.  LEGAL STANDARD**

Rule 50 of the Federal Rules of Civil Procedure provides that a court may grant a motion for judgment as a matter of law when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."  Fed. R. Civ. P. 50(a)(1); accord Interactive

---

Patent"); U.S. Patent No. 8,321,970 ("the '970 Patent"); and U.S. Patent No. 8,585,272 ("the '272 Patent").  (Joint Pretrial Order at 2, ECF No. 424.)  The IPS products that WCM alleges infringe WCM's patents ("the Accused Products") include the original "Classic" line and the revised "Classic" line of bathtub overflow and drain assemblies.  (See id. at 3-4.)

2

Pictures Corp. v. Infinite Pictures, Inc., 274 F.3d 1371, 1375 (Fed. Cir. 2001) (quoting Fed. R. Civ. P. 50(a)).  Since the grant or denial of judgment as a matter of law is not uniquely a patent issue, the law of the regional circuit is applied.  See Lucent Techs., Inc. v. Gateway, Inc., 580 F.3d 1301, 1309 (Fed. Cir. 2009).  In the Sixth Circuit,

> [j]udgment as a matter of law may only be granted if, when viewing the evidence in a light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion in favor of the moving party.

Barnes v. City of Cincinnati, 401 F.3d 729, 736 (6th Cir. 2005), cert. denied, 546 U.S. 1003 (2005).  A court should "not substitute [its] interpretation of the evidence for the jury's, even if [it] would have reached a different conclusion."  Static Control Components, Inc. v. Lexmark Int'l, Inc., 697 F.3d 387, 414 (6th Cir. 2012) (citing Barnes, 401 F.3d at 738).

"A determination of infringement, both literal and under the doctrine of equivalents, is a question of fact, reviewed for substantial evidence when tried to a jury."  TI Grp. Auto. Sys. (N. Am.), Inc. v. VDO N. Am., L.L.C., 375 F.3d 1126, 1133 (Fed. Cir. 2004).  Infringement may be found based on direct or circumstantial evidence.  Lucent, 580 F.3d at 1318.

Willfulness is also a question of fact reviewed for substantial evidence when tried to a jury.  ACCO Brands, Inc. v.

3

ABA Locks Mfrs. Co., 501 F.3d 1307, 1311 (Fed. Cir. 2007). To prove willfulness, the patentee must show at least "objective recklessness" on the part of the infringer, indicating "that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." In re Seagate Tech., LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc). "The patentee must also demonstrate that this objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer." Id. "Willful infringement must be proven by clear and convincing evidence and is determined from the totality of the circumstances." ACCO Brands, 501 F.3d at 1311-12.

**III. ANALYSIS**

The Court finds that the evidence presented at trial created genuine issues of material fact for the jury. For the following reasons, IPS's Motion for Judgment as a Matter of Law of Noninfringement is granted in part and denied in part, and IPS's Motion for Judgment as a Matter of Law of No Willfulness is granted in part and denied in part.

**A. Noninfringement**

IPS asserts that WCM failed to present legally sufficient evidence of infringement. (ECF No. 435.) "A patentee may prove . . . infringement by either direct or circumstantial evidence. There is no requirement that direct evidence be introduced, nor

4

is a jury's preference for circumstantial evidence over direct evidence unreasonable per se." Liquid Dynamics Corp. v. Vaughan Co., 449 F.3d 1209, 1219 (Fed. Cir. 2006) (citation omitted). Reasonable inferences of infringement by the jury based on the evidence at trial are sufficient to uphold a determination of infringement. See Nordock, Inc. v. Sys. Inc., 803 F.3d 1344, 1362 (Fed. Cir. 2015).

### 1. Literal Infringement

On the issue of literal infringement, IPS asserts that WCM failed to present evidence of "lugs" detachably frictionally engaging the inner surface of a "cap" of any Accused Product. (ECF No. 435 at 8-9.) IPS argues that this evidence is necessary because the asserted claims contain these elements and because each element of an asserted claim must be in an Accused Product for the product to infringe literally. (Id. at 9.)

The Court finds that WCM presented sufficient evidence for the jury to find literal infringement. Even if WCM failed to present direct evidence of "lugs" on the locknuts of the Accused Products, WCM presented substantial evidence about "high points," which the jury could reasonably infer to be lugs, or cap retention elements, that detachably frictionally engage with a cap. Two of WCM's witnesses, Kevin Fink and Scott Sims, testified about high points engaging with a cap of one of the Accused Products. (Trial Tr. 156:4-19, 168:11-15, 164:4-11,

Oct. 14, 2015; Trial Tr., 589:17-590:24, Oct. 16, 2015.) The jury could have reasonably inferred from the testimony and its own examination of the relevant exhibits that the engagement was frictional.

