**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

WCM INDUSTRIES, INC.,      )
                           )
        Plaintiff,         ) CIVIL ACTION NO.: 2:13-cv-02019-JPM-tmp
                           )
v.                         )
                           )           Jury Trial Demanded
IPS CORPORATION,           )
                           )
        Defendant.         )

**ORDER DENYING MOTION FOR JUDGMENT AS A MATTER OF LAW OF LITERAL INFRINGEMENT; DENYING RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OF NO LITERAL INFRINGEMENT, NO INDUCED INFRINGEMENT, AND NO CONTRIBUTORY INFRINGEMENT; AND DENYING RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OF INVALIDITY**

Before the Court are the following motions:

1. Plaintiff WCM Industries, Inc.'s ("WCM") Motion for Judgment as a Matter of Law of Literal Infringement (ECF No. 521), filed January 4, 2016;

2. Defendant IPS Corporation's ("IPS") Renewed Motion for Judgment as a Matter of Law of No Literal Infringement, No Induced Infringement, and No Contributory Infringement (ECF No. 522), filed January 4, 2016; and

3. IPS's Renewed Motion for Judgment as a Matter of Law of Invalidity (ECF No. 524), filed January 4, 2016.

For the reasons that follow, the Court DENIES the instant motions.

I.   BACKGROUND

Plaintiff WCM brought claims for patent infringement against Defendant IPS, alleging that IPS infringed claims in three of WCM's patents.[1]  (Joint Pretrial Order at 2, ECF No. 424.)  IPS denied that it infringed the patents and also asserted claims that WCM's patents were invalid.  (Id.)

A jury trial was held over ten days between October 13, 2015, and October 27, 2015.  (ECF Nos. 430, 432-434, 439, 441, 444, 447, 451, 453.)  On October 27, 2015, the jury returned a verdict for WCM, finding that IPS had willfully infringed the asserted claims and that the asserted claims were not invalid.  (See Jury Verdict Form, ECF No. 454.)

On December 4, 2015, the Court granted in part and denied in part IPS's motions for judgment as a matter of law.  (ECF No. 477.)  The Court granted judgment as a matter of law of noninfringement under the doctrine of equivalents and granted judgment as a matter of law of no willfulness as to the '272 Patent, which was issued after the filing of the complaint in this case.  (See id. at 6-8, 9, 11-12.)  The Court entered a judgment on December 4, 2015.  (ECF No. 478.)

---

[1] The three patents at issue are U.S. Patent No. 8,302,220 ("the '220 Patent"); U.S. Patent No. 8,321,970 ("the '970 Patent"); and U.S. Patent No. 8,584,272 ("the '272 Patent").  (Joint Pretrial Order at 2, ECF No. 424.) The IPS products that WCM alleges infringe WCM's patents ("the Accused Products") include the Original Classic line and the Revised Classic line of bathtub overflow and drain assemblies.  (See id. at 3-4.)

On January 4, 2016, WCM filed a motion for judgment as a matter of law of literal infringement. (ECF No. 521.) IPS responded in opposition on January 22, 2016. (ECF No. 535.) With leave of Court, WCM filed a reply brief on February 8, 2016. (ECF No. 580.) IPS filed a sur-reply on February 16, 2016. (ECF No. 586.)

On January 4, 2016, IPS filed a renewed motion for judgment as a matter of law of no literal infringement, no induced infringement, and no contributory infringement. (ECF No. 522.) WCM responded in opposition on January 22, 2016. (ECF No. 539.) With leave of Court, IPS filed a reply brief on February 8, 2016. (ECF No. 574.)

On January 4, 2016, IPS filed a renewed motion for judgment as a matter of law of invalidity. (ECF No. 524.) WCM responded in opposition on January 22, 2016. (ECF No. 540.) With leave of Court, IPS filed a reply on February 8, 2016. (ECF No. 577.)

On March 1, 2016, the Court held a hearing on several motions, including the instant motions. (Min. Entry, ECF No. 589.)

