# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| WCM INDUSTRIES, INC., ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO.: 2:13-cv-02019-JPM-tmp |
| ) | |
| v. ) | |
| ) | Jury Trial Demanded |
| IPS CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING MOTION FOR ENHANCED DAMAGES AND DENYING MOTION FOR JUDGMENT AS A MATTER OF LAW OF NO WILLFUL INFRINGEMENT**

Before the Court are Plaintiff WCM Industries, Inc.'s ("WCM") Motion for Enhanced Damages (ECF No. 488), filed December 10, 2015, and Defendant IPS Corporation's ("IPS") Renewed Motion for Judgment as a Matter of Law of No Willful Infringement (ECF No. 525), filed January 4, 2016.

For the reasons that follow, the Court GRANTS WCM's motion and DENIES IPS's motion.

## I. BACKGROUND

Plaintiff WCM brought claims for patent infringement against Defendant IPS, alleging that IPS infringed claims in three of WCM's patents.[1] (Joint Pretrial Order at 2, ECF No.

---

[1] The three patents at issue are U.S. Patent No. 8,302,220 ("the '220 Patent"); U.S. Patent No. 8,321,970 ("the '970 Patent"); and U.S. Patent No. 8,584,272 ("the '272 Patent"). (Joint Pretrial Order at 2, ECF No. 424.) The IPS products that WCM alleges infringe WCM's patents ("the Accused
(cont.)

424.) IPS denied that it infringed the patents and also asserted claims that WCM's patents were invalid. (Id.)

A jury trial was held over ten days between October 13, 2015, and October 27, 2015. (Min. Entries, ECF Nos. 430, 432-434, 439, 441, 444, 447, 451, 453.) On October 27, 2015, the jury returned a verdict for WCM, finding that IPS had willfully infringed the asserted claims and that the asserted claims were not invalid. (See Jury Verdict Form, ECF No. 454.)

On December 4, 2015, the Court granted in part and denied in part IPS's motions for judgment as a matter of law. (ECF No. 477.) The Court granted judgment as a matter of law of noninfringement under the doctrine of equivalents and granted judgment as a matter of law of no willfulness as to the '272 Patent, which was issued after the filing of the complaint in this case. (See id. at 6-8, 9, 11-12.) The Court entered a judgment on December 4, 2015. (ECF No. 478.)

On December 10, 2015, WCM filed the motion for enhanced damages. (ECF No. 488.) IPS responded in opposition on December 28, 2015. (ECF No. 507.) With leave of Court, WCM filed a reply on January 25, 2016. (ECF No. 549.) IPS filed a sur-reply on January 26, 2016. (ECF No. 550.)

---

Products") include the Original Classic line and the Revised Classic line of bathtub overflow and drain assemblies. (See id. at 3-4.)

On January 4, 2016, IPS filed the renewed motion for judgment as a matter of law of no willful infringement. (ECF No. 525.) WCM responded in opposition on January 22, 2016. (ECF No. 542.) With leave of Court, IPS filed a reply on February 8, 2016. (ECF No. 575.)

On March 1, 2016, the Court held a hearing on several motions, including the instant motions. (Min. Entry, ECF No. 589.)

**II. LEGAL STANDARDS**

**A. Motion for Judgment as a Matter of Law**

Rule 50 of the Federal Rules of Civil Procedure provides that a court may grant a motion for judgment as a matter of law when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1); accord Interactive Pictures Corp. v. Infinite Pictures, Inc., 274 F.3d 1371, 1375 (Fed. Cir. 2001) (quoting Fed. R. Civ. P. 50(a)).

> Judgment as a matter of law may only be granted if, when viewing the evidence in a light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion in favor of the moving party.

Barnes v. City of Cincinnati, 401 F.3d 729, 736 (6th Cir. 2005), cert. denied, 546 U.S. 1003 (2005). After trial, a party may

3

file a renewed motion for judgment as a matter of law if the court did not grant the earlier Rule 50(a) motion. Fed. R. Civ. P. 50(b). "A motion under Rule 50(b) is not allowed unless the movant sought relief on similar grounds under Rule 50(a) before the case was submitted to the jury." Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 pp. 127-128 (2d ed. 1995)).

### B. Motion for Enhanced Damages

> When the damages [adequate to compensate for the infringement] are not found by a jury, the court shall assess them. In either event <u>the court may increase the damages up to three times the amount found or assessed</u>. Increased damages under this paragraph shall not apply to provisional rights under section 154(d).
>
> The court may receive expert testimony as an aid to the determination of damages or of what royalty would be reasonable under the circumstances.

35 U.S.C. § 284 (emphasis added); see also i4i Ltd. P'ship v. Microsoft Corp., 598 F.3d 831, 858 (Fed. Cir. 2010) ("A finding of willful infringement is a prerequisite to the award of enhanced damages." (citing In re Seagate Tech., LLC, 497 F.3d 1360, 1368 (Fed. Cir. 2007) (en banc))). Factors relevant to a court's determination of the extent of enhanced damages include the infringer's behavior, the infringer's good faith belief of invalidity or infringement, and the infringer's size and finances. See Read Corp. v. Portec, Inc., 970 F.2d 816, 826-27

4

(Fed. Cir. 1992) (listing nine factors[2]), abrogated on other grounds by Markman v. Westview Instrs., Inc., 52 F.3d 967 (Fed Cir. 1995) (en banc), aff'd, 517 U.S. 370 (1996); see also Transclean Corp. v. Bridgewood Servs., Inc., 290 F.3d 1364, 1377-78 (Fed. Cir. 2002).

**III. ANALYSIS**

    **A. Renewed Motion for Judgment as a Matter of Law of No Willfulness**

IPS asserts in its renewed motion for judgment as a matter of law of no willfulness that WCM failed to present sufficient evidence for a finding of willful infringement of the '220 and '970 Patents. (ECF No. 525 at 8-13.) IPS also asserts that the jury instruction on willful blindness was erroneous and prejudicial to IPS. (Id. at 13-15.) WCM argues that the relevant test for willfulness has been met and that IPS has waived its objections to the jury instruction. (ECF No. 542 at

---

[2] The factors are:

(1) whether the infringer deliberately copied the ideas or design of another;
(2) whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed; and
(3) the infringer's behavior as a party to the litigation.
. . . .
(4) Defendant's size and financial condition.
(5) Closeness of the case.
(6) Duration of defendant's misconduct.
(7) Remedial action by the defendant.
(8) Defendant's motivation for harm.
(9) Whether defendant attempted to conceal its misconduct.

Read, 970 F.2d at 826-27 (citations and footnote omitted).

5

8-19.) The Court finds that both the objective and subjective prongs of the Seagate test are satisfied and that there was no error as to the jury instruction. Thus, the Court denies the motion.

### 1. Seagate Test for Willfulness

Seagate requires that "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." In re Seagate Tech., LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc). "If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." Id.

The Court has found that there was sufficient evidence to support a finding of willfulness. (See, e.g., ECF No. 477 at 9-12.) IPS asserts, however, that the objective prong of the Seagate test was not met. (ECF No. 525 at 8-10.)[3]

---

[3] One of IPS's arguments is that its redesign of the locknut demonstrates that it did not act with objective recklessness. (ECF No. 525 at 9-10 (citing Alloc, Inc. v. Norman D. Lifton Co., 653 F. Supp. 2d 469, 475-76 (S.D.N.Y. 2009)).) IPS's locknut, however, was not redesigned until mid-2014, after the instant case had been ongoing for over a year. (Trial Tr. 771:19-772:10, Oct. 16, 2015, ECF No. 466.) Since post-litigation conduct is not at issue (see, e.g., ECF No. 477 at 9), IPS's redesign efforts are irrelevant considerations. See Applied Med. Res. Corp. v. U.S. Surgical Corp., 435 F.3d 1356, 1365 (Fed. Cir. 2006). IPS asserts that Applied is (cont.)

"[W]illfulness is not established where the defendant has a substantial, objectively reasonable, though ultimately rejected, defense . . . ." Innovention Toys, LLC v. MGA Entm't, Inc., 611 F. App'x 693, 700 (Fed. Cir. 2015), petition for cert. filed, 2015 WL 7180653 (U.S. Nov. 10, 2015) (No. 15-635).  The district court must "consider[] the totality of the record evidence . . . to determine whether there was an objectively-defined risk of infringement of a valid patent." Halo Elecs., Inc. v. Pulse Elecs., Inc., 769 F.3d 1371, 1382 (Fed. Cir. 2014), cert. granted, 136 S. Ct. 356 (U.S. argued Feb. 23, 2016) (No. 14-1513).  Although IPS asserts that it raised substantial questions as to invalidity and noninfringement, thus barring a finding of objective recklessness, (ECF No. 525 at 9 (citing Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc., 776 F.3d 837, 844 (Fed. Cir. 2015))), the invalidity and noninfringement defenses were not objectively reasonable.

Unlike the defendant in Halo, IPS failed to show that the prior art disclosed each element of the asserted claims or that it was obvious to combine and modify the prior art to create the claimed invention.  See (ECF No. 593 at 11-12; see also Halo, 769 F.3d at 1382 (citing Halo Elecs., Inc. v. Pulse Elecs.,

---

distinguishable in part because "the defendant's redesign was found to be infringing." (ECF No. 575 at 2.) Although IPS has consistently argued in this case that the Revised Products do not infringe, the jury and the Court have found otherwise. (See ECF Nos. 592 at 4-7; ECF No. 593 at 6-10.)

Inc., No. 2:07-cv-00331-PMP-PAL, 2013 WL 2319145, at *15 (D. Nev. May 28, 2013)). IPS's reliance on prior art that did not contain elements of the asserted patents, particularly when IPS's own opinion witness conceded that he did not know if the prior art references were anticipatory (Trial Tr. 1436:13-15, Oct. 20, 2015, ECF No. 469), demonstrates that IPS acted with objective recklessness in its infringement. Cf. Spine Sols., Inc. v. Medtronic Sofamor Danek USA, Inc., 620 F.3d 1305, 1312 (Fed. Cir. 2010) (finding that the defendant raised a substantial question of obviousness when a combination of prior art "plainly disclose[d] every limitation of" an asserted claim).

Further, while "there is no affirmative obligation to obtain opinion of counsel," Seagate, 497 F.3d at 1371, whether or not an alleged infringer does so is a factor for the Court to consider when assessing willful recklessness. Aspex Eyewear Inc. v. Clariti Eyewear, Inc., 605 F.3d 1305, 1313 (Fed. Cir. 2010) ("the timing as well as the content of an opinion of counsel may be relevant to the issue of willful infringement, for timely consultation with counsel may be evidence that an infringer did not engage in objectively reckless behavior"); see also Spectralytics, Inc. v. Cordis Corp., 649 F.3d 1336, 1347-48 (Fed. Cir. 2011) ("the failure to obtain an opinion of counsel or otherwise investigate the patent situation can be considered,

8

in the totality of the circumstances"). In this case, WCM asserts, and IPS does not dispute, that IPS did not seek an opinion of counsel. (See ECF No. 542 at 10.)

IPS argues that during the claim construction stage, WCM abandoned the majority of its asserted claims. (ECF No. 525 at 2-3.) Even if the Court considers WCM's strategy not to pursue these claims as evidence of IPS's reasonable claim constructions under which its products did not infringe, consideration of the totality of the circumstances is required, see Halo, 769 F.3d at 1382, and the record evidence demonstrates IPS's defenses were not objectively reasonable. Thus, the objective Seagate prong is satisfied.

The subjective Seagate prong is supported by the jury verdict. (See ECF No. 454 at 31; ECF No. 477 at 9-12; see also Bard, 682 F.3d at 1008 ("If, in view of the facts, the asserted defenses were not reasonable, only then can the jury's subjective willfulness finding be reviewed for substantial evidence."). Since both prongs of the Seagate analysis are satisfied, the Court finds that willfulness on the part of IPS has been established.

### 2. Jury Instructions and Verdict Form

IPS asserts that because the jury was allowed to find IPS infringed either by finding willful infringement or finding willful blindness, the instruction on willfulness was erroneous

9

and prejudicial to IPS. (ECF No. 525 at 13.) WCM asserts that IPS was willfully blind <u>and</u> infringed willfully, and that IPS failed to object properly to the jury instruction. (ECF No. 542 at 15-20.)

As an initial matter, IPS did not object to the willfulness jury instruction during trial for the same reasons it provides in its motion now.[4] Thus, it has waived its current objection. See <u>Bonkowski v. Allstate Ins. Co.</u>, 544 F. App'x 597, 608-09 (6th Cir. 2013).[5] Even if the objection were not waived,[6] while IPS is correct that willful blindness and willful infringement are governed by different standards, the instructions provided were not prejudicial.

Under both the lower willful blindness standard and the higher willful infringement standard, there was sufficient

---

[4] IPS previously objected only that question 17 on the verdict form allowed for a finding of willfulness before the Court determined the objective <u>Seagate</u> prong was satisfied and that question 17 implied willful blindness was equivalent to willful infringement. (ECF No. 448 at 6-7.) IPS now asserts that willful blindness is irrelevant to willful infringement and is only applicable as to induced infringement. (ECF No. 525 at 13-14.)

[5] IPS also asserts that it is entitled to a new trial on the grounds that the jury instructions on willfulness were erroneous and prejudicial. (ECF No. 525 at 13.) Pursuant to Rule 59(a), a new trial is only permitted when there is a "seriously erroneous result." Holmes v. City of Massillon, Ohio, 78 F.3d 1041, 1045-46 (providing that such result is "evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion"). The Court does not find that there was a "seriously erroneous result" such that a new trial is warranted.

[6] IPS also argues that "a litigant's failure to object to a jury instruction does not create a jurisdictional bar to review." (ECF No. 575 at 5 (quoting <u>Reynolds v. Green</u>, 184 F.3d 589, 594 (6th Cir. 1999).) Rule 51, however, permits consideration of a newly asserted objection to the jury instructions only if the error "affects substantial rights." Fed. R. Civ. P. 51(d)(2). In this case, the Court does not find that the asserted error was substantially prejudicial to IPS.

evidence to support the jury verdict. "The doctrine of willful blindness requires that '(1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning that fact.'" Suprema, Inc. v. Int'l Trade Comm'n, 626 F. App'x 273, 280 (Fed. Cir. 2015) (quoting Global-Tech Appliances, Inc. v. SEB S.A., 131 S. Ct. 2060, 2070 (2011)). AB&A, whose assets were purchased by IPS, did not have engineers, draftsmen, or full-time product developers, which demonstrates that there was a high probability that AB&A's Classic products infringed. (See, e.g., Trial Tr. 539:17-23, Oct. 16, 2015, ECF No. 465.) IPS's failure to perform due diligence and ask about AB&A's development of its Classic product line demonstrates that IPS subjectively believed the products were infringing but deliberately avoided knowledge of that fact. (See Trial Tr. 903:9-13, Oct. 19, 2015, ECF No. 467.) Further, the willful blindness inquiry is applicable to the subjective prong of the Seagate analysis. See 497 F.3d at 1371. The Court has also found that the test for willful infringement has been met. (See supra Part III.A.1.)

IPS was not prejudiced by the jury instructions or verdict form question on willfulness because sufficient evidence was presented to support a finding of both willful infringement and willful blindness. Accordingly, IPS's renewed motion for

judgment as a matter of law of no willful infringement is DENIED.

   B.   **Motion for Enhanced Damages**

WCM asserts that the finding of willful infringement entitles it to enhanced damages of $4,151,934. (ECF No. 488 at 5, 21.) IPS argues that the jury's finding of willfulness is unclear and that WCM incorrectly attributes AB&A's activities to IPS. (ECF No. 507 at 5, 8.) For the reasons stated, the Court will not disrupt the jury's finding of willfulness and finds that the Read factors for enhanced damages are satisfied. Thus, the Court grants the motion.

The Court has determined that both prongs of Seagate are met. See supra Part III.A.1; see also Seagate, 497 F.3d at 1368 ("an award of enhanced damages requires a showing a willful infringement"). When "all the facts and circumstances" are considered, Read, 970 F.2d at 826, the factors for enhanced damages weigh in favor of WCM.

First, while IPS correctly asserts that the actions of AB&A cannot be attributed to IPS (ECF No. 507 at 8 (citing ECF No. 498-6 at 182:9-183:12); see also ECF No. 446 at 5), there is evidence of copying on IPS's part as well. (See, e.g., Kirk Dep.[7] 133:14-135:16, ECF No. 507-4 (discussing an IPS e-mail,

---

[7] The videotaped deposition of Steve Kirk was played at trial on October 15, 2015. (See Trial Tr. 465:8-9, Oct. 15, 2015, ECF No. 464.)

which referred to "knock[ing] off" a WCM product).) Notably, evidence of copying is not limited to the elements of the asserted claims, but also includes "ideas" and "design," which "encompass . . . copying the commercial embodiment." Read, 970 F.2d at 827 & n.7. Thus, this factor weighs in favor of WCM.

Second, and perhaps most importantly, IPS failed to investigate the asserted patents. Id. at 827 (citing as a factor "whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed"). Jeffrey Humber, IPS's Director of Engineering, testified that he possessed catalogs and other literature that indicated that WCM's products were patent protected. (Trial Tr. 1213:2-1215:9, Oct. 20, 2015, ECF No. 468.) Mr. Cassella testified that IPS monitored WCM's patents. (Trial Tr. 900:25-901:6, Oct. 19, 2015, ECF No. 467.) Despite knowing that WCM had patent protection, IPS did not even investigate the claims of a patent at issue in an earlier lawsuit between WCM and IPS at the time IPS was purchasing AB&A's assets. (Id. at 1133:16-18.)[8] Mr. Cassella's testimony that IPS did not investigate the

---

[8] That this conduct occurred prior to the patents-in-suit is not fatal to WCM's case. See Global-Tech, 131 S. Ct. at 2072 ("Taken together, this evidence was more than sufficient for a jury to find that [defendant] subjectively believed there was a high probability that [plaintiff's] fryer was patented, [and] that [defendant] took deliberate steps to avoid knowing that fact . . . .").

13

AB&A product line in the process of purchasing AB&A's assets also suggests that IPS could not have developed a good-faith belief that the patents were either invalid or not infringed. (Id. at 903:9-13.) This factor weighs strongly in favor of WCM.

IPS's size and financial condition also weigh in favor of awarding enhanced damages. Although IPS argues that the damages put IPS at a loss on the product line, the company as a whole is able to satisfy a judgment of enhanced damages.[9] See, e.g., Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings, 370 F.3d 1354, 1371 (Fed. Cir. 2004) ("[Defendant] is a large company with extensive financial means"). IPS has the means to pay enhanced damages such that the damages would "not unduly prejudice the defendants' non-infringing business." Read, 970 F.2d at 827 (quoting Kori Corp. v. Wilco Marsh Buggies & Draglines, Inc., 561 F. Supp. 2d. 512, 533 (E.D. La. 1982), aff'd, 761 F.2d 649 (Fed. Cir. 1985), cert. denied, 474 U.S. 902 (1985)). Moreover, enhanced damages are necessary to deter future infringement. This factor weighs in WCM's favor.

Also in WCM's favor is the fact that the jury's verdict was not a "close call," because the evidence at trial strongly supported WCM's case. See, e.g., CleanCut, LLC v. Rug Doctor,

---

[9] IPS's profit from November 2012 to July 2015 on the Classic line of products was approximately $3.7 million on approximately $8.85 million of sales. (See Trial Ex. 132.) IPS's entire plumbing division, however, had over $101 million in sales in 2014 alone, and is only one division of IPS. (Trial Tr. 843:15-18, Oct. 16, 2015, ECF No. 466.)

14

Inc., No. 2:08-cv-836, 2013 WL 441209, at *3 (D. Utah Feb. 5, 2013) (listing the court's inability to grant summary judgment prior to trial, the relative strength of plaintiff's proof at trial, and the jury verdict as considerations for closeness of the case). In this case, like in CleanCut, the Court was unable to grant summary judgment on several issues, including invalidity and infringement (see ECF No. 389), and IPS's evidence of invalidity and noninfringement at trial was weak (see ECF No. 593 at 6-15). Thus, this factor favors enhanced damages.

The Court, however, does not find that IPS engaged in litigation misconduct. The incidents WCM cites as examples of misconduct must be considered warranted in the interest of zealous advocacy and do not rise to the level of misconduct, which "generally involves unethical or unprofessional conduct by a party or his attorneys." Old Reliable Wholesale, Inc. v. Cornell Corp., 635 F.3d 539, 549 (Fed. Cir. 2011). This factor is against the awarding of enhanced damages.

Based on the total record, however, the weight of evidence is strongly in favor of enhanced damages. IPS infringed WCM's patents willfully, see supra Part III.A, and notably, IPS failed to conduct an adequate investigation of the asserted patents after the AB&A asset purchase. A number of other Read factors are also in WCM's favor. The Court, therefore, GRANTS WCM's

motion for enhanced damages.  The Court further finds, based on the egregious nature of IPS's conduct, that treble damages are appropriate.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS WCM's motion for enhanced damages and DENIES IPS's renewed motion for judgment as a matter of law of no willful infringement.  WCM is awarded damages treble the amount of the judgment, $1,383,978, for enhanced damages of $4,151,934.

**IT IS SO ORDERED**, this 12th day of May, 2016.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE