# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| WCM INDUSTRIES, INC., | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO.: 2:13-cv-02019-JPM-tmp |
| | ) |
| v. | ) |
| | ) Jury Trial Demanded |
| IPS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR EXCEPTIONAL CASE AND AWARD OF FEES;
GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE
SUPPORTING MATERIALS;
GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR STAY OF EXECUTION OF JUDGMENT;
AND DENYING DEFENDANT'S MOTION FOR ORDER DIRECTING PAYMENT**

Before the Court are Plaintiff WCM Industries, Inc.'s ("WCM") Motion for Exceptional Case and Award of Fees (ECF No. 602), filed May 27, 2016, and Motion for Leave to Provide Supporting Invoices and Attorneys' Fees Materials (ECF No. 487), filed December 10, 2015; and Defendant IPS Corporation's ("IPS") Motion for Stay of Execution of Judgment with Assignment of Certificate of Deposit, or in the Alternative, Depositing Funds into the Registry of Court In Lieu of Supersedeas Bond (ECF No. 619), filed June 10, 2016, and Motion for Order Directing Payment (ECF No. 704), filed August 24, 2016.

For the reasons that follow, the Court GRANTS IN PART and DENIES IN PART WCM's Motion for Exceptional Case and Award of Fees, GRANTS WCM's Motion for Leave to Provide Supporting Materials, GRANTS IN PART and DENIES IN PART IPS's Motion for Stay of Execution of Judgment, and DENIES IPS's Motion for Order Directing Payment.

**I.   BACKGROUND**

Plaintiff WCM brought claims for patent infringement against Defendant IPS Corporation ("IPS"), alleging that IPS infringed claims in three of WCM's patents.[1] (Joint Pretrial Order at 2, ECF No. 424.)  IPS denied that it infringed the patents and also asserted claims that WCM's patents were invalid.  (Id.)

A jury trial was held over ten days between October 13, 2015, and October 27, 2015.  (Min. Entries, ECF Nos. 430, 432-434, 439, 441, 444, 447, 451, 453.)  On October 27, 2015, the jury returned a verdict for WCM, finding that IPS had willfully infringed the asserted claims and that the asserted claims were not invalid.  (See Jury Verdict Form, ECF No. 454.)  The Court entered a judgment on December 4, 2015.  (ECF No.

---

[1] The three patents at issue are U.S. Patent No. 8,302,220 ("the '220 Patent"); U.S. Patent No. 8,321,970 ("the '970 Patent"); and U.S. Patent No. 8,584,272 ("the '272 Patent").  (Joint Pretrial Order at 2, ECF No. 424.) The IPS products that WCM alleges infringe WCM's patents ("the Accused Products") include the Original Classic line and the Revised Classic line of bathtub overflow and drain assemblies.  (See id. at 3-4.)

2

478.) Subsequently, the Court denied Defendant IPS's motions for judgment as a matter of law of non-infringement, invalidity, and no willfulness. (ECF Nos. 592-94.)

On May 27, 2016, WCM filed a motion for exceptional case and award of fees. (ECF No. 602.) On June 10, 2016, IPS filed a response in opposition. (ECF No. 620.) With leave of Court, WCM filed a reply brief on June 28, 2016 (ECF No. 640), and IPS filed a sur-reply on June 30, 2016 (ECF No. 655).

On June 10, 2016, IPS filed a motion for stay of execution of judgment. (ECF No. 619.) WCM responded in opposition on June 27, 2016. (ECF No. 633.) With leave of Court, IPS filed a reply brief on July 28, 2016. (ECF No. 686.)

On August 24, 2016, IPS filed a motion for order directing payment. (ECF No. 704.) IPS seeks an order from the Court "allowing IPS to deposit the sum of the sunset period royalties with the Court." (Id.) WCM filed a response in opposition on August 25, 2016. (ECF No. 710.)

## II. LEGAL STANDARDS

### A. Motion for Exceptional Case

Thirty-five U.S.C. § 285 provides that: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." An "exceptional case" is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law

3

and the facts of the case) or the unreasonable manner in which the case was litigated." Octane Fitness, LLC v. ICON Health & Fitness, Inc., 134 S. Ct. 1749, 1756 (2014). The district court has discretion to determine whether a case is "exceptional" under the totality of the circumstances. Id. In a copyright case involving a similar provision, the Supreme Court provided a nonexclusive list of factors the court can consider, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Id. at 1756 n.6 (quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994)). The Federal Circuit has "repeatedly identified as 'exceptional' those cases involving 'inequitable conduct before the [Patent Office]; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement.'" Forest Labs, Inc. v. Abbott Labs., 339 F.3d 1324, 1329 (Fed. Cir. 2003) (quoting Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp., 267 F.3d 1370, 1380 (Fed. Cir. 2001)) (alteration in original).

A district court may, at its discretion, deny fee awards even in exceptional cases. Icon Health & Fitness, Inc. v. Octane Fitness, LLC, 576 F. App'x 1002, (Fed. Cir. 2014); see also S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc., 781 F.2d

4

198, 201 (Fed. Cir. 1986) ("an exceptional case does not require in all circumstances the award of attorney fees"). The award of enhanced damages is independent from the award of attorneys' fees; the Federal Circuit has found that it is not an abuse of discretion to award enhanced damages yet not award attorneys' fees. See Va. Panel Corp. v. MAC Panel Co., 133 F.3d 860, 867 (Fed. Cir. 1997).

    **B.    Motion to Stay Judgment**

Federal Rule of Civil Procedure 62(d) provides in pertinent part that: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . ." The rule "entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right." Arban v. W. Pub. Corp., 345 F.3d 390, 409 (6th Cir. 2003) (citing Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n, 636 F.2d 755, 759 (D.C. Cir. 1980)). Federal Rule of Appellate Procedure 8(a) provides in pertinent part that a party seeking a stay "must ordinarily move first in the district court for . . . a stay of the judgment . . . ; approval of a supersedeas bond; or an order suspending, modifying, restoring, or granting an injunction while an appeal is pending."

**III. ANALYSIS**

   **A.   Motion for Exceptional Case**

WCM asserts that it is the prevailing party and that this is an exceptional case for which it is entitled to reasonable attorneys' fees. (ECF No. 602.) IPS argues its behavior in the case has not been egregious and that a finding that the case is exceptional is not warranted based on IPS's conduct throughout the entire litigation. (ECF No. 620.) The Court finds that WCM is entitled to attorneys' fees to the extent that the fees were incurred as a result of IPS's deficient first and second notice letters and/or as a result of IPS's incomplete delivery of the third notice letter.

As an initial matter, the Court finds that WCM is the prevailing party.[2] "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Farrar v. Hobby, 506 U.S. 103, 111-12 (1992). WCM was awarded actual relief on its claims of patent infringement (see, e.g., Jury Verdict Form, ECF No. 454), and IPS is required to modify its

---

[2] IPS asserted in its response to WCM's motion for leave to file supporting materials that "[i]t is IPS's position that WCM is not the prevailing party in this litigation." (ECF No. 510 ¶ 3.) There is no further argument, however, in IPS's response to WCM's motion for exceptional case that WCM is not the prevailing party. (See, e.g., ECF No. 620 at 13-14 (comparing WCM to the prevailing party in an analogous case).)

6

behavior by way of a monetary judgment and an injunction (see J., ECF No. 478; Permanent Injunction, ECF No. 614). Thus, the Court finds that WCM is the prevailing party such that 35 U.S.C. § 285 could apply to WCM.

WCM asserts that based on the willful infringement found in this case, the lack of substantive strength of IPS's litigation positions, and comparison to similar cases, the instant case is exceptional. (ECF No. 602 at 7-12.) IPS argues that its litigation position did not lack substantive strength and that its litigation of the case was not unreasonable or in bad faith. (ECF No. 620 at 7-9, 11-13.) The Court finds that WCM is entitled to certain reasonable attorneys' fees based on IPS's conduct with regard to providing notice of the permanent injunction to its distributors and manufacturer's representatives.

When considering the totality of the circumstances pre-trial and through the end of trial, it appears that the only factor favoring attorneys' fees is willful infringement. Even if, as WCM asserts, IPS's litigation positions were substantively weak, the Court has not found that IPS's strategic decisions rose to the level of litigation misconduct or bad faith litigation. (See ECF No. 594 at 8.) In MarcTec, LLC v. Johnson & Johnson, for example, the Federal Circuit affirmed a finding of litigation misconduct when a party misrepresented the

7

law and relied on unreliable expert testimony that prolonged the litigation.  664 F.3d 907, 920 (Fed. Cir. 2012).  IPS's conduct throughout trial was not so egregious.  In fact, it was a WCM opinion witness whose testimony was precluded because it was unreliable.  (See ECF No. 389.)  Further, "[i]n Octane Fitness, the Supreme Court made clear that it is the 'substantive strength of the party's litigating position' that is relevant to an exceptional case determination, not the correctness or eventual success of that position."  SFA Sys., LLC v. Newegg Inc., 793 F.3d 1344, 1348 (Fed. Cir. 2015).  The fact that IPS was ultimately unsuccessful on the merits does not necessarily warrant a finding of exceptional case.  Thus, the Court DENIES WCM's motion for attorneys' fees with the exception of one aspect of the case which the Court finds to be exceptional, see infra pp. 8-12.

Post-trial, IPS has been less than forthcoming to the Court and, it appears, to its own counsel, which has resulted in additional communications, briefing, and hearings before the Court that would otherwise have been unnecessary.  (See, e.g., Min. Entries, ECF Nos. 673, 677, 682, 696.)  On June 30, 2016, WCM filed a motion to enforce the permanent injunction, asserting that IPS's notice letters to its distributors and manufacturer's representatives provided insufficient notice of the permanent injunction entered in the instant case (ECF No.

614).  (ECF No. 656.)[3]  After expedited briefing and several hearings, the Court ordered IPS to send to its distributors and manufacturer's representatives an electronic notice letter with language approved by the Court and with the permanent injunction order attached.  (See ECF No. 678.)  The Court further ordered IPS to provide delivery and read receipts to WCM within a set period of time.  (See id.)

IPS represented to the Court and to WCM that it had the capability to send the electronic notice letter to and receive receipts from all of the 6,000-plus individual distributors and manufacturer's representatives in its distribution channel. (See, e.g., Tr. 37:14-16, July 15, 2016, ECF No. 683; Tr. 23:15-24, July 20, 2016, ECF No. 680.)  Once the delivery and read receipts were obtained by WCM, however, the documentation and subsequently-developed record showed that IPS had affirmatively

---

[3] The Court granted the permanent injunction on May 16, 2016.  (ECF No. 596; see also ECF No. 614.)  Thus, the sunset period of ninety days was to last until August 14, 2016.  The first two notice letters sent by IPS, dated May 23, 2016, and June 10, 2016, failed to provide the requisite actual notice of the terms of the permanent injunction to the recipients.  (See ECF No. 666-1 at PageID 39452, 39454.)  Further, the notice letters included legal conclusions that IPS's distributors and end users were not restricted by the permanent injunction (see id.), even though specific determinations had not been made as to whether every recipient was not an "Enjoined Party" as defined by the permanent injunction.  IPS failed to provide a satisfactory notice letter until after WCM moved the Court to enforce the injunction on June 30, 2016, at which point half of the sunset period had already passed. Moreover, the third notice letter was not even sent until July 20, 2016, after telephonic hearings with the Court regarding the language of the letter (see Min. Entries, ECF Nos. 673, 677; ECF No. 678), and as of August 24, 2016, it still was not ascertainable whether every asserted distributor and manufacturer's representative of IPS's had received notice of the permanent injunction (see infra at 11; see also ECF No. 706 ¶¶ 3-6).

9

misled both the Court and WCM as to its ability to communicate with all those in its distribution channel. (See, e.g., ECF No. 690 at 3 ("The notice letter was sent to no more than 1,177 unique email addresses; and . . . 98 resulted in failure messages.").) IPS, in response to WCM's renewed motion to enforce the permanent injunction (id.), later stated that it did not actually "possess the physical address or email addresses for many of the individual locations in its wholesale distribution channel." (Cassella Decl. ¶ 7, ECF No. 694-1; see also ECF No. 694.) Rather, "for many of [the distribution locations], there is a single point of contact through which IPS communicates." (ECF No. 694 at 2 (listing companies and buying groups that encompass between 399 and 1,400 individual entities).) IPS acknowledged that it "does not communicate directly with each distribution location controlled by a single corporate entity." (Id.)

Thus, the Court and WCM were made to go through the process of expedited briefing and hearings on WCM's first motion to enforce the permanent injunction, only to discover that IPS had withheld critical information all along about how it communicated with its distributors and manufacturer's representatives. The Court, after receiving additional briefing and holding another hearing, then ordered IPS to provide an affidavit from an individual at each "point-of-contact" company

or buying group detailing the dissemination of the third notice letter to its individual locations or members. (ECF No. 698.) As of August 9, 2016, less than a week before the sunset period expired, two affidavits still had not been produced by IPS. (See ECF No. 701 at 5.) On August 24, 2016, WCM informed the Court that all the information IPS was ordered to provide had been received, save for an "as received copy" of the third notice letter referenced in one declaration. (See ECF No. 706.)

The Court finds that IPS's failure to clarify its ability to communicate the notice letter and permanent injunction order to all its distributors and manufacturer's representatives and the delay IPS created in providing the requisite notice is objectively unreasonable and resulted in vexatious litigation. Since this particular aspect of the case has been exceptional, the Court finds that certain attorneys' fees are warranted. But see AAT Bioquest, Inc. v. Tex. Fluorescence Labs., Inc., Case No. 14-cv-03909-DMR, 2015 WL 7708332, at *16 (N.D. Cal. Nov. 30, 2015) ("the court's award of trebled . . . damages . . . means that [the defendant] will surrender to [the plaintiff] an amount that is more than five times the actual revenue it made from its sales . . . . This is sufficient compensation, punishment, and deterrence. After considering the totality of the circumstances, the court will exercise its discretion and decline to award attorneys' fees under 35 U.S.C. § 285 for the

two aspects of the case that it finds to be exceptional." (emphasis added)).  Unlike the award in AAT Bioquest, the Court's award of enhanced damages in the instant case is not adequate to compensate, punish, or deter the conduct of IPS in relation to the permanent injunction.  The enhanced damages were related to IPS's infringing activities, which were established at trial; an award of limited attorneys' fees now concerns IPS's lack of candor post-trial.

The Court therefore GRANTS WCM's motion for exceptional case and awards attorneys' fees specifically related to IPS's deficient first and second notice letters and/or IPS's incomplete delivery of the third notice letter and GRANTS WCM's motion for leave to provide supporting invoices and related attorneys' fees materials.  The Court also awards post-judgment interest on the award of attorneys' fees.[4]  The majority of circuits include attorneys' fees as part of "any money judgment" under 28 U.S.C. § 1961(a).  See Associated Gen. Contractors of Ohio, Inc. v. Drabik, 250 F.3d 482, 485 (6th Cir. 2001) (collecting cases).  Upon WCM's submission of the supporting documentation, and the establishment of the amount of attorneys'

---

[4] In an earlier order, the Court granted WCM's motion for post-judgment interest, but noted that post-judgment interest on attorneys' fees was, at the time, undetermined and premature because WCM had not yet filed a motion for attorneys' fees.  (ECF No. 595.)  The Court granted post-judgment interest "on the judgement amount, prejudgment interest, and any other monetary relief granted by the Court when the judgment is paid." (Id. at 8-9.)

12

fees entitled to WCM, the Court will enter a final amended judgment in this case.[5]

**B.   Motion to Stay Judgment**

IPS requests a stay of the monetary judgment[6] pending appeal upon the assignment of a certificate of deposit in the amount awarded by this Court. (ECF No. 619.) In the alternative, IPS requests that it be permitted to deposit the funds into a registry of the Court. (Id. at 2.) WCM argues that the Federal Rules of Civil and Appellate Procedure require a supersedeas bond and that the amount proposed by Defendant is not sufficient, given post-trial sales and post-trial orders by the Court. (ECF No. 633 at 2-5.) The Court finds that a stay of the monetary judgment is appropriate upon the Court's approval of a supersedeas bond posted by IPS in an amount sufficient to secure full satisfaction of the final amended judgment.[7]

Rule 62(d) does not "necessarily impl[y] that filing a bond is the only way to obtain a stay. It speaks only to stays

---

[5] The Federal Circuit has awarded post-judgment interest on attorneys' fees and has determined that interest is calculated "from the date of the judgment establishing the right to the award." Mathis v. Spears, 857 F.2d 749, 760 (Fed. Cir. 1988).

[6] WCM asserts in its response that only the monetary judgment should be stayed and that other orders, such as the permanent injunction order, should not be disturbed. (ECF No. 633 at 5.) Based on IPS's filings, there is no dispute that a stay shall apply only to the monetary judgment. (See ECF No. 662 at 3 ("IPS has not moved the Court for a stay of any non-monetary relief including the permanent injunction.").)

[7] The Court will enter a final amended judgment when all monetary damages are determinable. The final amended judgment will include compensatory and punitive damages; pre- and post-judgment interest; sunset period royalties; and the limited attorneys' fees granted by this order.

granted as a matter of right[;] it does not speak to stays granted by the court in accordance with its discretion." Arban, 345 F.3d at 409. The Court not only has the power to permit satisfaction of the judgment with a bond in a lesser amount but also "to permit security other than the bond." United States ex rel. Lefan v. Gen. Elec. Co., 397 F. App'x 144, 151 (6th Cir. 2010) (quoting 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2905 p. 522 (4th ed. 2008)).

Although the substitution of a supersedeas bond with another form of security is permissible, the Court finds no reason to deviate from the standard procedure set forth by the Federal Rules. As WCM notes, "the bond includes a written and signed promise to pay another." (ECF No. 633 at 3.) The accountability to WCM that accompanies a supersedeas bond, as opposed to another form of surety, is critical, given that IPS has demonstrated a lack of urgency in complying with orders by the Court. See supra Part III.A. Thus, the Court GRANTS the stay of the judgment upon the filing of the supersedeas bond and its approval by the Court; the Court DENIES IPS's request to substitute a certificate of deposit for a supersedeas bond.

## C. Motion for Order Directing Payment

IPS requests that the Court direct payment of the sum of the sunset period royalties[8] so that IPS may deposit the funds with the Court to comply with the permanent injunction. (ECF No. 704 at 1-2.) WCM opposes the relief requested because even if the Court were to grant a stay, it would not apply to the permanent injunction. (ECF No. 710 at 1-2.) As noted above, the Court finds that the sum of the sunset period royalties must be secured by the supersedeas bond. See supra Part III.B n.7.

WCM argues that IPS has conceded that a stay, if granted, would not apply to the permanent injunction. (ECF No. 710 at 1-2.) IPS, however, stated only that a stay should not apply to "non-monetary relief." See supra Part III.B n.6. The permanent injunction necessarily entails certain monetary relief. (See Part II.c, ECF No. 614 ("The total royalty for sales of Classic Products during the 90-day sunset period shall be paid no later than fifteen (15) days after the expiration of the sunset period.").) Even though the royalties are a condition of the permanent injunction, "[t]hat characterization of the monetary award for the sunset period does not render Rule 62(d) inapplicable." ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc., Nos. 2011-1538, -1567, 2012-1129, -1201, 2012 WL 10716768,

---

[8] It does not appear that IPS has specified the sum of the sunset period royalties. IPS must do so by August 29, 2016.

15

at *1 (Fed. Cir. Apr. 2, 2012) (per curiam). While the Court's stay does not apply to the other terms of the permanent injunction, the stay shall include the monetary relief described in the permanent injunction. See id. ("royalty payments constitute monetary relief that is normally subject to Rule 62(d)").

> Although the effect of a stay is to deprive [the plaintiff] of immediate access to the royalty payments, the supersedeas bond ensures that those payments will be readily available to [the plaintiff] if it should prevail on appeal. At the same time the bond ensures that if [the defendant] should prevail on appeal, it will not run the risk of being unable to recoup the payments made during the sunset period.

Id.

Thus, the Court DENIES IPS's motion for order directing payment because the sum of the sunset period royalties should not be deposited with the Court but rather secured by the supersedeas bond.

## IV. CONCLUSION

For the foregoing reasons, WCM's motion for exceptional case is GRANTED IN PART and DENIED IN PART; WCM's motion for leave to file supporting materials is GRANTED; IPS's motion for stay of execution of judgment is GRANTED IN PART and DENIED IN PART; and IPS's motion for order directing payment is DENIED.

IPS shall disclose the sum of the sunset period royalties by August 29, 2016. WCM shall submit detailed documentation in

16

support of the limited award of attorneys' fees by September 6, 2016.  IPS shall post a bond sufficient to secure full satisfaction of the final amended judgment, said bond to be posted within ten (10) days of the entry of the final amended judgment.

**IT IS SO ORDERED**, this 26th day of August, 2016.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE