```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

|                              |   |                              |
|------------------------------|---|------------------------------|
| WCM INDUSTRIES, INC.         | ) |                              |
|      Plaintiff,              | ) |                              |
|                              | ) |                              |
|      v.                      | ) | No. 2:13-cv-02019-JPM-tmp    |
|                              | ) |      Jury Trial Demanded     |
| IPS CORPORATION              | ) |                              |
|      Defendant.              | ) |                              |
|                              | ) |                              |

**MEMORANDUM AND ORDER CONCERNING
ATTORNEYS' FEES, POST-JUDGMENT INTEREST,
AND SUNSET PERIOD ROYALTIES**

This Court previously determined that Plaintiff WCM Industries, Inc.'s ("WCM") "is entitled to certain reasonable attorneys' fees based on [Defendant IPS Corporation's ("IPS")] conduct with regard to providing notice of the permanent injunction to its distributors and manufacturer's representatives," pursuant to 35 U.S.C. § 285, which entitles the prevailing party to reasonable fees in an exceptional patent infringement case. (ECF No. 716 at 7, PageID 40670.)

Following the Court's determination, WCM submitted affidavits and documentation in support of its request for attorneys' fees. (ECF Nos. 723-26, PageIDs 40693-727.) The parties then submitted memoranda with respect to the

1

reasonableness of WCM's requested fees; IPS objected to the allowance of certain fees claimed by WCM. (ECF Nos. 730-31. PageIDs 40734, 40740.)

For the following reasons, the Court awards WCM $60,535.50 in attorneys' fees; $27,920.43 in post-judgment interest, which includes interest on the attorneys' fee award; and $153,476.00 in sunset period royalties.

**I. BACKGROUND**

This case arises from WCM's allegations of patent infringement against IPS. A jury trial was held over ten days between October 13, 2015, and October 27, 2015. (Min. Entries, ECF Nos. 430, 432-34, 439, 441, 444, 447, 451, 453.) On October 27, 2015, the jury returned a verdict for WCM, finding that IPS had willfully infringed the asserted claims and that the asserted claims were not invalid. (See Jury Verdict Form, ECF No. 454, PageID 30935.) The Court entered a judgment on December 4, 2015. (ECF No. 478, PageID 33154.)

On May 27, 2016, WCM filed a motion for exceptional case and award of fees. (ECF No. 602, PageID 38978.) On August 26, 2016, the Court granted WCM's motion for exceptional case and attorneys' fees, finding "that IPS's failure to clarify its ability to communicate the notice letter and Permanent

2

Injunction order to all its distributors and manufacturer's representatives and the delay IPS created in providing the requisite notice is objectively unreasonable and resulted in vexatious litigation." (ECF No. 716 at 11-12, PageID 40674-75.) The Court also awarded post-judgement interest on the award of attorneys' fees. (Id. at 12, PageID 40675.) In that same order, the Court ordered the parties to provide documentation for damages, and noted that "[t]he Court will enter a final amended judgment when all monetary damages are determinable. The final amended judgment will include compensatory and punitive damages; pre- and post-judgment interest; sunset period royalties; and the limited attorneys' fees granted by this [Court]." (Id. at 13 n.7, PageID 40676.)

On September 6, 2016, WCM filed exhibits and declarations in support of sunset period royalties and attorneys' fees. (ECF Nos. 718, PageID 40681; 721, PageID 40689; 723-26, PageIDs 40693-727.) On September 8, 2016, IPS responded in opposition to WCM's documentation and amount of attorneys' fees, contending the fees WCM claimed were "beyond the scope of [the Court's] award." (ECF No. 730, PageID 40734.)

**II. DISCUSSION**

**A. Attorneys' Fees**

WCM seeks attorneys' fees totaling $60,535.50 for work relevant to enforcement of the Permanent Injunction, including "preparation and filing WCM's original and renewed motions to enforce the Permanent Injunction and relevant briefing" (ECF No. 723, PageID 40693) and related hearings. (See ECF Nos. 723-26, PageIDs 40693-727.)  IPS responds that portions of WCM's request fall outside the scope of the Court's order and/or are not supported by adequate documentation.  (ECF No. 730, PageID 40734.)

**1. Legal Standard**

Courts generally use a "lodestar" method to determine an attorneys' fees award.  <u>Old Reliable Wholesale, Inc. v. Cornell Corp.</u>, No. 5:06CV2389, 2010 WL 446199, at *5, (N.D. Ohio Feb. 2, 2010) <u>rev'd on other grounds</u>, 635 F.3d 539 (Fed. Cir. 2011). The lodestar method requires the court to calculate fees by multiplying the "hours reasonably expended" by "a reasonable hourly rate."  <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983). This same method applies in patent infringement suits.  See <u>Lam, Inc. v. Johns-Manville Corp.</u>, 718 F.2d 1056, 1068 (Fed. Cir. 1983); <u>Comark Commc'ns., Inc. v. Harris Corp.</u>, 1998 WL 150946, at *2 (E.D. Pa. Mar. 30, 1998), <u>aff'd</u>, 156 F.3d 1182 (Fed. Cir. 1998)("The lodestar method is the proper method to use under 35

4

U.S.C. § 285 and is presumed to be the reasonable fee.").

Before the court determines the lodestar amount, the party seeking fees bears the initial burden of establishing the hours expended by providing detailed time records that document the tasks completed and the amount of time spent. See Granzeier v. Middleton, 173 F.3d 568, 577 (6th Cir. 1999) (citing Hensley, 461 U.S. at 433). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Hensley, 461 U.S. at 433.

Courts in this circuit have reduced attorney fees on the basis of insufficient billing descriptions where the attorney did not "maintain contemporaneous records of his time or the nature of his work," Keener v. Dep't of the Army, 136 F.R.D. 140, 147 (M.D. Tenn. 1991), aff'd on decision of the district court by Keener v. Dep't of the Army, No. 91–5442, 1992 WL 34580 (6th Cir. Feb. 24, 1992), and where billing records "lumped" together time entries under one total so that it was "impossible to determine the amount of time spent on each task." Cleveland Area Bd. of Realtors v. City of Euclid, 965 F.Supp. 1017, 1021 (N.D. Ohio 1997). See Saint-Gobain Autover USA, Inc. v. Xinyi Glass N. Am., Inc., 707 F. Supp. 2d 737, 763 (N.D. Ohio 2010), as corrected (Apr. 13, 2010) (finding it impossible to determine

whether submitted amount was reasonably based on one-line, monthly summaries provided for each attorney).

On the other hand, the Sixth Circuit Court of Appeals has upheld an award of attorney fees and found billing records to be adequate where entries made by counsel "were sufficient even if the description for each entry was not explicitly detailed." McCombs v. Meijer, Inc., 395 F.3d 346, 360 (6th Cir. 2005). See Anderson v. Wilson, 357 F.Supp.2d 991, 999 (E.D. Ky. 2005) (holding that the plaintiffs provided sufficiently detailed billing records where counsel disclosed "itemized statements describing the subject matter, the attorney, the time allotment, and the charge for all work done on Plaintiffs' case").

Therefore, "[c]ounsel need not record in great detail each minute he or she spent on an item, [just] the general subject matter should be identified." Imwalle v. Reliance Med. Prods., 515 F.3d 531, 553 (6th Cir.2008)(citations omitted)(internal quotation marks omitted). See Hensley, 461 U.S. at 437 n.12 ("Plaintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures."); PPG Indus., Inc. v. Celanese Polymer Specialties Co., 840 F.2d 1565, 1570 (Fed. Cir. 1988) (holding

that the trial court abused its discretion in refusing to award fees based on lack of documentation when counsel failed to keep contemporaneous time records, but furnished affidavits and corroborative business records).

Additionally, "a district court itself has experience in determining what are reasonable hours and reasonable fees, and should rely on that experience and knowledge if the documentation is considered inadequate." Slimfold Mfg. Co. v. Kinkead Indus., Inc., 932 F.2d 1453, 1459 (Fed. Cir. 1991).

Once a court determines the hours and rate, it can calculate the lodestar amount, and then it may make adjustments on the final award based on twelve factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability' of the case; (11) the nature and length of the professional relationship with the client; (12) and awards in similar cases.

Paschal v. Flagstar Bank, FSB, 297 F.3d 431, 435 (6th Cir. 2002)

(quoting Blanchard v. Bergeron, 489 U.S. 87, 91 n.5 (1989)). Ultimately, however, the calculation of attorneys' fees is left to the discretion of the district court, and, in reaching its conclusion, the court need not articulate its findings as to each factor. Nature Conservancy, Inc. v. Sims, 680 F.3d 672, 678 (6th Cir. 2012)( "This Circuit does not require that the district court apply the Paschal factors; rather, the touchstone for reasonableness is simply determining whether a fee 'is one that is adequate to attract competent counsel, but not produce windfalls to attorneys.'" (citations omitted) (quoting Paschal, 297 F.3d at 434)). See Healthcall of Detroit, Inc. v. State Farm Mut. Auto. Ins. Co., 632 F.Supp.2d 676, 680 (E.D. Mich. 2009).

**2. Application**

**a. Hours Expended**

The Court finds that WCM has made "a good faith effort to exclude from [its] fee request hours that are excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434. The Court also finds that the total number of adjusted hours billed sufficiently describe only work performed in response to IPS's notice of the June 3, 2016 Permanent Injunction in this case (ECF No. 614, PageID 39205). See McCombs, 395 F.3d at 360.

8

The Court addresses each of IPS's arguments against WCM's expended hours in turn.

For its first argument, IPS contends that WCM's fees related to third-party subpoenas fall outside the scope of the Court's Order because they were sent after the sunset period elapsed and after August 9, 2016, by which time IPS claims it already notified all required parties.[1]  (ECF No. 730 at 1, PageID 40734.)  This argument is flawed for two reasons.

First, the sunset royalty period is separate and distinct from the award of attorneys' fees in this case; thus, WCM is not precluded from requesting fees accrued after the sunset period elapsed.

Second, the Court noted that "as of August 24, 2016, it still was not ascertainable whether every asserted distributor and manufacturer's representative of IPS's had received notice of the Permanent Injunction."  (ECF No. 716 at 9 n.3, PageID 40672.)  Moreover, even as of August 24, 2016, IPS had not sent WCM an "as received copy" of the third notice letter referenced in one declaration.  (ECF No. 716 at 11, PageID 40674 (citing ECF No. 706).)  Therefore, WCM's efforts to subpoena third-

---

[1] These fees amount to $7,986.00.  (ECF No. 730 at 2, PageID 40736.)

parties to resolve IPS's inadequate notice between August 9, 2016, to August 24, 2016, fall squarely within the scope of the Court's order.

For its second argument, IPS asserts that the Court should not fully grant WCM fees where the narrative is partially redacted, because "it is unclear how the portion relevant to the Court's order was calculated." (ECF No. 730 at 4, PageID 40738.) The Court disagrees. Despite WCM's partial redactions, the entries are "sufficient even if the description for each entry was not explicitly detailed," McCombs, 395 F.3d at 360, because "the general subject matter [was] identified" and relevant to enforcement of the Court's order. Imwalle, 515 F.3d at 553.

For the above reasons, the Court finds that WCM's submitted sufficient documentation of its fees, which properly relate to IPS's conduct with regard to providing notice of the Permanent Injunction to its distributors and manufacturer's representatives, and that the hours expended appropriately reflect the work described.

### b. Hourly Rate

The hourly rates claimed by counsel are also reasonable. WCM's rates range from $100 to $575 per hour, depending on the

individual doing the work. (ECF Nos. 724-26, PageIDs 40696-728.) The Court finds that these rates are commensurate with those charged by other patent litigators across the country. See, e.g., Auto. Techs. Int'l, Inc. v. Siemens VDO Auto. Corp., 744 F. Supp. 2d 646 (E.D. Mich. 2010) (finding that attorney fee awards of $695 for a partner to $190 per hour for a paralegal were reasonable in a patent infringement case); WBIP, LLC v. Kohler Co., No. CIV.A. 11-10374-NMG, 2014 WL 4471412, at *2 (D. Mass. Sept. 8, 2014)(finding rates of $345 to $735 per hour for intellectual property litigation reasonable).

Therefore, the Court finds the hourly rates submitted by WCM reasonable.

### c. Discretionary Adjustment

This Court previously considered discretionary factors in determining the award of attorneys' fees to WCM. (See ECF No. 716, PageID 40664.) In doing so, it determined that this case was exceptional as to IPS's notice, or lack thereof, of the Permanent Injunction. (Id. at 12, PageID 40675.) Consequently, the Court adjusted WCM's attorneys' fees award, limiting it to those fees related to IPS's notice of the Permanent Injunction. (Id.) Moreover, the compressed window for enforcement, the urgency of prompt resolution of the notice issues, the necessity

11

of the Court hearings, and the attendant compressed preparation schedule, further support the reasonableness of the fees sought by WCM.

The Court finds that WCM's submitted hours and rates are reasonable, and that an Amended Judgment reflecting an award of $60,535.50 in attorneys' fees should be entered.

**B. Post-Judgment Interest**

In its August 26, 2016 Order regarding WCM's motion for an exceptional case, the Court awarded WCM attorneys' fees related to IPS's notice of the Permanent Injunction, and ordered IPS to pay post-judgment interest on such fees. (Id.) In determining when post-judgment interest accrues on an attorney fee award, the Sixth Circuit requires "the interest to run on an [sic] fee award from the time of entry of the judgment which unconditionally entitles the prevailing party to reasonable attorney fees." Associated Gen. Contractors of Ohio, Inc. v. Drabik, 250 F.3d 482, 495 (6th Cir. 2001). Therefore, this Court calculates the post-judgment interest on attorneys' fees from the date of its August 26, 2016 Order (ECF No. 716, PageID 40664), "which unconditionally entitles [WCM] to reasonable attorney fees." Drabik, 250 F.3d at 495. See Harper v. BP Expl. & Oil, Inc., 3 F. App'x 204, 210 (6th Cir. 2001)(finding no

abuse of discretion where district court declined to award post-judgment interest prior to the date on which it entered its order awarding attorneys' fees).

The total post-judgment interest will be the summation of the interest on the attorneys' fees and the interest on the previous money judgments. (See ECF Nos. 595, PageID 38931; 619, PageID 39219; 633, PageID 39296.) According to the Court's calculations, IPS should be ordered to pay $27,920.43[2] in total post-judgment interest. The judgment will be amended

---

[2] Pursuant to 28 U.S.C. § 1961, the Court calculated the post-judgment interest on "any money judgment" in the case. The Sixth Circuit Court of Appeals has held that "money judgments" include damages, pre-judgment interest, attorneys' fees, and costs, but has yet to determine if such judgments include sunset period royalties or enhanced damages. See, e.g., Caffey v. Unum Life Ins. Co., 302 F.3d 576 (6th Cir. 2002) (affirming post-judgment interest on entire amount of judgment in ERISA case, including award of pre-judgment interest); Drabik, 250 F.3d at 494-95. There being no binding appellate authority, and in light of the broad language of § 1961, it appears that the statute is applicable to both sunset period royalties and enhanced damages.

The Court determined the post-judgment interest of the money judgments in this case by first multiplying the accumulative money judgment amount of compensatory damages, enhanced damages, costs, sunset period royalties, and pre-judgment interest times the Federal Reserves Interest Rate for 1-year Treasury Constant Maturities, as of September 27, 2016. This Annual Interest Amount was then divided by 365 days to determine the Daily Interest Amount. Finally, the Daily Interest Amount was multiplied by the Accumulated Days since the Judgment on Jury Verdict, entered December 4, 2015 (ECF No. 478, PageID 33154.). The same calculation was done with Attorneys' Fees, using the Attorneys' Fees award and the Accumulated Days since the Court's August 26, 2016 Order granting attorneys' fees (ECF No. 716, PageID 40664). The Court then added the accumulative money judgment post-judgment interest to the Attorneys' Fees Award post-judgment interest to determine the total post-judgment interest due to WCM.

accordingly.

**C. Sunset Period Royalties**

In its Permanent Injunction Order, the Court ordered IPS to pay royalties to WCM for infringing units sold during the sunset period. (ECF No. 614 at 3, PageID 39207.) The parties have conferred and agree that IPS should be ordered to pay $153,476.00 in sunset period royalties. (See ECF Nos. 720-21, PageIDs 40686-89.) The judgment will be amended accordingly.

**III. CONCLUSION**

For the above reasons, the Court awards WCM attorneys' fees in the amount of $60,535.50, post-judgment interest in the amount of $27,920.43, and sunset period royalties in the amount of $153,476.00.

**IT IS SO ORDERED**, this 29th day of September, 2016.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE