**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| WCM INDUSTRIES, INC., | ) ) ) | Civil Action No. 2:13-cv-02019-JPM-tmp |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| IPS CORPORATION, | ) ) | Jury Demanded |
| Defendant. | ) ) ) | |

---

**WCM INDUSTRIES, INC.'S MOTION AND INCORPORATED MEMORANDUM
OF LAW TO ENFORCE LIABILITY ON THE SUPERSEDEAS BOND
UP TO THE UNDISPUTED JUDGMENT AND FOR ATTORNEYS' FEES**

---

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     PROCEDURAL BACKGROUND........................................................................ 3

III.    ARGUMENT ...................................................................................................... 7

        A.      IPS has already admitted that intermediate period compensatory damages
               are final ........................................................................................................ 7

        B.      The stay resulting from IPS's posting of the supersedeas bond under Rule
               62(d) has expired, and IPS may not seek a further stay......................................... 9

        C.      In light of IPS's refusal to pay the undisputed amounts owed pursuant to
               the judgments, the Court should immediately enforce liability on the bond ........ 11

        D.      WCM is entitled to its attorneys' fees in enforcing liability on the bond............. 13

IV.     CONCLUSION................................................................................................. 14

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Aerotrade, Inc. v. Republic of Haiti*,
  399 F. Supp. 618 (S.D.N.Y. 1975) ...................................................................12

*Amado v. Microsoft Corp.*,
  517 F.3d 1353 (Fed. Cir. 2008)........................................................................8

*Apple Inc. v. Samsung Elecs. Co.*,
  No. 11-CV-01846, 2015 WL 8477855 (N.D. Cal. Dec. 9, 2015).....................12, 13

*Astro-Med, Inc. v. Plant*,
  CA 06-533 ML, 2010 WL 537101 (D.R.I. Feb. 12, 2010)...............................12

*Bass v. First Pac. Networks, Inc.*,
  219 F.3d 1052 (9th Cir. 2000) .........................................................................11

*Beatrice Foods Co. v. New England Printing & Lithographing Co.*,
  930 F.2d 1572 (Fed. Cir. 1991).........................................................................9

*Celotex Corp. v. Edwards*,
  514 U.S. 300 (1995)...........................................................................................12

*Chambers v. NASCO, Inc.*,
  501 U.S. 32 (1991).............................................................................................14

*Cole v. City of Memphis*,
  No. 2:13-CV-02117-JPM-DKV, 2017 WL 782929 (W.D. Tenn. Feb. 28,
  2017) ............................................................................................................2, 9, 10

*First Bank of Marietta v. Hartford Underwriters Ins. Co.*,
  307 F.3d 501 (6th Cir. 2002) ...........................................................................14

*Metz v. Unizan Bank*,
  655 F.3d 485 (6th Cir. 2011) ...........................................................................14

*Roadway Express, Inc. v. Piper*,
  447 U.S. 752 (1980)...........................................................................................14

*Schafer v. City of Defiance Police Dep't*,
  529 F.3d 731 (6th Cir. 2008) ...........................................................................14

*Ventas, Inc. v. HCP, Inc.*,
  No. 3:07-CV-238, 2011 WL 3678819 (W.D. Ky. Aug. 22, 2011)....................9

*Vodanovich v. Boh Bros. Const. Co.*,
 Civ. No. 05-4191, 2015 WL 2229270 (E.D. La. May 11, 2015)............................................11

*WCM Indus., Inc. v. IPS Corp.*,
 721 F. App'x 959 (Fed. Cir. 2018) ..................................................................... *passim*

*William A. Graham Co. v. Haughey*,
 794 F. Supp. 2d 566 (E.D. Pa. 2011) ...................................................................10

**Federal Statutes**

28 U.S.C. § 1352 ..................................................................................................11

**Rules**

Fed. R. App. P. 4(a) ...........................................................................................7

Fed. R. App. P. 8(a) ...........................................................................................12

Fed. R. Civ. P. 62(d) ................................................................................. *passim*

Fed. R. Civ. P. 65.1 .................................................................................11, 12, 13

## I.    INTRODUCTION

Plaintiff WCM Industries, Inc. ("WCM") hereby moves to enforce liability on the supersedeas bond (ECF No. 781) up to the total affirmed and undisputed portion of the Second Final Judgment (ECF No. 776)—$2,436,487.44, plus applicable post-judgment interest through September 21, 2018, which WCM calculates to be $56,119.85.

The Court stayed execution of the judgment against IPS Corporation ("IPS") *pending the appeal*. ECF No. 716. Now that the appeal is over, and the mandate issued on March 14, 2018 (ECF No. 785), the stay has ended. The Federal Circuit affirmed *all* of the jury's infringement and willfulness findings, leaving nearly $2.5 million of the judgment against IPS undisputed and final. *See WCM Indus., Inc. v. IPS Corp.*, 721 F. App'x 959, 973-74 (Fed. Cir. 2018). The appeals court remanded for one purpose only—for this Court to reweigh the egregiousness of IPS's conduct and decide enhancement on pre-verdict damages. *Id.*; *see also* ECF No. 799. But compensatory infringement damages, costs, prejudgment interest, attorneys' fees, sunset period royalties, intermediate period compensatory damages, and enhanced intermediate period compensatory damages are final under the Federal Circuit's mandate and not subject to future appeals.

Nevertheless, IPS still has not paid any of the amount now due. In its April 24, 2018, Motion for Enhanced Damages on Remand, WCM expressly pointed out that a substantial portion of judgment against IPS was final, but IPS has paid nothing. ECF No. 799 at 11 n.4. WCM then sent a letter to IPS's counsel on August 27, 2018—over three weeks ago—identifying the specific amounts due in chart form and requesting that IPS pay the undisputed portion of the judgment "without involving the [C]ourt." WCM's counsel again asked IPS's counsel for an answer on September 5, 2018, but IPS waited until September 7, 2018, to respond. While IPS conceded that compensatory infringement damages, costs, prejudgment interest, attorneys' fees, sunset period royalties, and intermediate period compensatory damages were final and undisputed (totaling over

$2 million), IPS asserted—without any explanation and contradicting its prior statements to this Court—that the *unappealed* award for enhanced intermediate period compensatory damages ($406,545) is "still in dispute pending a decision by the District Court relating to enhancement." WCM promptly responded on September 11, 2018, precisely explaining why enhanced intermediate period compensatory damages were final and asked IPS to reconsider its position by September 13, 2018. Moreover, WCM asked IPS to pay at least the rest of the undisputed judgment "without any more delay." And when IPS failed to respond, WCM again contacted IPS's counsel on September 14 to request that "IPS pay the undisputed portion of the judgment by September 21" and to expressly "reserve its right to pursue" enhanced intermediate compensatory damages.

IPS finally responded on September 18, 2018. But rather than offering an explanation for its refusal to pay enhanced intermediate period compensatory damages or a date certain for payment, IPS stated that it was "still reconsidering its position." Even more, IPS insisted for the first time that "in order for IPS to pay WCM what it believes is the undisputed portion of the judgment, it will need a signed order from the Court that decreases the amount of the bond so the money can be released." IPS's reasoning is exactly backwards—the entire point of the bond is to protect WCM's judgment against IPS, and the bond should not be reduced until IPS has paid the undisputed portion of the judgment. Thus, IPS has still not paid even the $2 million that it concedes is now due. Once again, "IPS has demonstrated a lack of urgency in complying" with its obligations (*see* ECF No. 716 at 13-14), and WCM has no choice but to move to enforce liability on the supersedeas bond.

There is no reason to delay execution on any portion of the final and undisputed sums—in fact, this Court has expressly recognized that it cannot stay enforcement of court of appeals' judgements. *Cole v. City of Memphis*, No. 2:13-CV-02117-JPM-DKV, 2017 WL 782929, at *3

(W.D. Tenn. Feb. 28, 2017). But even if a district court had the authority to stay enforcement of any portion of the Federal Circuit judgment, delay here would only allow IPS to continue benefitting from its willful infringement at WCM's expense. The time has come for IPS to pay the the undisputed portion of the judgment, and WCM is further entitled to its attorneys' fees in having to move against the bond to collect its money.

## II.   PROCEDURAL BACKGROUND

WCM commenced this action against IPS on January 9, 2013. After a ten-day jury trial in October 2015, the jury found IPS willfully infringed WCM's U.S. Patent Nos. 8,302,220; 8,321,970; and 8,584,272 with both its Classic and Revised Classic products. ECF No. 454.[1] The jury awarded WCM $1,383,978 in compensatory infringement damages. *Id.* The Court also awarded WCM $2,767,956 in enhanced compensatory damages, $89,902.94 in costs, $71,020 in pre-judgment interest, $60,535.50 in attorneys' fees, $153,476 in sunset royalties, $271,030 in intermediate period compensatory damages, and $406,545 for enhanced intermediate period compensatory damages. *See* ECF Nos. 478, 594, 595, 716, 733, 776.

IPS moved the Court under Fed. R. Civ. P. 62(d) to stay execution of judgment "while this matter is on appeal." ECF No. 619 at 1 ("Defendant moves this Court for a stay of the judgment *pending appeal . . . .*" (emphasis added)). The Court granted IPS's request pending appeal under Rule 62(d), but ordered IPS to post a supersedeas bond, noting that "a supersedeas bond, as opposed to another form of surety, is critical, given that IPS has demonstrated a lack of urgency in complying with orders by the Court." ECF No. 716 at 13-14; *see also* ECF No. 781 (supersedeas bond with Philadelphia Indemnity Insurance Company acting as surety).

---

[1] The Federal Circuit's opinion summarizes WCM's patented technology, as well as the procedural background of this litigation. *See WCM*, 721 F. App'x at 961-965.

IPS appealed the jury's finding that it indirectly infringed WCM's patents with its Revised Classic products, as well as the jury's finding of willful infringement and the Court's enhanced compensatory damages award. IPS did not appeal the jury's finding that it directly and indirectly infringed WCM's patents with its Classic products. *See* ECF No. 799-2. And other than its challenges to indirect infringement with the Revised Classic products and willfulness, IPS did *not* appeal any other aspect of compensatory infringement damages ($1,383,978.00), costs ($89,902.94), prejudgment interest ($71,020.00), attorneys' fees ($60,535.50), sunset period royalties ($153,476.00), intermediate period compensatory damages ($271,030.00), or enhanced intermediate period compensatory damages ($406,545.00).[2] *WCM*, 721 F. App'x at 961; *see also* ECF No. 776.

The Federal Circuit affirmed the jury's finding that IPS indirectly infringed WCM's patents with its Revised Classic products and even reinstated the jury's finding that IPS also *directly* infringed with its Revised Classic products. *WCM*, 721 F. App'x at 969. The appeals court remanded for one purpose only—for this Court to reweigh the egregiousness of IPS's conduct and decide enhancement on pre-verdict damages. *WCM*, 721 F. App'x at 973-74; *see also* ECF Nos. 799, 799-4 (Apr. 10, 2018, Hearing Tr.) at 5:8-10, 6:2-10 (IPS counsel agreeing that the only issue left for this Court to decide on remand is enhancement of pre-verdict damages). Because IPS was unsuccessful in challenging infringement with the Revised Classic products and willfulness, the rest of this Court's judgment—infringement damages, costs, prejudgment interest, attorneys' fees, sunset period royalties, intermediate period compensatory damages, and enhanced intermediate

---

[2] The Court awarded enhanced damages for the intermediate period on December 7, 2016, after IPS filed its appeal brief. ECF No. 776. IPS did not file a new or amended notice of appeal or otherwise contest the award of enhanced damages for the intermediate period during its appeal to the Federal Circuit.

period compensatory damages—is final under the Federal Circuit's mandate and not subject to further appeal. The Federal Circuit's mandate issued on March 14, 2018. ECF No. 785.

Accordingly, it is undisputed that IPS now owes WCM $2,436,487.44, plus applicable post-judgment interest, which WCM calculates to be $56,119.85. WCM provides the following detailed breakdown of the undisputed sums now due under the Federal Circuit's judgment:

| | |
|---|---|
| Compensatory Infringement Damages (ECF Nos. 776, 478) | $1,383,978.00 |
| Costs (ECF No. 776) | $89,902.94 |
| Prejudgment interest (ECF Nos. 776, 595) | $71,020.00 |
| Attorneys' Fees (ECF Nos. 776, 733) | $60,535.50 |
| Sunset period royalties (ECF Nos. 776, 733) | $153,476.00 |
| Intermediate period compensatory damages (ECF Nos. 776, 775) | $271,030.00 |
| Enhanced intermediate period compensatory damages (ECF Nos. 776, 775) | $406,545.00 |
| Post-judgment interest through Sept. 21, 2018 (ECF Nos. 776, 733)[3] | $56,119.85 |
| **Total:** | **$2,492,607.29** |

WCM pointed out in its Motion for Enhanced Damages on Remand that a substantial portion of the judgment against IPS was final, yet IPS paid nothing. ECF No. 799 at 11 n.4.

On August 27, 2018, WCM sent a letter to IPS's counsel identifying the specific amounts now due and requesting that IPS pay the undisputed portion of the judgment "without involving the [C]ourt." Indeed, WCM included the same chart breakdown provided above, except with post-

---

[3] WCM calculated post-judgment interest on the undisputed portion of the judgment using the same rate that this Court previously used in its Second Final Amended Judgment (.82%), compounded annually, through September 21, 2018. ECF No. 776 at 2 n.1; *see also* ECF No. 733 at 13 n.2. WCM did *not* include the post-judgment interest previously awarded by the Court on the enhanced compensatory damages. *See* ECF No. 776.

judgment interest calculated through September 1, 2018. WCM's counsel asked IPS's counsel again for an answer on September 5, 2018, but IPS waited until September 7, 2018, to respond. IPS conceded that compensatory infringement damages, costs, prejudgment interest, attorneys' fees, sunset period royalties, and intermediate period compensatory damages were final and now due—over $2 million. Yet IPS asserted—without any explanation—that the *unappealed* award for enhanced intermediate period compensatory damages ($406,545) is "still in dispute pending a decision by the District Court relating to enhancement."

WCM promptly responded on September 11, 2018, precisely explaining why enhanced intermediate period compensatory damages were final and asked IPS to reconsider its position by September 13, 2018. In particular, WCM explained that "IPS never appealed the enhanced damages for the intermediate period, which the district court awarded on December 7, 2016 (ECF No. 776), after IPS filed its appeal brief." WCM further noted that "the award of enhanced intermediate period damages is outside the scope of the remand, which has been confirmed numerous times during the recent proceedings in the district court." WCM also identified IPS's representation to this Court that the only issue for the Court to decide is the amount of enhanced damages on the original compensatory damage award (ECF No. 799-4, Tr. 5:8-10, 6:2-10), as well as its statement that "[t]he assessment of IPS's conduct during the intermediate period is irrelevant for this remand proceeding." ECF No. 805 at 10. WCM asked IPS to reconsider its position and respond by September 13, 2018. Moreover, WCM asked IPS to pay at least the rest of the undisputed judgment "without any more delay." When IPS failed to respond, WCM again contacted IPS's counsel on September 14, 2018, to request that "IPS pay the undisputed portion of the judgment by September 21" and to expressly "reserve its right to pursue" enhanced intermediate damages.

IPS delayed responding until September 18, 2018. Instead of explaining why it would not pay enhanced intermediate period compensatory damages or providing a date for payment, IPS stated that it was "still reconsidering its position." And IPS gave a new excuse for its delay in paying even the $2 million, insisting that, "in order for IPS to pay WCM what it believes is the undisputed portion of the judgment, it will need a signed order from the Court that decreases the amount of the bond so the money can be released."

Thus, the full balance of the now undisputed portion of the final judgment—including enhanced intermediate period compensatory damages—remains unsatisfied. Given IPS's unjustified delay and attempts to reduce the total, WCM has no choice but to move to enforce liability on the supersedeas bond.

## III.  ARGUMENT

### A.  IPS has already admitted that intermediate period compensatory damages are final

IPS's newest assertion—which it still has not explained—that intermediate period compensatory damages are not final is troubling for several reasons. As an initial matter, IPS never appealed the enhanced damages for the intermediate period, which the Court awarded on December 7, 2016 (ECF No. 776), after IPS filed its appeal brief. IPS did not file a new or amended notice of appeal or otherwise contest the award of enhanced damages for the intermediate period. IPS never mentioned the intermediate period enhancement in its briefs to the Federal Circuit or at oral argument. That portion of the judgment, like the award of intermediate compensatory damages itself, is final and no longer open to dispute. *See* Fed. R. App. P. 4(a) (requiring a notice of appeal to be filed within 30 days after entry of judgment or order appealed from).

Moreover, the award of enhanced intermediate period damages is outside the scope of the remand, which has been confirmed numerous times during the recent proceedings before this

Court. The Federal Circuit vacated the Court's "award of maximum enhanced damages" and remanded the case. But this obviously does not refer to the Court's 2.5 times enhancement[4] of the intermediate compensatory damages, which was less than the maximum and not raised during the appeal at all. *See Amado v. Microsoft Corp.*, 517 F.3d 1353, 1360 (Fed. Cir. 2008) (holding the Federal Circuit mandate rule, "issues actually decided on appeal—those within the scope of the judgment appealed from, minus those explicitly reserved or remanded by the court—are foreclosed from further consideration" (citation omitted)). And during the telephone status conference with the Court on April 11, 2018, counsel for IPS agreed that the only issue for the Court to decide is the amount of enhanced damages on the original compensatory damage award. ECF No. 799-4, Tr. 5:8-10, 6:2-10. In WCM's motion for enhanced pre-verdict damages on remand, it expressly reiterated this point, telling the Court that IPS never appealed the enhanced damages for the intermediate period, and that the only issue on remand was enhancement of pre-verdict damages. ECF No. 799 at 2 n.1. IPS did not dispute this statement in its opposition or sur-reply. In fact, in opposing WCM's motion for enhanced pre-verdict damages on remand, IPS represented to the Court that "[t]he assessment of IPS's conduct during the intermediate period is *irrelevant for this remand proceeding*." ECF No. 805 at 10 (emphasis added).

IPS had a choice—it could have appealed this Court's enhancement of intermediate period compensatory damages. Instead, IPS limited its appeal to challenging infringement with the Revised Classic products, willfulness, and *pre-verdict* enhancement. But the Federal Circuit affirmed willfulness and that IPS directly and indirectly infringed with the Revised Classic

---

[4] The Federal Circuit vacated this Court's trebling of pre-verdict damages after finding that not all *Read* factors were addressed. *WCM*, 721 F. App'x at 972-73. But his Court addressed each and every *Read* factor in awarding 2.5 times enhancement for the intermediate period. *See* ECF No. 775. And IPS never appealed that portion of the judgment.

products. *WCM*, 721 F. App'x at 973-74. And now, the portion of this Court's judgment awarding enhanced intermediate compensatory damages is final, not appealable, and not within the scope of the remand. Indeed, it would be contrary to the Federal Circuit's mandate for the Court to re-open the enhanced intermediate period damages now. Thus, the $406,545 in enhanced damages for the intermediate period is final and now due. IPS should not be rewarded for yet another delay tactic.

**B.    The stay resulting from IPS's posting of the supersedeas bond under Rule 62(d) has expired, and IPS may not seek a further stay**

Federal Rule of Civil Procedure 62(d) provides that, "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond," and "[t]he stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d). "The purpose of requiring a supersedeas bond to be posted is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Beatrice Foods Co. v. New England Printing & Lithographing Co.*, 930 F.2d 1572, 1574 (Fed. Cir. 1991) (emphasis added). Accordingly, the stay in effect pursuant to Rule 62(d) automatically expires when the circuit court of appeals issues its mandate. *See, e.g.*, *Cole*, 2017 WL 782929, at *3 ("The Court agrees that its stay expired when the Sixth Circuit issued its mandate; to find otherwise would permit district courts to stay Court of Appeals decisions whether or not they affirmed or reversed the district court on the district court's whim that the Supreme Court may grant the party's petition.").

Here, once the Federal Circuit's mandate issued (*see* ECF No. 785), "the court of appeals judgment supersedes the district court judgment and becomes the controlling or operative judgment."[5] *Ventas, Inc. v. HCP, Inc.*, No. 3:07-CV-238, 2011 WL 3678819, at *1 (W.D. Ky. Aug. 22, 2011). And this Court cannot stay enforcement of the Federal Circuit's judgment:

---

[5] On December 1, 2018, Rule 62 will be amended to provide that a stay resulting from the posting of a supersedeas bond "remains in effect for the time specified in the bond or other security." *See* April 26, 2018, Proposed Amendments to the Federal Rules of Civil Procedure at 13, *available at*

> It is one thing for a district court to grant a stay of its own judgment under Rule 62(d) pending the resolution of an appeal to the Court of Appeals. . . . It is quite another thing for [a district] court to grant a motion to stay under the present circumstances. The district court judgment has been superseded by the judgment of the Court of Appeals, even though the latter affirms the district court judgment in all respects.

*Cole*, 2017 WL 782929, at *3 (citing *William A. Graham Co. v. Haughey*, 794 F. Supp. 2d 566, 568-69 (E.D. Pa. 2011)).

But even if this Court had authority to stay execution of the Federal Circuit's judgment on the final and undisputed sums—or even if this Court's previous stay were somehow still in effect—further delay is unwarranted. In asking the Court to stay execution of judgment under Rule 62(d), IPS specifically limited itself to the time "while this matter is on appeal." ECF No. 619 at 1 ("Defendant moves this Court for a stay of the judgment *pending appeal* . . . ." (emphasis added)); *see also* ECF No. 781, Ex. 1 (surety bond, attesting that IPS "desires to suspend execution of said judgment *pending such appeal*" (emphasis added)). Allowing IPS to backtrack on those assurances now and further delay payment on any portion of the final judgment will only reward its willful infringement of WCM's intellectual property rights by allowing IPS to profit from money that it undisputedly owes to WCM.

It does not matter that enhancement on pre-verdict damages is still under consideration *See* ECF No. 799. Once this Court reaches a decision on that narrow issue, those enhanced damages can be addressed separately, along with the applicable post-judgment interest. But IPS should not be allowed to hold any portion of the undisputed $2,436,487.44—plus applicable post-judgment

---

https://www.supremecourt.gov/orders/courtorders/frcv18_5924.pdf. As an initial matter, this amendment has not yet taken effect, so it does not apply here. But in any event, there is no language in IPS's bond supporting the notion that the stay was ever intended to extend beyond the issuance of the Federal Circuit's mandate. Instead, IPS's bond references that IPS "desires to suspend exaction of said judgment pending such *appeal*," not *appeals*. ECF No. 781 at Ex. 1 (emphasis added).

interest—hostage until pre-verdict enhancement is resolved. *Cf. Vodanovich v. Boh Bros. Const. Co.*, Civ. No. 05-4191, 2015 WL 2229270, at *5 (E.D. La. May 11, 2015) (ordering a writ of execution on an uncontested portion of the judgment, even though a portion of the judgment was still disputed and subject to appeal). In light of IPS's unsuccessful challenges to infringement with the Revised Classic products and willfulness, that part of the Court's judgment—compensatory infringement damages, costs, prejudgment interest, attorneys' fees, sunset period royalties, intermediate period compensatory damages, and enhanced intermediate period compensatory damages—is now final under the Federal Circuit's mandate and not subject to further appeal. In other words, there is no risk to IPS that the $2,436,487.44 and accompanying post-judgment interest will be reduced by the Court's future ruling on pre-verdict enhancement or by subsequent appeals. In contrast, there is no mechanism that would make WCM whole in the event that any portion of the payment is further delayed. While WCM is entitled to post-judgment interest, the statutory interest is significantly below the rate of return that WCM would expect were it able to use or invest the money now owed by IPS.

**C.      In light of IPS's refusal to pay the undisputed amounts owed pursuant to the judgments, the Court should immediately enforce liability on the bond**

A party may enforce a surety's liability on a supersedeas bond "under either Rule 65.1's summary procedure or through an independent action [pursuant to 28 U.S.C. § 1352.]" *Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1054 (9th Cir. 2000). WCM has asked IPS to pay the undisputed portion of the judgment rather than needlessly expend judicial resources, but IPS continues to stall and argue—without any justification—that enhanced intermediate compensatory damages are not final, and that the bond should be reduced *before* it pays. As for the last point, IPS has it exactly backwards—the entire point of the bond is to protect WCM's judgment against IPS, and the bond should not be reduced until IPS has fulfilled its obligations, especially given that

11

"IPS has demonstrated a lack of urgency in complying" with its obligations. ECF No. 716 at 13-14. Thus, WCM respectfully moves this Court to enforce the bond posted by IPS pursuant Fed. R. Civ. P. 65.1 (Proceedings Against a Surety), which provides:

> Whenever these rules . . . require or allow a party to give security, and security is given through a bond or other undertaking with one or more sureties, each surety submits to the court's jurisdiction and irrevocably appoints the court clerk as its agent for receiving service of any papers that affect its liability on the bond or undertaking. *The surety's liability may be enforced on motion without an independent action.* The motion and any notice that the court orders may be served on the court clerk, who must promptly mail a copy of each to every surety whose address is known.

Fed. R. Civ. P. 65.1 (emphasis added).

Rule 65.1 thus allows judgment creditors "to collect on the supersedeas bond by merely filing a motion." *Celotex Corp. v. Edwards*, 514 U.S. 300, 312 (1995); *see also Aerotrade, Inc. v. Republic of Haiti*, 399 F. Supp. 618, 619 (S.D.N.Y. 1975) ("Rule 65.1 contemplates a summary procedure by parties entitled to recover damages from a surety.").

To collect on the supersedeas bond under Rule 65.1, the judgment creditor "must show that: (1) the supersedeas bond consists of sureties as contemplated under Rule 65.1; and (2) the Federal Circuit has entered final judgment in [the judgment creditor's] favor and issued its mandate." *Apple Inc. v. Samsung Elecs. Co.,* No. 11-CV-01846, 2015 WL 8477855, at *6 (N.D. Cal. Dec. 9, 2015) (citing *Astro-Med, Inc. v. Plant*, CA 06-533 ML, 2010 WL 537101, at *5 (D.R.I. Feb. 12, 2010) (granting Rule 65.1 motion)).

As to the first requirement, IPS posted its supersedeas bond on December 14, 2016, pursuant to Rule 62(d). ECF No. 781 at Ex. 1; *see also* ECF No. 619 at 1 ("[IPS], by and through counsel, and, pursuant to Fed. R. App. P. 8(a) and Fed. R. Civ. P. 62(d), moves this Court for a stay of execution of the judgment entered in this case while this matter is on appeal."); ECF No. 716 at 13-14 (condition stay on the execution of a supersedeas bond pursuant to Rule 62(d)). IPS

posted its bond to stay enforcement of the Second Final Amended Judgment (ECF Nos. 776, 781), thereby bringing it squarely within the scope of Rule 65.1 Indeed, "[a] bond posted pursuant to Rule 62(d) falls within the scope of Rule 65.1." *Apple*, 2015 WL 8477855, at \*6. Moreover, by its terms, the bond remains in full force and effect given IPS's failure to satisfy the full undisputed judgment against it. *See* ECF No. 781 at Ex. 1 (the bond will "remain in full force and effect" unless IPS pays "*all* such damages, interest and costs as may be awarded against it on such appeal" (emphasis added)).

As to the second requirement, the Federal Circuit issued a judgment in WCM's favor on IPS's willful infringement with both the Classic and Revised Classic products, and the mandate has already issued. *See WCM*, 721 F. App'x at 967, 973-74; ECF No. 785. IPS made no other challenges on appeal to compensatory infringement damages, costs, prejudgment interest, attorneys' fees, sunset period royalties, intermediate period compensatory damages, or enhanced intermediate period compensatory damages. Thus, pursuant to the appellate court's mandate, IPS undisputedly owes WCM $2,436,487.44, plus applicable post-judgment interest, which WCM calculates to be $56,119.85.[6]

### D.   WCM is entitled to its attorneys' fees in enforcing liability on the bond

Despite weeks of correspondence and consideration, IPS still has not paid any of the undisputed portion of the judgment against it. Indeed, IPS still has not provided a single reason why it should not have to pay $406,545 in enhanced intermediate compensatory damages, which it *never appealed*. Nor can it justify why the Court should first reduce the bond *before* IPS pays any of the judgment. This Court has the inherent authority to sanction bad-faith conduct, as well

---

[6] Once IPS pays the full amount of this undisputed and final judgment, the parties can file a stipulation reducing this portion of the bond.

as conduct that is tantamount to bad faith. *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980)); *see also First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511-512 (6th Cir. 2002). Bad faith, in turn, is associated with conduct that is intentional or reckless. *See Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008). IPS's continuing delay in paying any of the judgment against it, as well as its baseless assertion that enhanced intermediate compensatory damages are not final, in direct contradiction of its past representations to this Court, amounts to bad faith. IPS has needlessly expended both WCM's resources and the Court's resources. It is within this Court's discretion and inherent authority to award WCM its attorneys' fees in moving to enforce liability on the bond, and such an award is necessary to deter similar conduct in the future.

## IV.    CONCLUSION

In sum, WCM respectfully requests that the Court issue an order enforcing liability on the bond, and directing Philadelphia Indemnity Insurance Company to immediately pay WCM the undisputed portion of the final judgment, with post-judgment interest, in the total sum of $2,492,607.29 as of September 21, 2018. Additionally, WCM respectfully requests that the Court award attorneys' fees for IPS's bad-faith refusal to pay the undisputed money that it owes.

DATED: September 21, 2018        Respectfully submitted,

/s/ J. Michael Jakes
J. Michael Jakes
Kathleen A. Daley
Jason L. Romrell
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001-4413
Telephone: (202) 408-4000
Facsimile: (202) 408-4400
E-mail address: mike.jakes@finnegan.com
E-mail address: kathleen.daley@finnegan.com
E-mail address: jason.romrell@finnegan.com

Glen Reid, Jr.
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Drive, Suite 800
Memphis, Tennessee 38120-4367
Telephone: (901) 537-1000
Facsimile: (901) 537-1010
E-mail address: greid@wyattfirm.com

Ian R. Walsworth
LEWIS BRISBOIS BISGAARD & SMITH
1700 Lincoln Street, Suite 4000
Denver, Colorado 80203
Telephone: (303) 861-7760
Facsimile: (303) 861-7767
Email address: ian.walsworth@lewisbrisbois.com

*Attorneys for Plaintiff*
WCM INDUSTRIES, INC.

## CERTIFICATE OF CONSULTATION

Pursuant to Local Rule 7.2(a)(1)(B), undersigned counsel for WCM, J. Michael Jakes, communicated with counsel for IPS, David Silvia, on multiple occasions by letter and email as set forth in the motion, but no agreement was reached as to all issues in dispute or on the action requested by this motion.


/s/ J. Michael Jakes

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 21, 2018, the foregoing was electronically filed through the CM/ECF system, which will send Notifications of Electronic Filing to the following:

Bruce S. Kramer
APPERSON CRUMP PLC
6070 Poplar Avenue, Suite 600
Memphis, Tennessee 38119
bkramer@appersoncrump.com

Bruce J. Rose
Scott Benjamin Pleune
Stephen R. Lareau
ALSTON & BIRD LLP
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280-4000
bruce.rose@alston.com; ben.pleune@alston.com;
stephen.lareau@alston.com

David J. Silvia
McCarter & English
One Canterbury Green
201 Broad Street
Stamford, Connecticut 06901
dsilvia@mccarter.com

/s/ J. Michael Jakes
J. Michael Jakes