WCM also cross-examined Jeffrey Humber, an employee of IPS, about the engagement between high points of a locknut and a cap. (Trial Tr., 1236:20-1238:11, Oct. 20, 2015.) While Humber denied that the high points engaged the cap (id. at 1236:24-1237:2), the jury could have reasonably inferred the opposite based on Humber's subsequent description of the cap's engagement with the locknut (id. at 1237:3-1238:11). Further, WCM cross-examined James Paschal, an opinion witness for IPS, about which areas of a locknut constituted high points and how an overflow plate stayed in position upon installation. (Trial Tr., 1608:2-12, Oct. 21, 2015.) Accordingly, because WCM presented substantial evidence on which the jury could reasonably infer literal infringement, IPS is not entitled to judgment as a matter of law of noninfringement with regard to literal infringement.

### 2. Infringement Under the Doctrine of Equivalents

On the issue of infringement under the doctrine of equivalents, IPS asserts that WCM did not present legally sufficient evidence under either the "insubstantial differences" test or the "function-way-result" test to establish

6

infringement.  (ECF No. 435 at 12.)  "Both the Supreme Court and [the Federal Circuit] have made clear that the evidence of equivalents must be from the perspective of someone skilled in the art, . . . 'through [opinion] testimony . . . ; by documents, including texts and treatises; and . . . by the disclosures of the prior art.'"  AquaTex Indus., Inc. v. Techniche Solutions, 479 F.3d 1320, 1329 (Fed. Cir. 2007) (quoting Graver Tank & Mfg. Co. v. Linde Air Prods. Co., 339 U.S. 605, 609 (1950)).

> [T]he difficulties and complexities of the doctrine [of equivalents] require that evidence be presented to the jury . . . through the particularized testimony of a person of ordinary skill in the art, typically a qualified expert, who (on a limitation-by-limitation basis) describes the claim limitations and establishes that those skilled in the art would recognize the equivalents.

Id.  "The requirement that equivalence be evaluated from the perspective of one of ordinary skill in the art applies whether equivalence is measured by the 'function-way-result' test or by the 'insubstantial differences' test."  Lighting World, Inc. v. Birchwood Lighting, Inc., 382 F.3d 1354, 1357 (Fed. Cir. 2004), overruled on other grounds by Williamson v. Citrix Online, LLC, 792 F.3d 1339 (Fed. Cir. 2015).

Since WCM did not present opinion testimony on infringement,[2] none of the evidence introduced at trial is

---

[2] The Court granted IPS's Motion to Exclude the Report and Testimony of Dr. Richard Turley, WCM's opinion witness on infringement, on October 5,

7

sufficient to prove infringement under the doctrine of equivalents. See id. ("The defect in Lighting World's case was its failure to present evidence regarding the perspective of one of skill in the art . . . . Thus, we sustain the district court's entry of JMOL of no infringement under the doctrine of equivalents . . . ."). Accordingly, IPS is entitled to judgment as a matter of law of noninfringement with regard to infringement under the doctrine of equivalents.

### 3. Indirect Infringement

IPS asserts that because WCM did not prove direct infringement, its allegations of indirect infringement must fail. (ECF No. 435 at 13.) The Court finds, however, that WCM provided sufficient evidence of direct infringement through literal infringement. See supra Part III.A.1. Further, the Court finds that WCM provided sufficient evidence from which a reasonable jury could infer inducement of third parties, such as plumbers, to infringe. WCM presented evidence that IPS's customers could buy and install trim-kits with their rough-in kits, thereby infringing the asserted claims. (See generally Trial Tr., 684-691, 750-766, 840:25-841:19, Oct. 16, 2015.) Accordingly, IPS is not entitled to judgment as a matter of law of noninfringement with regard to indirect infringement.

Thus, IPS's Motion for Judgment as a Matter of Law of

---

2015. (ECF No. 389 at 29-30.)

Noninfringement (ECF No. 435) is granted as to infringement under the doctrine of equivalents and denied as to literal infringement and indirect infringement.

    **B.    No Willfulness**

As an initial matter, a finding of willfulness requires that a valid patent is infringed.  <u>State Indus., Inc. v. A.O. Smith Corp.</u>, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("To willfully infringe <u>a patent</u>, the patent must exist and one must have knowledge of it.").  The '272 Patent did not issue until November 19, 2013 (Uncontested Fact 5.4, Joint Pretrial Order at 12), approximately ten months after the instant litigation began in January 2013 (<u>see</u> ECF No. 1).  Since post-litigation conduct is not at issue in this case, there can be no willfulness with respect to infringement of the '272 Patent.  The '220 Patent and the '970 Patent are not similarly excluded from the analysis because both were issued prior to January 2013.  (<u>See</u> Uncontested Facts 5.2, 5.3, Joint Pretrial Order at 12.)

IPS asserts that WCM, limited by the Court to present evidence of willfulness only in IPS's pre-litigation conduct, failed to demonstrate IPS's notice or knowledge of the asserted patent claims.  (ECF No. 436 at 1-2.)  While the Court instructed the jury that AB&A's activities prior to IPS's asset acquisition were not evidence of anything IPS did or had knowledge of prior to the acquisition (Trial Tr. 1914:21-1915:3,

9

Oct. 22, 2015; <u>see also</u> Jury Instructions at 5, ECF No. 446), IPS may nevertheless be liable for its own objective recklessness in failing to assess its post-acquisition exposure to infringement allegations.

During trial, the president of IPS's plumbing division, Nick Casella, provided testimony which indicated that IPS did not perform due diligence when it acquired the assets of American Brass & Aluminum Foundry Company ("AB&A") as to whether AB&A's products infringed any intellectual property. Casella testified that IPS did not conduct an investigation during the due diligence period into how the Classic product line had been developed by AB&A. (Trial Tr. 902:25-903:8, Oct. 19, 2015.) When asked if he relied on the Oropallo brothers, the owners of AB&A, for the information, Casella testified, "We didn't ask specifically because it had been on the market for eight years. We didn't ask specifically how the Classic got into the product line, no." (<u>Id.</u> at 903:9-13.) Casella also testified that a patent infringement lawsuit between WCM and IPS was pending at the time of the closing of the AB&A asset purchase, but that he had not done "an analysis on the claims of the patent" at issue in that case. (<u>Id.</u> at 1133:16-18; <u>see generally</u> <u>id.</u> at 903:23-904:6; 905:5-15.) He testified that prior to the closing, he "had not been provided any notice of the WCM patents related to the bath waste and overflow" and that prior to the

10

filing of the instant lawsuit, he had not been "provided with any notice of WCM's bath waste and overflow patents . . . asserted in this case." (Id. at 1143:17-25.)

Former AB&A president, Anthony Oropallo, via video deposition, also acknowledged that AB&A had not employed engineers, draftsmen, or full-time product developers. (Trial Tr., 539:17-23, Oct. 16, 2015.) This was corroborated by Casella (Trial Tr. 900:5-17, Oct. 19, 2015) and Michael Jaffa, an independent representative for AB&A and IPS (Trial Tr., 616:25-617:12, Oct. 16, 2015). Todd Ricco, a national sales manager for IPS, who had previously been employed by AB&A in the same position, testified via video deposition that he had never seen an engineering drawing or a technical drawing of the "Classic" product during his employment with AB&A. (See Trial Tr., 504:8-9, Oct. 15, 2015 (Ricco Dep. Tr. 47:10-20).)

The Court finds that there was sufficient evidence presented for the jury to reasonably conclude by the clear and convincing standard that IPS knew or should have known that there was an objectively high risk of infringement after acquiring AB&A's assets. Viewing the evidence in the light most favorable to WCM, and giving WCM the benefit of all reasonable inferences, IPS's conclusion that there was no willful infringement of all three patents is not the only reasonable conclusion. Although there can be no willful infringement of

11

the '272 Patent, because it was not issued pre-litigation, the other two patents in this case were issued pre-litigation, and the evidence presented does not lead only to a conclusion of no willfulness. Thus, IPS's Motion for Judgment as a Matter of Law of No Willfulness (ECF No. 436) is granted as to the '272 Patent and denied as to the '220 Patent and the '970 Patent.

**IV. CONCLUSION**

For the foregoing reasons, IPS's Motion for Judgment as a Matter of Law of Noninfringement is GRANTED as to infringement under the doctrine of equivalents and DENIED as to literal infringement and indirect infringement. IPS's Motion for Judgment as a Matter of Law of No Willfulness is GRANTED as to the '272 Patent and DENIED as to the '220 Patent and the '970 Patent.

**IT IS SO ORDERED**, this 4th day of December, 2015.

/s/ Jon P. McCalla  
JON P. McCALLA  
UNITED STATES DISTRICT JUDGE