## II. LEGAL STANDARD

Rule 50 of the Federal Rules of Civil Procedure provides that a court may grant a motion for judgment as a matter of law when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have

a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1); accord Interactive Pictures Corp. v. Infinite Pictures, Inc., 274 F.3d 1371, 1375 (Fed. Cir. 2001) (quoting Fed. R. Civ. P. 50(a)).

> Judgment as a matter of law may only be granted if, when viewing the evidence in a light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion in favor of the moving party.

Barnes v. City of Cincinnati, 401 F.3d 729, 736 (6th Cir. 2005), cert. denied, 546 U.S. 1003 (2005).  After trial, a party may file a renewed motion for judgment as a matter of law if the court did not grant the earlier Rule 50(a) motion. Fed. R. Civ. P. 50(b). "A motion under Rule 50(b) is not allowed unless the movant sought relief on similar grounds under Rule 50(a) before the case was submitted to the jury." Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 pp. 127-128 (2d ed. 1995)).

**III. ANALYSIS**

 **A. Motion for Judgment as a Matter of Law of Literal Infringement**

WCM asserts that it presented substantial evidence at trial that IPS's Classic products infringed the asserted claims. (ECF No. 521 at 8.)  IPS responds on the merits but also argues that WCM has waived its ability to move for judgment as a matter of

4

law on any infringement theory.  (ECF No. 535 at 1, 5-7.)  The
Court agrees with IPS and need not reach the merits of WCM's
motion because the motion is procedurally barred.

WCM moved for judgment as a matter of law of literal
infringement for the first time post-verdict.  WCM waived its
right to bring this motion by failing to move for judgment as a
matter of law during trial.  See Exxon Shipping, 554 U.S. at 485
n.5.  WCM supports its position on the procedural issue with
cases that involve motions distinguishable from the instant
motion.  WCM asserts in its reply and asserted at the motion
hearing that failing to move for judgment as a matter of law
under Rule 50(a) is not fatal.  (See ECF No. 580 at 1-2 (citing
Riverview Invs., Inc. v. Ottawa Cmty. Improvement Corp., 899
F.2d 474, 477 (6th Cir. 1990)).)  In Riverview and Boynton v.
TRW, Inc., 858 F.2d 1178 (6th Cir. 1988) (en banc), two cases
cited by WCM, the moving parties' noncompliance with Rule 50
arose from failure to renew the motions for directed verdict[2] at
the close of all proof.  See 899 F.2d at 477; 858 F.2d at 1185.
The instant case is not analogous to Riverview or Boynton
because while the moving parties in those cases had moved for
directed verdict at some point during trial, WCM failed to move

---

[2] At the time of Boynton and Riverview, motions for judgment as a matter
of law were known as motions for a directed verdict.  See DXS, Inc. v.
Siemens Med. Sys., Inc., 100 F.3d 462, 468 n.4 (6th Cir. 1996) (explaining
that "a motion for directed verdict is now referred to as a motion for
judgment as a matter of law").

5

for judgment as a matter of law of literal infringement until its post-verdict filing. Accordingly, WCM's motion for judgment as a matter of law of literal infringement is DENIED.

> **B. Renewed Motion for Judgment as a Matter of Law of No Literal Infringement, No Induced Infringement, and No Contributory Infringement**

IPS again asserts in its renewed motion for judgment as a matter of law of noninfringement that insufficient evidence was presented at trial to support findings of direct infringement as to IPS's Original Classic products and indirect infringement as to IPS's Original and Revised Classic Rough-In Products. (See ECF No. 522.) WCM contends that sufficient evidence of both direct and indirect infringement was presented and also that certain arguments in IPS's motion were waived by IPS by raising them post-verdict. (See ECF No. 539.) The Court finds that there was legally sufficient evidence to support a finding of literal infringement, induced infringement, and contributory infringement, and that any new arguments raised by IPS in its renewed motion have been waived. Thus, the Court denies the motion.

First, IPS argues that it is entitled to judgment as a matter of law of no indirect infringement as to the Revised Classic Rough-In products because the Revised Classic products, which differ only in that they contain a decorative cap while the Rough-In products do not, have been found not to infringe.

6

(ECF No. 522 at 5-7.) The Court addresses IPS's flawed reasoning in the analysis of IPS's motion to amend judgment (see ECF No. 592 at 5-7 & n.4) and reiterates that the finding that the Revised Classic and Revised Classic Rough-In products do not directly infringe applies only to IPS and not to others. Thus, IPS is not entitled to judgment as a matter of law of no indirect infringement as to the Revised Classic Rough-In products.

Second, IPS argues that the jury's finding of literal direct infringement as to the Original Classic products is not supported because WCM did not present sufficient evidence that the products contained the "lugs" required by the asserted claims. (ECF No. 522 at 7-12.) WCM not only asserts that the testimony at trial was sufficient evidence to support the verdict of literal infringement, but also that the jurors had physical samples of the products, which they could assemble and disassemble in their evaluation of the claims, available to them in evidence. (ECF No. 539 at 4-6.) The Court agrees with WCM that the jury's finding of literal infringement is supported by sufficient evidence. The Court has found that there was sufficient evidence from which the jury could infer that lugs were present on the locknuts of the Accused Products. (See ECF No. 477 at 5-6 (concluding that "high points" could be reasonably inferred to be lugs that detachably frictionally

engage with a cap).)  Since reasonable inferences based on the evidence at trial are sufficient to uphold a determination of infringement, see Nordock, Inc. v. Sys. Inc., 803 F.3d 1344, 1362 (Fed. Cir. 2015), petition for cert. filed, 2016 WL 386728 (U.S. Jan. 28, 2016) (No. 15-978), to overturn the jury's verdict would be unjustified.  Further, to the extent that there was conflicting testimony presented at trial,[3] the Court cannot substitute its judgment for the jury's.  Connell v. Sears, Roebuck & Co., 722 F.2d 1542, 1546 (Fed. Cir. 1983) ("The court should not be guided by its view of which side has the better case or by what it would have done had it been serving on the jury.").  Thus, IPS is not entitled to judgment as a matter of law of no literal direct infringement as to the Original Classic products.

Third, IPS argues that the jury's finding of literal direct infringement as to the Original Classic Rough-In products and the Press-In Trim kits is not supported because of the absence of a requisite cap from such products.  (ECF No. 522 at 12-13.) The Court need not address the substance of this argument because IPS failed to raise this ground for judgment as a matter

---

[3] IPS cites to testimony that the "high points" did not engage with the cap (ECF No. 522 at 9 (citing Trial Tr. 1184:23-1185:1, Oct. 19, 2015, ECF No. 467; Trial Tr. 1279:16-1280:6, Oct. 20, 2015, ECF No. 468).)  WCM argues that IPS has provided excerpts of the testimony out of context and ignores testimony by the same witnesses that contradict IPS's conclusions.  (ECF No. 539 at 7-9.)

8

of law of no literal infringement in its earlier Rule 50(a) motion. (See ECF No. 435.) Since "[a] post-trial motion for judgment can be granted only on grounds advanced in the pre-verdict motion," IPS is not entitled to judgment as a matter of law of no literal direct infringement as to the Original Classic Rough-In products or the Press-In Trim Kits. Am. & Foreign Ins. Co. v. Bolt, 106 F.3d 155, 160 (6th Cir. 1997) (quoting Fed. R. Civ. P. 50(b) advisory committee's note to 1991 amendment).

Lastly, IPS argues that the jury's finding of indirect infringement, both induced and contributory, is not supported because there is no direct infringement on which a finding of indirect infringement necessarily depends and because there was no belief or intent to infringe on IPS's part. (ECF No. 522 at 13-15.) The Court has found that there was sufficient evidence to support the jury verdict of induced and contributory infringement. (See ECF No. 592 at 5-7; see also ECF No. 477 at 8-9.) As to the absence of a belief or intent to infringe, such argument was not raised in IPS's Rule 50(a) motion (see ECF No. 435 at 13), and thus, IPS is not entitled to judgment as a matter of law of no induced or contributory infringement. See Bolt, 106 F.3d at 160.

Accordingly, because there was legally sufficient evidence presented at trial to support the findings of infringement, and because IPS's new literal and indirect infringement arguments

9

were waived when not raised in its initial Rule 50(a) motion, the Court DENIES the renewed motion for judgment as a matter of law of no literal infringement, no induced infringement, and no contributory infringement.

**C. Renewed Motion for Judgment as a Matter of Law of Invalidity**

IPS asserts in its renewed motion for judgment as a matter of law of invalidity that WCM failed to present sufficient evidence at trial that the asserted claims were not invalid or not obvious. (ECF No. 524.) IPS further asserts that the jury instructions on anticipation and the on-sale bar were erroneous and prejudicial to IPS. (Id. at 13-14.) WCM argues that IPS mischaracterizes the testimony at trial and that IPS was precluded from raising the on-sale bar issue at trial and waived the objections it is now asserting. (ECF No. 540 at 4-5, 8.) The Court finds that there was legally sufficient evidence with which to support a finding of validity and non-obviousness and that the jury instructions were not erroneous or prejudicial to IPS. Thus, the Court denies the motion.

**1. Sufficient Evidence of Invalidity**

IPS continues to argue that the on-sale bar pursuant to 35 U.S.C. § 102(b) renders the asserted claims invalid. (ECF No. 524 at 10.)[4] The on-sale bar issue is one that the Court already

---

[4] IPS argues that WCM presented testimony at trial that advertising and (cont.)

determined IPS could not raise at trial.  (See ECF No. 389 at 22-24 (denying summary judgment because IPS was procedurally barred from raising a § 102(b) defense).)  It cannot now serve as the basis for judgment as a matter of law.

IPS also argues that WCM failed to present sufficient evidence that the asserted claims were entitled to an earlier priority date than a year before the filing of the continuations-in-part that gave rise to the asserted claims.  (ECF No. 524 at 11.)  Since a patent is presumed valid, the party challenging validity must establish by clear and convincing evidence that the asserted patent is invalid.  PowerOasis, Inc. v. T-Mobile USA, Inc., 522 F.3d 1299, 1305 (Fed. Cir. 2008).  Once the prima facie case of invalidity is shown, the party relying on validity is then obligated to prove that it is "entitled to claim priority to the filing date of the Original Application."  Id. at 1303-05.  IPS's argument for a prima facie case of invalidity rests on WCM's evidence of sales and marketing of the Innovator product, also referred to as the Eliminator product, in August 2001.  (See ECF No. 524 at 2-3.)  As noted above, however, the defense of invalidity based on a § 102(b) is not one IPS was permitted to raise.  In addition, the burden is on IPS to establish a prima facie case of

---

sales of the Innovator product began in August 2001, which was more than one year before even the earliest priority date of the asserted claims.  (ECF No. 524 at 10.)

obviousness.  To do so "based on a combination of elements in the prior art, the law requires a motivation [of a person of ordinary skill in the art] to select the references and to combine them in the particular claimed manner to reach the claimed invention."  Eli Lilly & Co. v. Zenith Goldline Pharms., 471 F.3d 1369, 1379-80 (Fed. Cir. 2006).  IPS's opinion witness, James Paschal, stated several times that a person of ordinary skill in the art would be motivated to combine prior art references simply because the references "cover the same type of subject matter."  (Trial Tr. 1422:2-11, 1422:22-1423:22, Oct. 20, 2015, ECF No. 469.)  Without an explanation of "the specific understanding or principle within the knowledge of a skilled artisan that would motivate one . . . to make the combination," however, IPS cannot rely on the opinion testimony to establish obviousness.  In re Rouffet, 149 F.3d 1350, 1358 (Fed. Cir. 1998).  The witness also admitted during cross-examination that elements of the asserted patents were not present in the prior art references uses to form his opinion.  (See, e.g., Trial Tr. 1466:20-1468:3, Oct. 20, 2015, ECF No. 469.)

Furthermore, even if IPS had established invalidity by clear and convincing evidence, WCM met its burden to prove entitlement to earlier priority dates.  "Priority . . . depends upon conception and reduction to practice.  Priority, concept, and reduction to practice are questions of law which are based

12

on subsidiary factual findings." Cooper v. Goldfarb, 154 F.3d 1321, 1327 (Fed. Cir. 1998). "A reduction to practice can be either a constructive reduction to practice, which occurs when a patent application is filed,[5] or an actual reduction to practice." Id. WCM presented testimony from inventor William Ball that he began developing the original engineering drawings and prototypes in late 1999, even before the original patent application from which the asserted patents resulted. (Trial Tr. 301:21-330:10, Oct. 15, 2015, ECF No. 463.) The Court finds that there was sufficient evidence presented to prove WCM's entitlement to the priority dates it asserted.

### 2. Jury Instructions and Verdict Form

IPS asserts that the jury instructions and question 14(a) of the jury verdict form allowed jurors to apply § 102(a) or § 102(b) to the prior art and use either the date of conception/reduction to practice or the date of filing, which was erroneous. (ECF No. 524 at 13-14.) Since WCM failed to provide priority analysis at trial, IPS argues that it cannot rely on any § 102(b) application except for the continuation-in-part applications. (Id. at 14.)

---

[5] While IPS is correct that the asserted patents issued from continuations-in-part (ECF No. 577 at 3; see ECF Nos. 75-1, 75-4, 75-8), the jury was only asked to choose, for each claim, either the date of conception/reduction to practice or the date of its respective patent application. (See ECF No. 454 at 24-25.) The jury was not instructed on continuations-in-part for its priority determinations. (See ECF No. 446.)

13

As an initial matter, IPS was precluded from raising § 102(b) grounds at trial, which eliminates prejudice to IPS in the jury instructions and jury verdict form. Also, IPS is incorrect that question 14(a) conflates § 102(a) and § 102(b), since question 14(a) corresponds to § 102(a) and question 14(b) corresponds to § 102(b). During discussions with the Court before the jury charge, IPS's counsel agreed that question 14(b) "track[ed] the statute [§ 102(b)]" and did not object to question 14(a). (Trial Tr. 1907:15-19, 1908:17-20, Oct. 22, 2015, ECF No. 472.) Thus, since IPS did not "stat[e] distinctly the matter objected to and the grounds for the objection," IPS's objection must be waived. Bonkowski v. Allstate Ins. Co., No. 08-15319, 2012 WL 3013747, at *7 (E.D. Mich. July 20, 2012), aff'd 544 F. App'x 597, 608 (6th Cir. 2013) (quoting Fed. R. Civ. P. 51(c)(1)); see also Motorola, Inc. v. Interdigital Tech. Corp., 121 F.3d 1461, 1465 (Fed. Cir. 1997).[6]

Accordingly, because there was legally sufficient evidence as to validity and non-obviousness and because the jury instructions were not erroneous or prejudicial to IPS, the Court

---

[6] IPS asserts that it is either entitled to a new trial or a setting aside of the jury verdict because of the erroneous jury instructions. (ECF No. 524 at 13.) Pursuant to Rule 59(a), a new trial is only permitted when there is a "seriously erroneous result." Holmes v. City of Massillon, Ohio, 78 F.3d 1041, 1045-46 (providing that such result is "evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion"). As discussed above, the Court finds that there is no "seriously erroneous result" that would justify a new trial.

14

DENIES the renewed motion for judgment as a matter of law of invalidity.

**IV. CONCLUSION**

For the foregoing reasons, WCM's Motion for Judgment as a Matter of Law of Literal Infringement; IPS's Renewed Motion for Judgment as a Matter of Law of No Literal Infringement, No Induced Infringement, and No Contributory Infringement; and IPS's Renewed Motion for Judgment as a Matter of Law of Invalidity are DENIED.

**IT IS SO ORDERED**, this 11th day of May, 2016.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE